UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KARL HOGFELDT | : | NO.: 3:01 CV 1979 (WWE) |
| | : | |
| v. | : | |
| | : | |
| OLD SAYBROOK P.D., ET AL | : | NOVEMBER 15, 2003 |

**DEFENDANTS'**
**MOTION FOR SUMMARY JUDGMENT**

Pursuant to Fed. R. Civ. P. 56(c), the defendants, TOWN OF OLD SAYBROOK, OLD SAYBROOK POLICE DEPARTMENT, SERGEANT DONALD HULL, PATROLMAN JAY RANKIN, PATROLMAN CHRIS DEMARCO and PATROLMAN DAVID PERROTTI, hereby move the Court for summary judgment in their favor as to each and every allegation contained within plaintiff's Complaint.

As more particularly set forth in the attached Memorandum of Law in support of this motion, the defendants offer:

1. Plaintiff's claim against the "Old Saybrook Police Department" fails as a matter of law as municipal police departments are not legal entities amendable to suit;

2. Plaintiff's claim based on excessive force under the Fifth and Fourteenth Amendments fail as a matter of law as those Amendments do not provide the proper vehicle for redress of an excessive force claim in this case;

3. The defendants are protected from any claims for excessive force under the Fourth Amendment by the doctrine of qualified immunity;

4. Plaintiff's claims against the defendants, Patrolman Rankin, Patrolman DeMarco, and Patrolman Perrotti, fail as a matter of law, as these defendants were not present during the claimed incident;

5. No evidence exists to support plaintiff's claim against the Town of Old Saybrook that the Town engaged in a policy, practice or

    custom of failing to properly train its police officers, which alleged practice rose to the level of deliberate indifference on the part of the Town;

6. Plaintiff's state law claim sounding in assault and battery fails as a matter of law as the amount of force used was both reasonable under the circumstances and authorized by state statute. Indeed, the evidence shows it was the plaintiff, himself, that caused his injury;

7. Any claim for indemnification pursuant to C.G.S. §7-465 fails as a matter of law as the plaintiff cannot maintain this claim if summary judgment is granted in favor if the individual defendants.

As required by D.Conn.L.Civ.R.7 and 56, a memorandum of law and a statement of material facts not in dispute with exhibits have been simultaneously filed with this Motion.

WHEREFORE, the defendants pray that this Court grant their Motion for Summary Judgment.

THE DEFENDANTS,
OLD SAYBROOK POLICE DEPARTMENT, SERGEANT DONALD HULL, PATROLMAN DAVID PERROTTI, PATROLMAN CHRIS DEMARCO, PATROLMAN JAY RANKIN AND THE TOWN OF OLD SAYBROOK

/s/ John J. Radshaw, III
Thomas R. Gerarde, ct05640
John J. Radshaw, III, ct19882
HOWD & LUDORF
65 Wethersfield Avenue
Hartford, CT  06114
(860) 249-1361

## **CERTIFICATION**

     This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail to the following counsel of record this 15th day of November 2003.

Bruce E. Newman, Esquire
Newman, Creed & Associates
99 North Street, Route 6
P.O. Box 575
Bristol, CT 06011

A. Paul Spinella, Esquire
Spinella & Associates
One Lewis Street
Hartford, CT 06103

                                                  <u>/s/ John J. Radshaw, III</u>
                                                  Thomas R. Gerarde
                                                  John J. Radshaw, III