UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KARL HOGFELDT | : | NO.: 3:01 CV 1979 (WWE) |
| | : | |
| v. | : | |
| | : | |
| OLD SAYBROOK P.D., ET AL | : | NOVEMBER 15, 2003 |

**DEFENDANTS' LOCAL RULE 56(C)(1) STATEMENT IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT DATED NOVEMBER 15, 2003**

Pursuant to Fed. R. Civ. P. 56(c) and D. Conn. L. Civ. R. 56, the defendants submit the following Statement of Material Facts Not In Dispute in support of their Motion for Summary Judgment dated November 15, 2003.

1. The plaintiff, Karl Hogfeldt ("Hogfeldt"), was, and still is, a citizen of the United States. Complaint, ¶1.

2. The defendants Sergeant Donald Hull, Patrolman Chris DeMarco, Patrolman Jay Rankin, and Patrolman David Perrotti, were duly appointed police officers with the Town of Old Saybrook at the time of the incident alleged in the Complaint. Complaint, ¶¶ 2, 3, 4, 5.

3. The defendant, Town of Old Saybrook, is a municipal corporation organized under the laws of Connecticut, with its own police department. Complaint, ¶ 6.

4. On October 21/22, 1999, Sergeant Hull worked the "midnight" or 11pm to 7am shift with Patrolman Rankin and Patrolman Perrotti. Ex. D, Dep. Hull, pp. 22-3, 37-8; Ex. G, Aff. Perrotti, ¶4, Ex. H, Dep. Perrotti, pp. 12-6, 17, 23-4, 68-9.

5. On October 21, 1999, Patrolman DeMarco worked the "evening" or 4pm to 11pm shift and was off-duty when Sergeant Hull returned to the Old Saybrook Police Headquarters with Hogfeldt in custody. Ex. E, Aff. DeMarco, ¶ 8; Ex. F, Dep. DeMarco, pp. 17, 19-20, 38-9.

6. On October 22, 1999, at approximately 12:00 a.m., Sergeant Hull made a stop of a vehicle operated by Hogfeldt, after witnessing the vehicle's erratic operation and excessive speed. Ex. C, Police Report; Ex. D, Dep. Hull, pp. 39-40, 41-2, 49-50, 52.

7. Upon approaching the vehicle and engaging Hogfeldt in conversation, Sergeant Hull noted a strong smell of alcohol emanating from his breath. Exhibit C, Police Report. Ex. C, Police Report; Ex. D, Dep. Hull, pp. 39-40, 41-2, 49-50, 52.

8. After Hogfeldt stepped out of the car he had to lean up against the car to maintain his balance. Ex. C, Police Report; Ex. D, Dep. Hull, pp. 39-40, 41-2, 49-50, 52.

9. Sergeant Hull noted that Hogfeldt was slurring his words together as he spoke, and presented himself with glassy and bloodshot eyes. Ex. C, Police Report; Ex. D, Dep. Hull, pp. 39-40, 41-2, 49-50, 52.

10. Mr. Hogfedlt was uncooperative, and refused to perform field sobriety tests. Ex. C, Police Report; Ex. D, Dep. Hull, pp. 39-40, 41-2, 49-50, 52.

11. Patrolman Rankin arrived at the scene in time to witness Mr. Hogfeldt refuse the field sobriety tests. Ex. C, Police Report; Ex. D, Dep. Hull, pp. 39-40, 41-2, 49-50, 52.

12. After Hogfeldt refused to perform additional field sobriety tests, Hogfeldt walked away from Sergeant Hull. Ex. C, Police Report; Ex. D, Dep. Hull, pp. 39-40, 41-2, 49-50, 52.

13. As Hogfeldt began to walk away, Sergeant Hull grabbed him by his left arm. Hogfeldt exclaimed, "don't touch me" and attempted to pull away. Mr. Hogfeldt was then handcuffed and placed under arrest. Ex. C, Police Report; Ex. D, Dep. Hull, pp. 39-40, 41-2, 49-50, 52.

14. Sergeant Hull transported Mr. Hogfeldt to the Old Saybrook Police Department. Exhibit B, Police Report. Ex. C, Police Report; Ex. D, Dep. Hull, pp. 50-52.

15. After Sergeant Hull took custody of Hogfeldt and left the motel to transport Hogfeldt to the Old Saybrook Police Department, Patrolman Rankin returned to his patrol duties. Ex. B, Aff. Hull, ¶12.

16. Once inside the interview room, Sergeant Hull removed the handcuffs and asked Mr. Hogfeldt to empty his pockets onto the table, at least three times. Mr. Hogfeldt refused each time, and became increasingly upset. Ex. B, Aff. Hull, ¶13; Ex. C, Police Report; Ex. D, Dep. Hull, pp. 53-9, 63-4.

17. Sergeant Hull reached over to remove Mr. Hogfeldt's glasses from his shirt pocket. Mr. Hogfeldt pushed Sergeant's arms away, warning him to stay away. Ex. C, Police Report; Ex. D, Dep. Hull, pp. 53-9, 63-4.

18. Sergeant Hull took a hold of Mr. Hogfeldt's left arm and put it behind his back, holding Mr. Hogfeldt against the back interview room wall while the Sergeant checked his pockets. Ex. B, Aff. Hull, ¶10-20; Ex. C, Police Report; Ex. D, Dep. Hull, pp. 53-9, 63-4.

19. During this search, Sergeant Hull released Mr. Hogfeldt's left arm, as Mr. Hogfeldt relaxed himself somewhat. Sergeant Hull still kept his left hand on Mr. Hogfedlt's left elbow during this time. Ex. B, Aff. Hull, ¶10-20; Ex. C, Police Report; Ex. D, Dep. Hull, pp. 53-9, 63-4.

20. Just as Sergeant Hull reached into Mr. Hogfeldt's front right pocket, Mr. Hogfeldt yelled "get out of there" and quickly pulled away moving to his left. Ex. B, Aff. Hull, ¶10-20; Ex. C, Police Report; Ex. D, Dep. Hull, pp. 53-9, 63-4.

21. As he pulled away, Mr. Hogfeldt fell face first into the wall to his left. Mr. Hogfeldt did not fall to the ground, but placed both hands on this wall. Ex. B, Aff. Hull, ¶10-20; Ex. C, Police Report; Ex. D, Dep. Hull, pp. 53-9, 63-4.

22. Sergeant Hull attempted to look at Mr. Hogfeldt's face, but Mr. Hogfeldt again pulled away, falling to his knees, and leaning over a chair. Ex. B, Aff. Hull, ¶10-20; Ex. C, Police Report; Ex. D, Dep. Hull, pp. 53-9, 63-4..

23. Hogfeldt does not remember what happened when he was in the first interview room. Ex. A, Dep. Hogfeldt, pp. 55-8, 68.

24. Hogfeldt only remembers waking up on the floor of the interview room. Ex. A, Dep. Hogfeldt, pp. 55-8, 68.

25. Hogfeldt remembers hitting the wall, but does not know how that occurred. Ex. A, Dep. Hogfeldt, pp. 55-8, 68.

26. Hogfeldt admits attempting to smear his blood on a officer wearing a white uniform shirt. Ex. A, Dep. Hogfeldt, pp. 58.

27. Patrolman Perrotti and Patrolman DeMarco came into the interview room to assist Sergeant Hull. Ex. B, ¶20; Ex. F, Dep. DeMarco, pp. 21-3, 24, 26-7; Ex. H, Aff. Perrotti, pp. 44, 49, 68-9.

28. Patrolman Perrotti was working at the police department front desk during the time Hull and Hogfeldt were in the interview room. Ex. H, Dep. Perrotti, pp. 12-16, 17, 44, 49, 68-9.

29. Patrolman DeMarco was off-duty and at his desk completing paperwork. Ex. F, Dep. DeMarco, pp. 17, 19-23, 26, 38-9.

30. Sergeant Hull applied gauze to Mr. Hogfeldt's nose until the bleeding stopped. Hogfeldt refused ice packs, or other medical attention. Ex. B, Police Report; Ex. B, Aff. Hul, ¶¶22-23.

31. Sergeant Timothy McDonald is the training officer for the Town of Old Saybrook Police Department. Ex. J, Aff. of McDonald, ¶4.

32. In connection with his duties as training officer, Sergeant McDonald is responsible for maintaining the training records for all police officers employed by the Town of Old Saybrook. Ex. J, Aff. of McDonald, ¶¶4-5.

33. Sergeant Hull, Officer DeMarco, Officer Perrotti and Officer Rankin, completed training at the Connecticut State Police Academy (POST). Ex. J, Aff. of McDonald, ¶¶6, 7.

34. While at the Police Academy, the defendant officers received training in, among other topics, human relations and use of force. Ex. J, Aff. of McDonald, ¶¶6, 7.

35. Prior to 2000, the defendant officers were required to attend approximately (40) forty hours of training in job related subjects within a three-year period to re-certify. Ex. J, Aff. of McDonald, ¶8. In July of 2002, this requirement was increased to (60) sixty hours. Ex. J, Aff. of McDonald, ¶9.

36. Prior to October 21, 1999, the defendant officers attended supplemental training courses as part of their pre-certification requirement dealing with laws of arrest, and use of force. Ex. J, Aff. of McDonald, ¶10.

37. At the time of this incident, the Town of Old Saybrook police department had a written police policy concerning, *inter alia*, use of force, custody of prisoners and detention /holding area operations. Ex. J, Aff. McDonald, ¶13-4. Said polices are set forth in Rules and Regulations, 36.01, 36.02, 56.06. Ex. K, Excerpts of OSPD Regulations.

38. Sergeant Hull has had no civilian complaints filed against him at any time. Ex. J, Aff. of McDonald, ¶11.

39. Edmund Mosca is the Chief of the Town of Old Saybrook Police Department. Ex I, Aff. Mosca, ¶3.

40. In the past five years, other than the present suit, the Town of Old Saybrook has not had one claim of excessive force made against the Town. Ex. I, Aff. Mosca, ¶5.

    RESPECTFULLY SUBMITTED,

    THE DEFENDANTS,
    OLD SAYBROOK POLICE DEPARTMENT, SERGEANT DONALD HULL, PATROLMAN DAVID PERRROTTI, PATROLMAN CHRIS DEMARCO, PATROLMAN JAY RANKIN and THE TOWN OF OLD SAYBROOK

        /s/ John J. Radshaw, III
        Thomas R. Gerarde, ct05640
        John J. Radshaw, III, ct19882
        HOWD & LUDORF
        65 Wethersfield Avenue
        Hartford, CT  06114
        (860) 249-1361
        (860) 249-7665 (fax)

## **CERTIFICATION**

      This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail to the following counsel of record this 15th day of November 2003.

Bruce E. Newman, Esquire
Newman, Creed & Associates
99 North Street, Route 6
P.O. Box 575
Bristol, CT 06011

A. Paul Spinella, Esquire
Spinella & Associates
One Lewis Street
Hartford, CT  06103

        /s/ John J. Radshaw, III
        Thomas R. Gerarde
        John J. Radshaw, III