FILED

2003 DEC -8 P 12: 20

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **KARL HOGFELDT**<br>**Plaintiff** | : | CIVIL ACTION NO.<br>3:01 CV 1979 (WWE) |
| vs. | : | |
| **OLD SAYBROOK POLICE DEPARTMENT**<br>**SERGEANT DONALD HULL; PATROLMAN**<br>**DAVID PERROTTI; PATROLMAN CHRIS**<br>**DEMARCO; PATROLMAN JAY RANKIN;**<br>**EACH INDIVIDUALLY AND AS POLICE**<br>**OFFICERS AND MEMBERS OF THE OLD**<br>**SAYBROOK POLICE DEPARTMENT; AND**<br>**THE TOWN OF OLD SAYBROOK OF**<br>**OLD SAYBROOK** | : | DECEMBER 4, 2003 |

**MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

The Plaintiff in the above-referenced matter hereby represents:

1. That the Defendant has filed a Motion for Summary Judgment dated November 15, 2003;

2. This is a case involving a claim of police misconduct against the Old Saybrook Police Department including claims of excessive force of an outrageous nature against a homeless man who sustained a broken nose,

-1-

broken ribs, a broken arm, and multiple other injuries while in the exclusive custody of three Old Saybrook police officers for a period of several hours in police headquarters;

3. The Defendant has completed its depositions of fact witnesses before the Plaintiff because of the Defendant's refusal to allow discovery to go forward until it had completed first;; although the Plaintiff has substantially completed his depositions, he has not completed this task;

4. Moreover, the Plaintiff has retained two expert witnesses - a State Medical examiner and an expert on police policy and procedures. Although, these experts have been disclosed, their reports have not been completed because all discovery material (such as depositions) have not been made available to them since discovery has not been completed;

5. The parties have recently requested an extension of the discovery and expert witness disclosure which has been granted until February 15, 2004, and dispositive motions fling of March 15, 2004;

6. Consistent with the foregoing, the Plaintiff needs to avail himself of discovery procedures and expert witness opinion in order to adequately

demonstrate the existence of genuine issues of material fact;

7. This is particularly true in this case where the misconduct alleged was not witnessed by any person not a party to this action;

8. Accordingly, pursuant to Federal Rules of Civil Procedure 56 (f) the Plaintiff requests leave of the court to extend the period of time to respond to the Defendant's Motion for Summary Judgment until forty five (45) days following discovery completion of February 15, 2004;

9. The Plaintiff has contacted the Defendant and he has an objection to this request.

**PLAINTIFF,**

BY _____
A. Paul Spinella, Esq.
**Spinella & Associates**
**One Lewis Street**
Hartford, CT 06103
860 728-4900
Federal Bar #: ct00078

**CERTIFICATION**

**THIS IS TO CERTIFY** **that a copy of the** foregoing has been mailed postage pre-paid on this date to:

John Radshaw, Esq.
Howd & Ludorf
65 Wethersfield Avenue
Hartford, CT 06114-1190

Bruce E. Newman, Esq.
Law Offices of Bruce E. Newman, LLC
One High Street
P.O. Box 927
Deep River, CT 06417

_____
A. Paul Spinella, Esq.

-4-