# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KARL HOGFELDT | : | NO.: 3:01 CV 1979 (WWE) |
| | : | |
| v. | : | |
| | : | |
| OLD SAYBROOK P.D., ET AL | : | DECEMBER 9, 2003 |

### DEFENDANTS' OBJECTION TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO RESPOND TO MOTION FOR SUMMARY JUDGMENT

The defendants, TOWN OF OLD SAYBROOK, OLD SAYBROOK POLICE DEPARTMENT, SERGEANT DONALD HULL, PATROLMAN JAY RANKIN, PATROLMAN CHRIS DEMARCO and PATROLMAN DAVID PERROTTI, hereby object to the plaintiff's Motion for Extension of Time dated December 4, 2003 and pray that said Motion is denied. In this instance, the plaintiff's request for additional time is unreasonable, unwarranted and dilatory.

In support of their objection, the defendants offer:

1. The defendants moved for summary judgment on November 15, 2003, the long-standing dispositive motion deadline.

2. Plaintiff's response was due on December 4, 2003

3. On the last day his response was due, plaintiff sought additional time from the undersigned.

4. At that time, the defendants agreed to an extension of time until January 5, 2004 but stated that they would object to any time thereafter.

5. No good faith reason for the extension of time has been presented for this extension of time – to opposing counsel or to the court

6. The plaintiff's request for 73 additional days to respond to summary judgment is unreasonable, unwarranted and seeks only to impose additional cost upon the defendants by additional discovery and by avoiding a resolution of the pending dispositive motion.

7. The plaintiff had months to disclose expert witnesses and he has not.

8. The expert witnesses will have no bearing on the pending motion for summary judgment. Indeed, neither expert was present during the incident and therefore cannot offer any first hand knowledge that might create some issue of material fact.

9. The very expert disclosure filed by the plaintiff, while dated November 12, 2003, was received on December 4, 2003.

10. Said disclosure fails to comply with Fed.R.Civ.P. 26(a)(2) and should be stricken (the subject of a motion filed herewith)

11. The defense of qualified immunity shields government agents "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." McEvoy v. Spencer, 124 F.3d 92, 97 (2d Cir. 1997), *quoting* Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).

12. More importantly, it is more than just a defense; the doctrine of qualified immunity is an immunity from suit. Locurto v. Safir, 264 F.3d at 163. (emphasis added.)

WHEREFORE, the defendants pray that this Court sustain their Objection and deny the plaintiff's Motion for Summary Judgment.

        THE DEFENDANTS,
OLD SAYBROOK POLICE
DEPARTMENT, SERGEANT DONALD
HULL, PATROLMAN DAVID
PERROTTI, PATROLMAN CHRIS
DEMARCO, PATROLMAN JAY
RANKIN AND THE TOWN OF OLD
SAYBROOK

/s/ John J. Radshaw, III
Thomas R. Gerarde, ct05640
John J. Radshaw, III, ct19882
HOWD & LUDORF
65 Wethersfield Avenue
Hartford, CT  06114
(860) 249-1361

## CERTIFICATION

This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail to the following counsel of record this 9th day of December 2003.

Bruce E. Newman, Esquire
Newman, Creed & Associates
99 North Street, Route 6
P.O. Box 575
Bristol, CT 06011

A. Paul Spinella, Esquire
Spinella & Associates
One Lewis Street
Hartford, CT  06103

        /s/ John J. Radshaw, III
Thomas R. Gerarde
John J. Radshaw, III