UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KARL HOGFELDT | : | NO.: 3:01CV1979 (WWE) |
| | : | |
| v. | : | |
| | : | |
| OLD SAYBROOK POLICE DEPARTMENT | : | |
| SERGEANT DONALD HULL; PATROLMAN | : | |
| DAVID PERRROTTI; PATROLMAN CHRIS | : | |
| DEMARCO; PATROLMAN JAY RANKIN; | : | |
| EACH INDIVIDUALLY AND AS POLICE | : | |
| OFFICERS AND MEMBERS OF THE OLD | : | |
| SAYBROOK POLICE DEPARTMENT; AND | : | |
| THE TOWN OF OLD SAYBROOK | : | MAY 28, 2004 |

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF MOTION FOR LEAVE TO SUBMIT UNSIGNED AFFIDAVIT IN SUPPORT OF RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

The defendants, OLD SAYBROOK POLICE DEPARTMENT, SERGEANT DONALD HULL, PATROLMAN DAVID PERROTTI, PATROLMAN CHRIS DEMARCO, PATROLMAN JAY RANKIN and THE TOWN OF OLD SAYBROOK, submit the following memorandum of law in opposition to plaintiff's motion for leave to submit unsigned affidavit in support of response to defendants' motion for summary judgment dated May 18, 2004. Simply put, the plaintiff's motion has no basis in law or fact and should be promptly denied.

In his motion, the plaintiff offers to submit an affidavit of fact in opposition of summary judgment that is unsigned, and unsworn. Further, the plaintiff claims he is able to provide a signed affidavit when he locates a previously unlocatable witness.

This ridiculous effort should be rejected. The party opposing summary judgment, "may not rest upon mere allegations or denials on his pleadings, but…must set forth specific facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). The nonmoving parties are required to go beyond the pleadings by way of affidavits, depositions and answers to interrogatories in order to demonstrate specific material facts which give rise to a genuine issue. Selotex Corp. v. Catrett, 477 U.S. 317, 324 (1986) when Fed. R. Civ. P. 56(e) shifts the burden of proof to the nonmoving party that party must produce evidence to show the existence of every element that bears the burden of proving at trial. Equimark Commercial Finance Co. v. C. I. T. Financial Services Corp, 812 F.2d 141, 144 (3d Cir. 1987). Before evidence is submitted in support of, or in opposition to, a motion for summary judgment, such evidence must be presented in a manner consistent with its admissibility at trial. See First National Bank of Clinton, Ill v. Insurance Co. of North American, 606 F.2d 760, (7th Cir. 1979), unsworn statements of the parties, letters addressed to litigants from third persons and hearsay which does not fall under norm or the exceptions listed in Rules 803-805 of the Federal Rules of Evidence, may not properly considered. See Adickes v. S. H. Kress Co., 398 U. S. 144 (1970); Beyene Co. v. Coleman Security Services, Inc., 854 F.2d 1179 (9th Cir. 1988); Edward B. Marks Music Corp v. Stasny Music Corp, 1 F.R.D. 720 (S.D.N.Y. 1941).

    The unsigned and unsworn affidavit is simply not admissible evidence. It cannot be admissible evidence unless and until it is properly executed. More importantly, the plaintiff has had months to locate, depose or otherwise discover what admissible evidence that the Mr. White has as it relates to its case. See also Schacht TV

<u>Wisconsin Dept of Correction</u>, *175 F.3d 497, 503-04 (7th Cir. 1997)* (noting summary is the "put up or shut up moment in a lawsuit when a party would show what evidence it has that would convince a trier of fact to accept its version of events)*; <u>Rev'd On Other Grounds</u>, 524 U.S. 381 (1998).* That point in time occurred more than six months ago when the defendants initially filed their motion for summary judgment on November 15, 2003. Since then the plaintiff has been wallowing in so called expert discovery and has provided such report after many long extensions. Because the plaintiff represents that "Mr. White has testified in the same manner" in some hearing with regard to a motor vehicle issues before the Attorney James Clelan on November 17, 1999, does not make the affidavit admissible at trial or authentic. Indeed, the transcript, if it exists, should have been submitted long ago when fact discovery was still ongoing. The plaintiff has not and despite having more than six months to specifically oppose the defendants motion for summary judgment and had more than a year prior to uncover and discover evidence that supported his claims.

      Accordingly, the plaintiff's motion for leave to file unsigned affidavit should be denied.

        DEFENDANTS,
        OLD SAYBROOK POLICE DEPARTMENT,
        SERGEANT DONALD HULL, PATROLMAN
        DAVID PERRROTTI, PATROLMAN CHRIS
        DEMARCO, PATROLMAN JAY RANKIN
        AND THE TOWN OF OLD SAYBROOK


By /s/John J. Radshaw, III
   John J. Radshaw, III
   ct19882
   Howd & Ludorf
   65 Wethersfield Avenue
   Hartford, CT  06114
   (860) 249-1361
   (860) 249-7665
   E-mail:  jradshaw@hl-law.com


## **CERTIFICATION**

      This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail to the following counsel of record this 28th day of May, 2004.

Bruce E. Newman, Esquire
Newman, Creed & Associates
99 North Street, Route 6
P.O. Box 575
Bristol, CT 06011

A. Paul Spinella, Esquire
Spinella & Associates
One Lewis Street
Hartford, CT  06103

        /s/John J. Radshaw, III
        John J. Radshaw, III