UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

KARL HOGFELDT,                          :    3:01CV1979 (WWE)
    Plaintiff,                          :
                                        :
v.                                      :
                                        :
OLD SAYBROOK POLICE DEPARTMENT;         :
SERGEANT DONALD HULL; PATROLMAN         :
DAVID PERROTTI; PATROLMAN CHRIS         :
DEMARCO; PATROLMAN JAY RANKIN;          :
Each individually and as Police         :
Officers and members of the OLD         :
SAYBROOK POLICE DEPARTMENT; and         :
THE TOWN OF OLD SAYBROOK,               :
    Defendants                          :

**RULING ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

This action arises from a traffic stop and the subsequent arrest of the plaintiff Karl Hogfeldt ("Hogfeldt") by defendant Sergeant Donald Hull ("Hull") of the Old Saybrook Police Department. Hull alleges to have stopped the vehicle operated by Hogfeldt after witnessing the vehicle's erratic operation and excessive speed, and to have arrested Hogfeldt for driving under the influence. Pursuant to that arrest, Hogfeldt's transport to the Old Saybrook Police Department, and the ensuing incidents that allegedly took place in an interrogation room at the police department, Hogfeldt asserts a claim of violation of the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution; a violation of his civil rights pursuant to 42 U.S.C. § 1983 and subject to § 1988 as to all defendants; a state

1

law claim of assault and battery as to the defendants Hull, Patrolman David Perrotti ("Perrotti"), Patrolman Chris DeMarco ("DeMarco"), and Patrolman Jay Rankin ("Rankin"); and as against the Town of Old Saybrook ("the Town"), assumption of liability for damage caused by employees under Connecticut General Statutes ("C.G.S.") § 7-465, and state law claims of assault and battery. Hogfeldt, conceding that a municipal police department is immune from suit, has dropped the Old Saybrook Police Department as a defendant.

Pending before the Court is the remaining defendants' motion for summary judgment as to all the allegations set forth in the complaint. For the reasons set forth below, the defendants' motion for summary judgment will be denied in its entirety.

**FACTS**

The following facts are taken from the complaint, and from the undisputed facts in the parties' pleadings. On October 21, 1999, Hogfeldt's vehicle was stopped by a member or members of the Old Saybrook Police Department and Hogfeldt was arrested for driving under the influence. Hogfeldt was transported to the Old Saybrook Police Department where he was taken by Hull to an interview/conference room. Hogfeldt later emerged from the interview room with injuries. Hogfeldt was treated at a hospital for a broken nose, broken arm, fractured ribs and other injuries. This action was commenced on October 19, 2001.

**DISCUSSION**

A motion for summary judgment will be granted where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986). "Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper." <u>Bryant v. Maffucci</u>, 923 F. 2d 979, 982 (2d Cir.), <u>cert. denied</u>, 502 U.S. 849 (1991).

The burden is on the moving party to demonstrate the absence of any material factual issue genuinely in dispute. <u>American International Group, Inc. v. London American International Corp.</u>, 664 F. 2d 348, 351 (2d Cir. 1981). In determining whether a genuine factual issue exists, the court must resolve all ambiguities and draw all reasonable inferences against the moving party. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 255 (1986). If a nonmoving party has failed to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof, then summary judgment is appropriate. <u>Celotex Corp.</u>, 477 U.S. at 323. If the nonmoving party submits evidence which is "merely colorable," legally sufficient opposition to the motion for summary judgment is not met. <u>Anderson</u>, 477 U.S. at 249.

Following the agreement by all parties in the Rule 26(f) Report of Parties' Planning Meeting filed January 21, 2002, that

there were no undisputed facts in this case, the defendants move the court to grant summary judgment as a matter of law in favor of all remaining defendants on all Hogfeldt's claims.

The defendants state that Hogfeldt is attempting to assert merely an excessive force claim based upon the Fifth and Fourteenth Amendments, and that the attempt must fail as a matter of law as those amendments do not provide the proper means for redress of an excessive force claim in this case.  Hogfeldt responds by stating that there is more at issue in the case than just the allegation of excessive force.  Courts have found, for instance, that "a decision to discipline a student, if accomplished through excessive force and appreciable physical pain, may constitute an invasion of the child's Fifth Amendment liberty interest in his personal security and a violation of substantive due process prohibited by the Fourteenth Amendment."  Moore v. Willis Independent School Dist., 233 F.3d 871, n.12 (5th Cir. 2000).  However, the 2d Circuit has held that the Fifth Amendment approach is not appropriately extended to excessive force claims that arise in the context of an arrest.  Davis v. Little, 851 F.2d 605, 610 (2d Cir. 1988).

In addition to his excessive force claims, Hogfeldt also asserts a denial of his request for an attorney, and a violation of his right to free speech when he was punished for demanding more information concerning his arrest.  Construing the pleadings

4

in favor of the non-moving party, the Court finds that this issue of whether Hogfeldt's Fifth and Fourteenth Amendment rights are implicated are material facts in dispute, and resolution of the issue rests on a final determination by the trier of fact.

The defendants next assert that Hull, DeMarco, Rankin, Perrotti, and Chief Mosca are protected from any claims for excessive force under the Fourth Amendment by the doctrine of qualified immunity.  When the resolution of a qualified immunity defense involves disputed issues of fact, a court may reserve ruling on a motion for summary judgment until after fact finding by a jury.  The 2d Circuit has ruled that the personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under 42 U.S.C. § 1983. "A defendant may be personally involved in a constitutional deprivation withing the meaning of § 1983 in several ways.  The defendant may have directly participated in the infraction.  A supervisory official, after learning of the violation through a report or appeal may have failed to remedy the wrong.  A supervisory official may be liable because he or she created a policy or custom under which constitutional practices occurred, or allowed such a policy or practice to continue.  Lastly, a supervisory official may be personally liable if he or she was grossly negligent in managing subordinates who cause the unlawful condition or event." Moffitt v. Town of Brookfield, 950 F.2d 880,

5

886 (2d Cir. 1991).  Again, the issue of qualified immunity in the present case involves disputed issues of fact, and summary judgment will not be granted on this assertion.

The next three allegations of the complaint as to which the defendants have moved for summary judgment all involve matters in dispute.  First, the defendants assert that Hogfeldt's claims against the defendants Rankin, DeMarco, and Perrotti fail as a matter of law as these defendants were not present during the claimed incident.  Second, the defendants assert that no evidence exists to support Hogfeldt's claim that the Town of Old Saybrook engaged in a policy, practice, or custom of failing to properly train its police officers, which rose to the level of deliberate indifference on the part of the Town.  Third, the defendants assert that Hogfeldt's state law claim sounding in assault and battery fails as a matter of law because the amount of force used was both reasonable under the circumstances and authorized by state statute.  These claims are all matters in dispute, and are all questions for the trier of fact.

Finally, the defendants assert that any claim for indemnification pursuant to C.G.S. § 7-465 fails as a matter of law as Hogfeldt cannot maintain this claim if summary judgment is granted in favor of the individual defendants.  Because summary judgment will not be granted in favor of the individual defendants, the Court need not address the issue of

6

indemnification at this time.

**CONCLUSION**

For the reasons set forth above, the defendants' motion for summary judgment (Doc.# 30) is DENIED in its entirety.

SO ORDERED this 15th day of July, 2004, at Bridgeport, Connecticut.

_____/s/_____
WARREN W. EGINTON, Senior U.S. District Judge