UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KARL HOGFELDT | : | CIVIL ACTION NO. |
| Plaintiff | : | 3:01 CV 1979 (WWE) |
| | : | |
| vs. | : | |
| | : | |
| OLD SAYBROOK POLICE DEPARTMENT | : | |
| SERGEANT DONALD HULL; PATROLMAN | : | |
| DAVID PERROTTI; PATROLMAN CHRIS | : | |
| DEMARCO; PATROLMAN JAY RANKIN; | : | |
| EACH INDIVIDUALLY AND AS POLICE | : | |
| OFFICERS AND MEMBERS OF THE OLD | : | |
| SAYBROOK POLICE DEPARTMENT; AND | : | |
| THE TOWN OF OLD SAYBROOK OF | : | |
| OLD SAYBROOK | : | |
| Defendants | : | MAY 18, 2005 |

PLAINTIFF'S MEMORANDUM

1.  TRIAL COUNSEL

For the Plaintiff:      A. Paul Spinella, Esq.
SPINELLA & ASSOCIATES, P.C.
One Lewis Street
Hartford, Connecticut 06103
(860) 728-4900

Bruce E. Newman, Esq.
Law Offices of Bruce E. Newman, LLC
One High Street
P.O. Box 927
Deep River, CT 06417
(860) 583-5200

**For the Defendants:**      **Daniel C. DeMerchant, Esq.**
                              **Thomas R. Gerarde, Esq.**
                              **John J. Radshaw, III**
                              **Howd & Ludorf**
                              **65 Wethersfield Avenue**
                              **Hartford, CT 06114-1190**
                              **(860) 249-1361**

2.     **JURISDICTION**

       Subject Matter jurisdiction pursuant to Title 42 § 1983 and 1988, and 28 U.S.C.§ 1343(a)(3).

       Personal Jurisdiction is not contested.

3.     **JURY-NONJURY**

       This is a jury matter.

4.     **DESCRIPTION OF CASE**

       a.  Legal Issues

       VIOLATION OF TITLE 42 U.S.C. §§ 1983 AND 1988

       The Plaintiff alleges that the Defendants

       (1)     violated his rights under the Fourth, Fifth and Fourteenth Amendments of the

United States Constitution as enforced through Title 42 United States Code §§ 1983 and

1988;

2

(2)     deprived him of his liberty, privileges or immunities without due process of law, in violation of his rights under the Fourteenth Amendment of the United States Constitution;

The Plaintiff seeks the following remedies:

      i.     Monetary damages to compensate him for the injuries he sustained in connection with the Defendants' conduct,

      ii.    Monetary damages in restoration of lost wages he incurred as a result of the injuries caused by the Defendants;

      iii.   Monetary damages for the emotional distress allegedly occurring as a further result of Defendants' conduct; and,

      iv.   Punitive damages and attorneys' fees.

b.   <u>Factual Claims</u>

On October 21, 1999 at approximately 10:30 p.m., members of the Town of Old Saybrook Police Department including Defendants Donald Hull, David Perrotti, Chris DeMarco, and Jay Rankin arrested Mr. Hogfeldt without probable cause in the parking lot of the Saybrook Motor Hotel.  Mr. Hogfeldt was transported to the Old Saybrook Police Station.  At that time, one or more of the defendants used

unnecessary and excessive force while Mr. Hogfeldt was in custody, including striking him about the head and body, pushing him against a cement wall, and punching him.

As a result of the beating, Mr. Hogfeldt sustained numerous injuries, including a broken left arm, broken ribs, and a broken nose.

Mr. Hogfeldt was subsequently arrested and prosecuted in the State Superior Court and the Department of Motor Vehicles without probable cause pursuant to a fraudulent police investigative and arrest report.

On or about October 19, 2001, Mr. Hogfeldt brought suit against the Town of Old Saybrook, its police Department and individual members of the police Department.  Mr. Hogfeldt alleges that the defendants violated his federal civil rights and state common laws of action.

c.    Contested Issues

The Defendants HULL, PERROTTI, DEMARCO and RANKIN, as aforesaid, used an excessive and unreasonable amount of force under the circumstances against the Plaintiff, and arrested and prosecuted him without just cause, all in violation of the Plaintiff's rights under the Fourth, Fifth and Fourteenth Amendments of the United States Constitution as enforced through Title 42 United States Code §§ 1983 and 1988.

The Defendants HULL, PERROTTI, DEMARCO and RANKIN, acted or failed to act toward the Plaintiff with the intent to deprive him of his liberty, privileges or immunities without due process of law, in violation of his rights under the Fourteenth Amendment of the United States Constitution.

The acts or omissions of the Defendants HULL, PERROTTI, DEMARCO and RANKIN, as herein described constituted an unnecessary and unreasonable use of force and illegal arrest and prosecution, all in violation of the Plaintiff's rights under the Fourth, Fifth and Fourteenth Amendments of the United States Constitution and Title 42 United States Code §§ 1983 and 1988.

The acts or omissions of the Defendants HULL, PERROTTI, DEMARCO and RANKIN, as herein described deprived the Plaintiff of his liberty, privileges or immunities without due process of law, in violation of the Fourteenth Amendment of the United States Constitution.

The infringements of the Plaintiff's civil rights and physical damages to his person or property and illegal and arrest and prosecution complained of were promoted and/or encouraged by the policy of the Defendant Chief of Police of the OLD SAYBROOK POLICE DEPARTMENT and the Town of Old Saybrook, in that it, its employees,

5

representatives or agents, failed to adequately train and/or supervise the Defendants HULL,

PERROTTI, DEMARCO and RANKIN, in the performance of their duties, to wit, the

effectuation of stops, detentions, arrests, searches, seizures, and custody over suspects, and

their conduct as police officers.

The infringements of the Plaintiff's civil rights and physical damages to his person or

property complained of were promoted and/or encouraged by the policy of the Defendant

Chief of Police of the Town of Old Saybrook and the OLD SAYBROOK POLICE

DEPARTMENT, and the Town of Old Saybrook, in that it, its employees, representatives or

agents, failed to have in place, force and effect sufficient policies, practices, procedures

and guidelines pertaining to the effectuation of stops, detentions, arrests, searches,

seizures, and custody over suspects, and their conduct as police officers.

The infringements of the Plaintiff's civil rights and physical damages to his person or

property complained of were promoted and/or encouraged by the policy of the Defendant

Chief of Police of the Town of Old Saybrook and the OLD SAYBROOK POLICE

DEPARTMENT, and the Town of Old Saybrook, in that it, its  employees, representatives or

agents, failed to have in place, force and effect sufficient policies, practices, procedures

and guidelines pertaining to the effectuation of stops, detentions, arrests, searches,

6

seizures, and custody over suspects, and their conduct as police officers so as to enable them to take timely and reasonable measures to prevent the excessive use of force and other violations of police department policies, practices, procedures and guidelines and the law and the rights of suspects.

The infringements of the Plaintiff's civil rights and physical damages to his person or property complained of were promoted and/or encouraged by the policy of the Defendant Chief of Police of the Town of Old Saybrook and the OLD SAYBROOK POLICE DEPARTMENT,  and the Town of Old Saybrook, in that it, its employees, representatives or agents failed to enforce existing rules and regulations and/or policies, practices, procedures and guidelines pertaining to the effectuation of stops, detentions, arrests, searches, seizures, and custody over suspects, and their conduct as police officers.

5.    **VOIR DIRE QUESTIONS**

a.    Do you or any close friend or family member work for a Police Department?

If Yes, which one, and do you feel because of this that you would have a tendency to favor the police department in some way over an individual such as the

7

plaintiff?

If yes, would you be able to put this tendency aside and base your finding solely in the law and the evidence in this particular case?

b.    Do you have any problem with the concept of a plaintiff, such as Karl Hogfeldt , who alleges that he has been harmed by the wrongful conduct of another party, coming to court and seeking monetary redress to compensate his for the harm he alleges occurred to him?

If yes, please explain.

c.    Would you have any problem, if the evidence required you to do so, awarding enough monetary damages to the plaintiff to fully compensate him for all the damages, if any, which you find that he has suffered, due to the defendants' alleged wrongful conduct, based on the evidence?

If yes, explain why.

Regardless, would you be able to put this predisposition aside and award such damages if required by the law and evidence?

If no, explain why not.

d.    Do you have any problems with the concept of damages being awarded for

emotional distress suffered by the plaintiff; in other words, if the evidence required you to award damages to compensate the plaintiff for emotional suffering that he experienced in this case in an amount additional to any lost pay and benefits to which he might be entitled, are you opposed to the concept, as a general rule, of awarding damages for such emotional distress?

If yes, explain why.

Would you be able to put this predisposition aside and award such damages if required by the law and evidence?

e.     Punitive damages are being sought by the plaintiff in this case, which are damages that are awarded only if intentional or willful conduct on the part of the defendant is found based on the evidence to have caused injury to the plaintiff. Do you have a problem with the concept of awarding of such punitive damages if the evidence warrants such an award?

If yes, explain why.

Would you be able to put this predisposition aside and award such damages if required by the law and evidence?

f.     What newspapers do you read the most? What are two others?

9

g.      Have you ever written a Letter to the Editor of a newspaper?  How many?

What was the general topic?

h.      This case involves an alleged police misconduct.  Have you or anyone

else to you ever had a police misconduct experience in which personal injuries resulted?

        If yes, please describe.

i.      The plaintiff in this case alleges personal injuries resulting from police

misconduct.  Do you think that the injury or impairment that you have mentioned

experiencing will affect your ability in any way to evaluate the present case fairly?

        Please explain.

j.      This case involves a plaintiff who claims that he was taken into custody by a

Sargeant of the Old Saybrook Police Headquarters and was severely beaten abut the head

and body causing significant injuries to his person, detained and physically mistreated by

the police during the course of an interrogation.  What are your feelings about the police

using physical force and excessive and unnecessary force;

k.      Have you or anyone close to you ever been falsely accused of a crime in

which the police were called to investigate?  If yes, describe.

l.      Do you have any close friends or family members who work for a

10

municipality?

        If yes, would you be able to put this tendency aside and base your finding solely in the law and the evidence in this particular case?

        m.    Would you have any problems with requiring a municipality to pay damages if justified?

        If yes, would you be able to put this tendency aside and base your finding solely in the law and the evidence in this particular case?

6.    **LIST OF WITNESSES** -

        1.    Karl Hogfeldt, Plaintiff;

        2.    Sergeant Donald Hull;

        3.    Patrolman David Perrotti;

        4.    Patrolman Chris DeMarco;

        5.    Mr. Stephen White;

        6.    a.    Dr. Carol E. Gordon of Elgart, Pinn, Gordon & Elgart
                b.    Robert C. Langdon, M.D.
                c.    Dr. Edward S. Tucker
                d.    John S. Goetcheus, M.D. of Shoreline Orthopaedics
                e.    Raji Mulukutkla, M.D.;

        7.    Dr. Ira Kanfer (State Medical Examiner);

8.    Mr. Louis Reiter (police expert);

9.    Hearsay exception statements from Plaintiff's deceased girlfriend (Ms. Tammi Seamons;

10.   Attorney Paul Bialobrzeski, lawyer who represented Plaintiff in criminal case;

11.   Designated FBI Agent who investigated this matter - his name has been presently withheld; accordingly, presence of the designated agent will be compelled at the time of trial together with investigative documents;

7.    **EXHIBITS** -

1.    Medical Reports and Medical Statements of Dr. Carol E. Gordon;

2.    Medical Reports and Medical Statements of Dr. Robert C. Langdon;

3.    Medical Reports and Medical Statements of Dr. Edward S. Tucker;

4.    Medical Reports and Medical Statements of Dr. John S. Goetcheus;

5.    Medical Reports and Medical Statements of Dr. Raji Mulukutkla;

6.    Deposition transcripts of Sergeant Donald Hull; Patrolman David Perrotti and Patrolman Chris DeMarco;

7.    Defendants' written discovery responses;

8.    Old Saybrook Police Department shift log and work schedule;

9.    Videotape of the Plaintiff taken by Old Saybrook Police Department;

10.    CV and expert reports of Louis Reiter and Dr. Ira Kanfer;

11.    Police Incident Report;

12.    Photographs of Plaintiff's injuries and Old Saybrook Police Department;

13.    Decision of Hearing Office at the DMV on November 19, 1999;

14.    All policy and procedure statements of any kind disclosed by Defendants as comprehensive;

15.    FBI investigative reports and materials, particularly in connection with disclosure and examination of videotape;

16.    Criminal case disposition.

8.    **DEPOSITION TESTIMONY** - The following depositions shall be used as testimony concentrating only on the factual specifics relative to the issues at bar:

Sergeant Donald Hull; Patrolman David Perrotti; Patrolman Chris DeMarco; Karl Hogfeldt; Louis Reiter; Ira Kanfer.

9.    **REQUESTS FOR JURY INSTRUCTIONS** - Attached

**PLAINTIFF'S FIRST SET**
**OF REQUESTS TO CHARGE**

I.    **INTRODUCTION**

The Plaintiff brought this lawsuit to obtain justice for what he contends were violations of his rights under two sets of laws.  The first set of laws is the federal civil rights laws which provides a remedy for people who feel that their rights as protected by the United States Constitution have been violated.  The second set of laws which the Plaintiff used to sue the defendants was the laws of the State of Connecticut which govern how citizens are to be treated.  Because the federal Constitution and state laws are different, you will receive two sets of instructions.  You will also be instructed that, should you find that the defendants violated **KARL HOGFELDT'S** rights under the United States Constitution, you do not have to consider whether the defendants violated the Connecticut laws.

-14-

II.   FEDERAL LAW

1.  FEDERAL LAW TO BE APPLIED

The Plaintiff brought this lawsuit because he asserts that his rights under the

Constitution of the United States were violated, that is, his right to be free from the use of

unreasonable force against him by police officers.  The federal law to be applied in this

case is the civil rights law known as Section 1983 of Title 42 of the United States Code,

which provided a remedy for people who have been deprived of their constitutional rights

under color of state law.  Section 1983 provides that:

Every person who, under color of any statute, ordinance, regulation, custom of
usage of any State or Territory of the District of Columbia, subjects or causes to be
subjected, any citizen of the United States or other person within the jurisdiction thereof to
the deprivation of any rights, privileges or immunities secured by the Constitution and
laws, shall be liable to the party injured in an action at law, suit in equity, or other proper
proceeding for redress.

REQUEST GRANTED / DENIED

2.    COLOR OF STATE LAW

Federal law provides that any person may seek justice from the legal system, by

way of money damages, against any person or persons who, acting under color of state

law, deprives that person of any of his constitutional rights.  Acting under color of state law

-15-

simply means acting in one's official capacity as a police officer.  There is no dispute that the Defendants each were members of the Old Saybrook Police Department and at all relevant times acting in their official capacities.  Therefore, I instruct you to find that if each defendant was acting as a police officer, then each was acting under color of law for purposes of Section 1983.  <u>Monroe v. Pape</u>, 365 U.S. 167 (1961).

**REQUEST GRANTED / DENIED**

        3.    **<u>UNREASONABLE FORCE DEFINED</u>**

      The Plaintiff claims that the defendants each used unreasonable force against him in connection with his arrest.  A person, even if he is being lawfully arrested, has the right under the Fourth Amendment of the United States Constitution to be free from the use of unreasonable force against him by police officers.  <u>Tennessee v. Garner</u>, 471 U.S. 1 (1985).  A police officer is entitled to use such force as a reasonable person would think is required under the circumstances to take an arrested person into lawful custody.  This may include such physical force as is necessary to subdue a person who is struggling with an officer.  However, an officer is not allowed to use any force beyond that which is reasonably necessary to accomplish his lawful purpose, that is, to merely subdue the arrested person and to take him or her into lawful custody.

Therefore, I instruct you that if you find that any defendant used more or greater force than was reasonably necessary under the circumstances of this case to take the Plaintiff into lawful custody, then you must find that defendant is liable for a violation of Mr. Hogfeldt's constitutional rights.  Graham v. Connor, 490 U.S. 386 (1989); Jenkins v. Averett, 424 F2d 1228 (4th Cir. 1970); Monroe v. Pape, 365 U.S. 167 (1961).

**REQUEST GRANTED / DENIED**

### 4.  **PLAINTIFF NOT REQUIRED TO PROVE SPECIFIC INTENT, MOTIVATION OR SPECIFIC STATE OF MIND**

It is not necessary to find that the Defendant had any specific intent to deprive the Plaintiff of his civil rights in order to find in favor of the Plaintiff.  The Plaintiff is entitled to relief if the Defendant acted in a manner which resulted in a violation of the Plaintiff's rights.  Monroe v. Pape, 365 U.S. 167 (1961).

As to the defendants' use of force against the Plaintiff, each officer's intent or motivation or specific state of mind is irrelevant to the question of whether the force he or she used against the Plaintiff was unreasonable.  Graham v. Connor, 490 U.S. 386 (1989).  It makes no difference whether the force was used in "good faith" or whether it was used "maliciously and sadistically for the very purpose of causing harm."  Id.  The Plaintiff is not

required to prove that the defendants acted with any specific or particular intent or motivation or state of mind in order for you to find that the defendants used unreasonable force against him in violation of his constitutional rights.  Therefore, I instruct you that in determining whether the defendants used unreasonable force against the Plaintiff in violation of his constitutional rights, you are not examine the force which was used under the circumstances.  You are not to attempt to determine the defendants' particular intent or motivation or state of mind in using such force.

**REQUEST GRANTED / DENIED**

> 5.    **WEIGHT OF POLICE OFFICER'S TESTIMONY**

The testimony of police officers is entitled to no special weight.  A police officer who takes the witness stand subjects his testimony to the same examination and the same tests as any other witness does, and in the case of police officers you should not believe them merely because they are police officers.  You should view and balance a police officers' testimony just as carefully as you would any other witnesses' testimony.

**REQUEST GRANTED / DENIED**

> 6.    **DUTY OF POLICE OFFICERS TO ENFORCE THE LAW AND PRESERVE THE PEACE**

Police officers have a duty to enforce the law and preserve the peace. This includes using appropriate and reasonable means to control a situation so as to contain it or keep it from escalating into violence or further violence, as well as stopping other police officers from using unreasonable force and violating the law. A police officer may not ignore the duty imposed by his or her position and fail to stop other officers who use unreasonable force or otherwise act unlawfully against a third person. Gagnon v. Ball, 696 F2d 17 (2d Cir. 1982); Zapcio v. Bucyrus-Erie Co., 579 F2d 714, 718 (2d Cir. 1978); O'Neill v. Krzeminski, 839 F2d 9, 11-12 (2nd Cir. 1988).

Therefore, I instruct you that if you find that any police officer, whether or not named as a defendant in this case,  failed to use appropriate and reasonable means to control the situation so as to contain it or keep it from escalating into violence or further violence, or acted in such a manner as to allow or cause the situation to escalate into violence or further violence, or if any officer used unreasonable force against the Plaintiff and that the Officers did nothing to prevent such events, then you shall find that or those officers, as the case may be, liable for that conduct.

REQUEST GRANTED / DENIED

    7.    <u>JOINT AND SEVERAL LIABILITY</u>

Where two or more persons unite in an act which constitutes a wrong to another intending at the time to commit it, or performing it under circumstance which fairly charge them with intending the consequences which follow, they incur a joint and several liability for the acts of each and all of the joint participants.  The law does not require the injured party to establish how much of the injury was done by one person and how much of the injury was done by another.  Rather, it permits the injured party to treat all concerned in the injury jointly and all are liable to respond to the Plaintiff in a total sum as damages.  All those who actively participate in a wrongful act, or participate by cooperation or request, or who lend encouragement to the wrongdoer, or who ratify or adopt the wrongdoer's acts for their benefit, are equally liable with the wrongdoer.  Express agreement is not necessary and all that is required is a common design or understanding, even though it may be a tacit one.  Prosser, Law of Torts, §46, pp. 291-95 (4th ed. 1971); Gagnon v. Ball, 696 F2d 17 (2d Cir. 1982).

Therefore, I instruct you that, if you find that any defendant participated actively, or by cooperation or request in any wrongful act against the Plaintiff KARL HOGFELDT , or encouraged the wrongdoer, or ratified and adopted the wrongdoer's acts for his or her benefit, he or she is equally liable with the wrongdoer to KARL HOGFELDT.

-20-

**REQUEST GRANTED / DENIED**

8.    **SUPERIOR OFFICERS AND MUNICIPALITIES**

In addition to his claims against police officers whom the plaintiff claims violated

his constitutional rights, the plaintiff is suing superior officials, in this case the Old

Saybrook Police and the Town of Old Saybrook. To recover against a superior official,

the plaintiff must show that the Chief of Police and the Town of Old Saybrook had a

legal duty to act to prevent the misdeeds of police officers and the Chief of Police and

the Town's failure to act amounted to gross negligence or deliberate indifference of

plaintiff's rights.[1]

The plaintiff claims that the Town, a municipality, is liable for the alleged

constitutional deprivations. A city is liable for the deprivation of a constitutional right if

the deprivation was pursuant to governmental custom, policy, ordinance, regulation or

decision. Therefore, if you find that the plaintiff was injured as the proximate or legal

result of the Town's policy, custom, ordinance, regulation or decision, whether made by

its lawmakers or by those officials whose edicts or acts may fairly be said to represent

---

[1] *Auster Oil & Gas, Inc. V. Stream,* 835 F.2d 597, 602 (5th Cir. 1988) cert. denied,
*Carmouche v. Auster Oil & Gas, Inc.* 488 U.S. 848, 109 S.Ct. 129, 102 L. Ed. 2d 102 (1988).

-21-

official policy, the city itself will be responsible.

9.     **SECTION 1983 DAMAGES**

In a Section 1983 case, proof that one or more defendants violated the Plaintiff's constitutional rights entitles the Plaintiff to monetary damages.  The award of money damages in a Section 1983 case is an extremely important way to protect the U.S. Constitution's guarantee against the use of unreasonable force by police officers. Section 1983 damage awards are intended not only to provide compensation for the victims of past abuses, but also to serve as a deterrent against future constitutional violations.  Owen v. City of Independence, 445 U.S. 622, 651, reh'g denied 446 U.S. 993 (1980).  There are three types of money damages available to a Section 1983 Plaintiff, (1) nominal damages, (2) actual damages, and (3) punitive damages.  I will now explain the difference between these three types of damage awards.

**Nominal damages** are usually awarded to those who suffer a violation of their rights but are unable to show measurable injury or loss other than the violation of constitutional rights alone.  Carey v. Piphus, 435 U.S. 247, 266 (1978).  Therefore, if you find that the Plaintiff has shown that as a result of wrongful conduct by one or more of the defendants, he suffered some measurable injury or loss beyond the violation of

-22-

his constitutional rights alone, you may award him damages beyond nominal damages.

**Actual or compensatory damages** is that amount of money damages which will reasonably and fairly reimburse the Plaintiff for any harm which wrongful conduct by one or more of the defendants was a substantial factor in bringing about. Therefore, I instruct you that if you find that the Mr. Hogfeldt suffered some measurable injury or loss beyond the violation of his constitutional rights alone, you may award him actual or compensatory damages.

In determining the amount of actual or compensatory damages to award Mr. Hogfeldt, I instruct you to consider the following:

1)    Medical expenses;

2)    Loss of earnings from employment;

3)    Physical harm to Plaintiff including ill health, disability and disfigurement;

4)    Physical pain or discomfort; and

5)    The reasonable expense of legal services incurred by the Plaintiff to defend himself against charges brought against him as a result of the incident which is the subject of this lawsuit.

-23-

Reinstatement of Torts II §431; <u>Guzman v. Western State Bank</u>, 540 F2d 948 (8th Cir. 1976).

Actual or compensatory damages also include general damages which are designed to compensate for **emotional and mental distress**. <u>Guzman v. Western State Bank</u>, 540 F2d 948, 953 (8th Cir. 1976). While this class of damages may be more difficult to quantify, they nonetheless are compensable. In determining how to compensate Mr. Hogfeldt for emotional and mental distress, some of the things you can consider are damages from injuries resulting from the invasion of the Plaintiff's privacy, interference with his personal development, stigmatization, and loss of reputation and dignity, and may include nightmares, fear, anxiety, nervousness, embarrassment, and humiliation. <u>Brandon v. Allen</u>, 719 F2d 151, 154-55 (6th Cir. 1983), <u>rev'd</u> <u>and</u> <u>remanded</u> <u>on</u> <u>other</u> <u>grounds</u> <u>sub</u> <u>nom</u>., <u>Brandon v. Holt</u>, 105 SCT 873 (1985); <u>Corriz v. Noranjo</u>, 667 F2d 893, 897-98 (10th Cir. 1981) <u>cert</u>. <u>dismissed</u> 458 U.S. 1123 (1982); <u>Keyes v. Lauga</u>, 635 F2d 330, 336 (5th Cir. 1981).

**Exemplary or punitive damages** may be awarded to Mr. Hogfeldt separately and in addition to actual or compensatory damages. Exemplary or punitive damages may be awarded even though you find that the Plaintiff is not entitled to actual or

compensatory damages.  Exemplary or punitive damage awards serve two purposes: (1) to punish a defendant or defendants for extreme or outrageous conduct, and (2) to deter or prevent a defendant and others like him from committing such conduct in the future.  <u>Smith v. Wade</u>, 461 U.S. 301 (1983).

Punitive damages may be awarded when the jury determines that one or more defendants has or have acted in any one of the following ways:

a)    Willfully or maliciously violated the Plaintiff's constitutional rights;

b)    Intentionally acted in gross disregard of the Plaintiff's rights;

c)    Acted or failed to act recklessly or with callous indifference as to whether or not the Plaintiff's rights would be violated.

<u>Smith v. Wade</u>, 461 U.S. 301 (1983).

Therefore, I instruct you that if you find that any defendant has committed such conduct, then you should award punitive damages to Mr. Hogfeldt.  <u>Smith v. Wade</u>, 461 U.S. 30 (1980); <u>Stolberg v. Board of Trustees</u>, 474 F,2d 489 (2d Cir. 1973); <u>McFadden v. Sanchez</u>, 710 F.2d 907 (2d Cir. 1983).

**REQUEST GRANTED / DENIED**

-25-

### III.    <u>STATE LAW CLAIMS</u>

I have now concluded my instructions to you on the applicable federal law which you must apply to the Plaintiff's constitutional claim.  The Plaintiff has also brought claims against the defendants that arise under the laws of the State of Connecticut.  I will now instruct you on Mr. Hogfeldt's state law claims.  Some of what I say may seem similar to what I have already told you about the federal law applicable to this case, but there are some important differences.

### 10.    <u>STATE LAW CLAIMS NEED NOT BE CONSIDERED IF VIOLATION OF FEDERAL LAW FOUND</u>

Although I will be instructing you as to Connecticut law, it is also my instruction to you that should you find that the defendants violated **KARL HOGFELDT'S** rights under the United States Constitution and federal law, you may proceed to award the Plaintiff damages without regard to whether the defendants violated Connecticut law.

**REQUEST GRANTED / DENIED**

### 11.    <u>BURDEN OF PROOF</u>

The Plaintiff alleges in his Complaint that the defendants acted or failed to act

wrongfully under state law, in that they were negligent, that they committed excessive force, and wilful misconduct, and that this negligence, excessive force, and wilful misconduct caused the Plaintiff's injuries and losses.

The burden is upon the Plaintiff to prove to you by a fair preponderance of the evidence that one or more of the defendants acted or failed to act negligently, or committed excessive force, or committed wilful misconduct in open or more of the ways alleged in the Complaint, and that, as to each defendant, such conduct caused the Plaintiff's injuries and losses.

**REQUEST GRANTED / DENIED**

12.    <u>**TESTIMONY OF POLICE OFFICERS UNDER STATE LAW CLAIMS**</u>

You should regard the testimony of the police officers in regard to the state claims in the same manner you did in the federal claims.  The testimony of a police officer is entitled to no special weight merely because it comes from a police officer.  A police officer who takes the witness stand subjects his testimony to the same examination and the same tests that any other witness does, and is the case of police officers you should not believe them merely because they are police officers. Connecticut Jury Instructions §667.

-27-

**REQUEST GRANTED / DENIED**

13. **DUTY UNDER STATE LAW OF POLICE OFFICERS TO ENFORCE THE LAW AND PRESERVE THE PEACE**

As under federal law, police officers have a duty to enforce the law and preserve the peace. This includes using appropriate and reasonable means to control a situation so as to contain it or keep it from escalating into violence or further violence, as well as stopping other police officers from using unreasonable force and violating the law. A police officer may not ignore the duty imposed by his or her position and fail to stop other officers who use unreasonable force or otherwise act unlawfully against a third person. Gagnon v. Ball, 696 F.2d 17 (2d Cir. 1982); Zapcio v. Bucyrus-Erie Co., 579 F.2d 714, 718 (2d Cir. 1978); O'Neill v. Krzeminski, 839 F.2d 9, 11-12 (2nd Cir. 1988).

Therefore, I instruct you that if you find that any police officer, whether or not named as a defendant in this case, failed to use appropriate and reasonable means to control the situation so as to contain it or keep it from escalating into violence or further violence, or acted in such a manner as to allow or cause the situation to escalate into violence or further violence, or if any officer used unreasonable force against the Plaintiff and that Officers did nothing to prevent such events, then you shall find that or

those officers, as the case may be, liable for that conduct.

**REQUEST GRANTED / DENIED**

14.    **WARRANTLESS ARRESTS**

In the State of Connecticut, an individual cannot be arrested unless the police officer first obtains a valid arrest warrant.  The only exception to this is when the judicial authority involved determines that it is necessary to take an individual into custody for any of the following reasons:

1)    The criminal offense involved is a felony:

2)    There are facts indicating a substantial likelihood that such person will not appear in court at the specified time and place unless taken into custody;

3)    Such person is likely to cause injury to himself or to others, or his is likely to cause serious damage to property;

4)    The offense is likely to continue of such person is not taken into custody;

5)    Custody is necessary to the protection of such person or to provide him with needed medical or other aid;

6)    The person fails satisfactorily to identify himself; or

7)    The person has previously failed to appear in court when required to do so.

Therefore, I instruct you that unless you find proof that at least one of the factors I just gave you were present in this case, you must find that the arrest of the Plaintiff was unlawful.

**REQUEST GRANTED / DENIED**

15.    **NEGLIGENCE**

For Plaintiff to recover, it is necessary, it is necessary for you to be satisfied; First, that one or more of the defendants was or were negligent in using unreasonable force to arrest or take the Plaintiff into custody, or in using excessive force, upon the Plaintiff; second, that such negligence, if any existed, was a substantial factor in causing the injuries to the Plaintiff, and third, that the negligence of the Plaintiff himself, if any existed, was not greater than the negligence of the defendant or defendants.  If you find that these three important allegations have been established in favor of the Plaintiff, you will then consider what damages to award the Plaintiff.  Washburn v. LaMay, 116 Conn. 576 (1933).

-30-

With regard to the first element, the broad principle of law which lies at the base of this case is this:  Where the activities of two persons come into such conjunction that unless proper care is used, injury is likely to occur, each must use such care to avoid the injury.  The Plaintiff claims that each defendant was negligent in the way he or she acted or failed to act.  Negligence is the doing of something which a reasonably prudent person would not do under the circumstances.  It is the breach of a legal duty owed by one person to another, and such legal duty is the exercise of reasonable care.  <u>New England Iron Works Co. v. Connecticut Co.</u>, 98 Conn. 609 (1923).

The standard of care is the same for all persons -  that which a reasonably prudent person would exercise under the same circumstances.  However, the conduct of the defendants here should be measured by you in view of the special circumstance that they were police engaged in the performance of their duty.  It is possible that you will decide that what might be negligence on the part of others under different circumstances, might be negligence on the part of the police officers here.  <u>See</u> <u>Aubrey v. Meriden</u>, 121 Conn. 361 (1936).

**REQUEST GRANTED / DENIED**

    16.    <u>**ASSAULT AND BATTERY**</u>

-31-

Assault and battery is a harmful or offensive conduct with a person, resulting from an act intended to cause that person to suffer such contact, or to believe that such contact is imminent.  In other words, a battery is any touching of the person of another in rudeness or anger.  Prosser, Restatement of Torts <u>Lentine v McAvoy</u>, 105 Conn. 528 (19  ).

**REQUEST GRANTED / DENIED**

17.    <u>**JOINT AND SEVERAL LIABILITY**</u>

The law in Connecticut permits the party injured the party injured to treat all persons involved in the injury as constituting one party who by their joint cooperation accomplished certain injurious results and who are liable to respond to the Plaintiff in a gross sum as damages.  Where the wrongful conduct of two or more actors has combined to bring about harm to the Plaintiff and one or more of the actors seeks to limit this liability on the ground that the harm is capable of apportionment among them, the burden of proof as to the apportionment is upon each such actor.  <u>Gutkowski v. New Britain</u>, 165 Conn. 50, 55 (1973).

**REQUEST GRANTED / DENIED**

-32-

18.    **CAUSATION**

Proximate Cause - Substantial Factor - Even though you should find that the

Defendants were negligent, that would not necessarily afford the basis for a recovery by

the Plaintiff.  The Plaintiff must go further: he must prove to you by a fair

preponderance of evidence that the negligence of a Defendant in one or more of the

ways claimed caused the injury.  Much learning has been expended by the courts of

law in attempting to arrive at a correct and reasonably understandable test for

determining whether negligence of a party was the cause of the injuries resulted from a

happening and our supreme court has formulated a test in a brief statement which it felt

could be understood and applied by the average man.  [Mahoney v. Beatman, 110

Conn. 184 (1929.] it is this:  Was the negligence a substantial factor in producing those

injuries?

    When an event produces a result which follow in natural sequence, it may be

said that the event is the cause of the result [Monroe v. Hartford St. Ry. Co.,, 76 Conn.

201, 207 (1903), Santini v. Levin, 110 Conn. 248, 252 (1929).]  By natural sequence, I

mean a sequence which proceeds in accordance with the common experiences of life.

[Lombardi v. Wallad, 98 Conn. 510, 517 (1923); Corey v. Phillips, 126 Conn. 246, 255

(1939).]  Not only must the Plaintiff prove that a defendant was negligent, but he must also prove that such negligence was a substantial factor in bringing about the injuries he suffered; or to state it in another way, that the negligence was adapted to produce or aid in producing those injuries in a natural sequence.  It follows from this that, if the incident would have happened even though the Defendant had not been negligent, his negligence cannot be held to be a cause of the incident.

In order to recover, there must also be satisfactory proof that such negligence was the proximate cause of the injuries claimed and proven.  Negligence is deemed to be the proximate cause of any injury when it is a substantial factor in producing that injury.  Negligence, to be a substantial factor in producing the injury, must have entered into the production thereof as a cause of it.  That is, the particular negligence must either have caused the accident itself, alone, or it must have materially contributed to it in conjunction with the negligence of another defendant or other defendants.  Unless any given negligence of a defendant which you may find to exist entered into the occurrence, either to produce the incident as the only cause or as a contributing cause, then such negligence is to be disregarded.  Wright Connecticut Jury Instructions, Vol. 1, page 222.

**REQUEST GRANTED / DENIED**

19.    **STATE LAW DAMAGES**

The Plaintiff is also seeking damages on his state law claims.  As with the federal

claim, you can consider **KARL HOGFELDT's** rights to nominal, compensatory and

punitive damages.

A Plaintiff is entitled to nominal damages, again, where a violation of his rights

have occurred but he is unable to show any significant monetary damage.  Shmeltz v.

Tracy, 199 Conn. 492, 496.

In Connecticut a Plaintiff is also entitled to recover compensatory damages that

is all of the specific monetary damages suffered by the Plaintiff because of the

Defendants' wrongful act.  Mourison v. Hansen, 128 Conn. 62; Gorham v. Farmington

Motor Inn, 159 Conn. 576 (1970).  Specific monetary damages would include expenses

such as medical bills, loss of earning from employment, physical harm including

physical pain and discomfort and mental suffering.

If you find that Mr. Hogfeldt should be compensated for the actual injuries he

suffered then under Connecticut law you can also awardhimexemplary or punitive

damages.  Punitive damages are assessed against the Defendant or defendants if the assault upon the Plaintiff was malicious, willful or wanton; and where the Defendant exhibited a reckless disregard of the consequences which might follow from his acts. Lentine v. McAvoy, 105 Conn. 528, 531 (1927).  The law does make allowances to one guilty of an assault and battery if it was provoked by acts or words of the person assaulted.  However, no act or words, however great, is an excuse of an unlawful assault, nor can it in any degree affect the amount of damages to which the person so assaulted is entitled to recover, as compensation for his injuries or losses.  Connecticut Jury Instructions §250.

**REQUEST GRANTED / DENIED**

20.    **COMPARATIVE NEGLIGENCE**

The Comparative Negligence Rule - If you find that the Plaintiff was negligent, and that such negligence was a proximate cause of his injuries and losses, you must consider what is called the comparative negligence rule.  You may have heard of what is called "contributory negligence."  Connecticut's comparative negligence rule holds that in causes of action based upon negligence, contributory negligence on the part of the Plaintiff shall not bar his recovery unless such contributory negligence was greater

-36-

than the combined negligence of the person or persons against whom recovery is

sought.  Instead, any damages you may award to the Plaintiff shall be reduced in

proportion to the percentage of negligence attributable to the Plaintiff.  Conn. Gen. Stat.

Sec. 52-572h; Wright, Connecticut Jury Instructions, Vol. 2, p. 814.

**REQUEST GRANTED / DENIED**

                                     **PLAINTIFF,**


**BY**_____
        **A. Paul Spinella, Esq.**
        **Spinella & Associates**
        **One Lewis Street**
        **Hartford, CT 06103**
        **Telephone:  860 728-4900**
        **Federal Bar #: ct00078**
_____**Email: attorneys@spinella-law.com**

**CERTIFICATION**

**THIS IS TO CERTIFY** that a copy of the foregoing has been mailed postage pre-paid on this date to:

Daniel C. DeMerchant, Esq.

Thomas R. Gerarde, Esq.

John J. Radshaw, III

Howd & Ludorf

65 Wethersfield Avenue

Hartford, CT 06114-1190


Bruce E. Newman, Esq.

Law Offices of Bruce E. Newman, LLC

One High Street

P.O. Box 927

Deep River, CT 06417


_____

A. Paul Spinella, Esq.