**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| KARL HOGFELDT | : | NO.: 3:01 CV 1979 (WWE) |
| | : | |
| v. | : | |
| | : | |
| OLD SAYBROOK POLICE DEPARTMENT; | : | |
| ET AL | : | MAY 17, 2005 |

### **DEFENDANTS' COMPLIANCE WITH PRETRIAL ORDER**

Consistent with the Court's March 10, 2005 order, the defendants, OLD SAYBROOK POLICE DEPARTMENT, SERGEANT DONALD HULL; PATROLMAN DAVID PERROTTI; PATROLMAN CHRIS DEMARCO; PATROLMAN JAY RANKIN, and the TOWN OF OLD SAYBROOK, submit the following as compliance with the pretrial order. The defendants have exchanged a copy of this document with the plaintiff as of this date.

1)      **Brief Summary of the Case.**

On October 21, 1999, at approximately 11:00 p.m., Old Saybrook Police Sergeant Donald Hull began his patrol shift in the Town of Old Saybrook. At approximately 12:30 a.m. on October 22, 1999, Sergeant Hull made a stop of a vehicle operated by the plaintiff, Karl Hogfeldt, after witnessing the vehicle's erratic operation and excessive speed.  After stopping the vehicle and upon approaching the same, Sergeant Hull noted a strong smell of alcohol emanating from Mr. Hogfeldt's person. Mr. Hogfeldt refused to perform field sobriety tests.  Officer Rankin arrived shortly after the stop to back-up Sergeant Hull. Officer Rankin observed Hogfeldt attempting field

sobriety tests administered by Sergeant Hull. Sergeant Hull placed Mr. Hogfeldt under arrest for driving under the influence. Mr. Hogfeldt was then brought to the Old Saybrook Police Department.

While at the Old Saybrook Police Department, Mr. Hogfeldt physically resisted and was uncooperative during the search of his person, which prompted Sergeant Hull to grab and hold Mr. Hogfeldt's left arm. Mr. Hogfeldt pulled away from Sergeant Hull and struck his face against the wall of the interview room.

As a result of the incident, the plaintiff has brought the following action against the defendants. The plaintiff's four-count Complaint contains the following federal and state law causes of action. In the first count, the plaintiff has alleged that a violation of his constitutional rights were caused by the implementation of a custom, policy or act of the Town of Old Saybrook by refusing or failing to screen, train, supervise and discipline police officers adequately, or by refusing or failing to prevent assault and batteries from occurring at their police headquarters.

In addition to this claim against the Town of Old Saybrook, the plaintiff alleges, under 42 U.S.C. § 1983, that the individual defendants deprived the plaintiff of the following constitutional rights: (1) Fourth Amendment right to be secure in his person against unreasonable searches and seizures, including freedom from unreasonable physical abuse, coercion and intimidation; (2) Fifth and Fourteenth Amendment due process and equal protection of the law. Lastly, the plaintiff claims that the Town of Old Saybrook is liable to the plaintiff for the individual defendants' alleged civil rights violations, and bases this claim upon the authority of Conn. Gen. Stat. § 7-465.

The plaintiff further alleges the following pendent state law causes of action: (1) assault and battery against all named defendants; (2) assault and battery against the Town of Old Saybrook, pursuant to Conn. Gen. Stat. § 7-465.

The plaintiff, at summary judgment, conceded that the Old Saybrook Police Department is not an entity amenable to suit.

The remaining defendants, Town of Old Saybrook, Sergeant Donald Hull, Patrolman David Perrotti, Patrolman Chris DeMarco, and Patrolman Jay Rankin, submit that the individual defendants are not liable for Hogfeldt's injuries, in that they did not assault or violate Hogfeldt's civil rights and, in any event, the individual are protected by the doctrine of qualified immunity.

**2)    Proposed Voir Dire Questions.**

    a)    The defendants have attached their proposed voir dire questions as **Exhibit A** to this document.

    b)    Based on the composition of the panel on the date of jury selection, the defendants reserve the right to submit additional voir dire questions.

**3)    List of Witnesses.**

    a)    The defendants may call one or more of the following fact witnesses:

        1)    Sergeant Donald Hull, Old Saybrook Police Department, 225 Main Street, Old Saybrook, CT – Segeant Hull will testify concerning his observations of the plaintiff and the his interaction with the plaintiff on October 22, 1999.

2)	Officer David Perrotti, Old Saybrook Police Department, 225 Main Street, Old Saybrook, CT – Officer Perrotti will testify concerning his observations of the plaintiff and the his interaction with the plaintiff on October 21 and 22, 1999.

3)	Officer Christopher DeMarco, Old Saybrook Police Department, 225 Main Street, Old Saybrook, CT – Officer DeMarco will testify concerning his observations of the plaintiff and the his interaction with the plaintiff on October 22, 1999.  Officer DeMarco may testify concerning the plaintiff's arrest in December 2002.

4)	Officer Jay Rankin, Old Saybrook Police Department, 225 Main Street, Old Saybrook, CT – Officer Rankin will testify concerning his observations of the plaintiff and the his interaction with the plaintiff on October 22, 1999.

5)	Lt. Timothy McDonald, Old Saybrook Police Department, 225 Main Street, Old Saybrook, CT – Lt. McDonald will testify concerning the training, education and certification of Sergeant Hull, Officers DeMarco, Perrotti and Rankin. Lt. McDonald will also testify concerning the policies and procedures of the Old Saybrook Police Department.

6)	Chief Edmund Mosca, Old Saybrook Police Department, 225 Main Street, Old Saybrook, CT – Chief Mosca will testify concerning the training, education and certification of Sergeant Hull, Officers DeMarco, Perroti and

Rankin. Chief Mosca will also testify concerning the policies and procedures of the Old Saybrook Police Department.

7) Officer Brian Ziolkovski, Old Saybrook Police Department, 225 Main Street, Old Saybrook, CT – Officer Ziolkovski will testify concerning a prior interaction between the OSPD and Mr. Hogfeldt on August 30, 1999.

8) Sgt. Van der Horst, Old Saybrook Police Department, 225 Main Street, Old Saybrook, CT – Sgt. Van der Horst will testify that he was in command of the 2:00 pm – 11:00 pm shift on October 21, 1999. He will explain the shift activity logs for his shift. Sgt. Van der Horst may testify concerning the plaintiff's arrest in December 2002.

9) Dispatcher David McDonald, Old Saybrook Police Department, 225 Main Street, Old Saybrook, CT – Dispatcher McDonald will testify that he was working 2:00 pm – 11:00 pm shift on October 21, 1999 as a dispatcher and will testify concerning dispatches and observations made during his shift.

10) Officer Kevin Roche, Old Saybrook Police Department, 225 Main Street, Old Saybrook, CT – Officer Roche will testify concerning the arrest of the plaintiff in December 2002

11) Karl Hogfeldt – Mr. Hogfeldt will testify concerning the events of October 21-22, 1999. Mr Hogfeldt will also testify concerning his failure to appear in court and his failure to abide by the orders of the court consistent with his grant of probation.

12) Steven White – Mr. White will testify concerning the events of October 21-22, 1999.

13) Tammy Seamons (address unknown) – Ms. Seamons will testify concerning her observations of the plaintiff on October 21, 1999 and her interaction with the plaintiff when she went to the Old Saybrook Police Department to pick him up.

14) Dr. David John, MD – Dr. John will testify concerning his care and treatment of the plaintiff on October 22, 1999 and his observations on that day. Dr. John will base his testimony on the care and treatment of Mr. Hogfeldt and his records of the same.  Dr. John is not specially retained as an expert.

15) Dr. Janet Gordon, MD – Dr. Gordon will testify concerning her care and treatment of the plaintiff on September 24, 1998 and thereafter and her observations on that day. Dr. Gordon will base her testimony on the care and treatment of Mr. Hogfeldt and his records of the same. Dr. Gordon is not specially retained as an expert.

b) The defendants may call the following expert witness:

1) Mr. Joseph Stine, JJS Consulting, PA – Mr. Stine will testify that the officers acted in accordance with proper police procedure and training and did not use excessive force upon the plaintiff. Mr. Stine will testify in accordance with his report which has been previously disclosed to the plaintiff.

2) Dr. David John, MD – Dr. John will testify concerning his care and treatment of the plaintiff on October 22, 1999 and his observations on that day. Dr. John will base his testimony on the care and treatment of Mr. Hogfeldt and his records of the same. Dr. John is not specially retained as an expert.

3) Dr. Janet Gordon, MD – Dr. Gordon will testify concerning her care and treatment of the plaintiff on September 24, 1998 and thereafter and her observations on that day. Dr. Gordon will base her testimony on the care and treatment of Mr. Hogfeldt and his records of the same. Dr. Gordon is not specially retained as an expert.

**4)    List of Exhibits.**

a) The defendants may introduce into evidence one or more of the following exhibits:

Incident Report, Case # 99-1022-003559

Intoxilyzer Report, Case # 99-1022-003559

DUI Arrest and Alcohol Test Form, Case # 99-1022-003559

Notice of Rights, Case # 99-1022-003559

Appearance Bond, Case # 99-1022-003559

ER Department Record, Middlesex Hospital, October 22, 1999

Medical Records, Middlesex Hospital,

Videotape of Mr. Hogfeldt at OSPD.

        Selected Sections of OSPD Rules and Regulations

        Incident Report, Case # 99-0830-010752

        Shift Logs

        Activity Logs

        Photographs of Karl Hogfeldt at OSPD

        Photographs of Interior of OSPD

        Transcript of Proceedings in *State v. Hogfeldt*, MV99-0406893-S

        Incident Report, Case #02-1221-002152

        Map of roads and areas in Old Saybrook relevant to arrest

**5)    Deposition designations and Cross-designations.**

The plaintiff has designated the following depositions that he plans to present to the jury, "concentrating only on the factual specifics relative to the issues at bar: Sergeant Donald Hull; Patrolman David Perrotti ; Patrolman Chris DeMarco; Karl Hogfeldt; Louis Reiter; Ira Kanfer."

The defendants cross-designate insofar as they reserve the right to present trial objections to all or part of the plaitniff's designation on the basis of relevance, hearsay, lack of foundation or an other proper trial objection.  By listing depositions to be read to the jury "concentrating only on the factual specifics relative to the issues at bar" and not listing the testimony by page and line, the defendants are left to speculate what the plaintiff plans to read to the jury.  Such trial by ambush was abolished long ago.

The defendants do not expect to introduce testimony through deposition. They reserve the right, however, to utilize deposition transcripts for impeachment purposes.

**6)    Proposed Jury Instructions and Interrogatories.**

a)    The defendants have attached a copy of their proposed jury instructions as **Exhibit B**. Such instructions are also included in a word processing file on diskette.

b)    The defendants have attached a copy of their proposed special verdict form as **Exhibit C**. Such special verdict form is also included in a word processing file on diskette.

**7)    Motions In Limine/Other Motions.**

a)    The defendants anticipate filing the following motions in limine:

1)    Motion in Limine re: Dr. Kanfer's testimony

2)    Motion in Limine re Mr. Reiter's testimony

3)    Motion in Limine re Other Act Evidence

4)    Motion in Limine re Union Activities

5)    Motion in Limine re Disciplinary Issues

6)    Motion in Limine re existence of "Code of Silence"

7)    Motion in Limine re existence of "cover-up" or "conspiracy"

8)    Motion in Limine re Civilian Complaints

    9)    Motion in Limine re deposition transcripts of Hull, Perrotti and DeMarco

    10)    Motion in Limine re CV and expert reports

    11)    Motion in Limine re Attorney Paul Bialobrzeski

    12)    Motion in Limine re testimony of unnamed FBI agent and investigation, including reports

    13)    Motion in Limine re Decision of DMV Hearing Officer

    14)    Motion in Limine re defendants' discovery responses

    15)    Motion in Limine re medical records of Dr. John S. Goetcheus

    16)    Motion in Limine re "hearsay exception statements" from Tammi Seamons

b)    The defendants will file the following other motions that should be adjudicated in advance of trial:

    1)    Motion to Bifurcate Individual and Municipal Liability Claims.

    2)    Motion for Judgment as a Matter of Law as to Municipal Liability claims against the Town of Old Saybrook

RESPECTFULLY SUBMITTED,

THE DEFENDANTS,
OLD SAYBROOK POLICE DEPARTMENT, SERGEANT DONALD HULL, PATROLMAN DAVID PERRROTTI, PATROLMAN CHRIS DEMARCO, PATROLMAN JAY RANKIN and THE TOWN OF OLD SAYBROOK


/s/John J. Radshaw, III
Thomas R. Gerarde, ct05640
John J. Radshaw, III, ct19882
HOWD & LUDORF
65 Wethersfield Avenue
Hartford, CT  06114
(860) 249-1361
(860) 249-7665 (fax)

## **C E R T I F I C A T I O N**

   This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail to the following counsel of record this 17th day of May 2005.

Bruce E. Newman, Esquire
Newman, Creed & Associates
99 North Street, Route 6
P.O. Box 575
Bristol, CT 06011

A. Paul Spinella, Esquire
Spinella & Associates
One Lewis Street
Hartford, CT  06103

/s/John J. Radshaw, III
Thomas R. Gerarde
John J. Radshaw, III

11