# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KARL HOGFELDT | : | NO.: 3:01 CV 1979 (WWE) |
| | : | |
| v. | : | |
| | : | |
| OLD SAYBROOK POLICE DEPARTMENT; | : | |
| ET AL | : | MAY 17, 2005 |

## DEFENDANTS' PROPOSED JURY INSTRUCTIONS

The defendants, SERGEANT DONALD HULL, PATROLMAN DAVID PERROTTI, PATROLMAN CHRIS DEMARCO, PATROLMAN JAY RANKIN, and the TOWN OF OLD SAYBROOK, submit the following proposed jury instructions:

## I.    INSTRUCTIONS ON 42 U.S.C. § 1983

### The Statute

1.    The law to be applied in this case is the federal civil rights law which provides a remedy for individuals (or other entities) who have been deprived of their constitutional (or statutory) rights under color of state law. Section 1983 of Title 42 of the United States Code states:

> Every person who, under color of any statute, ordinance, regulation, custom or usage of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. 1983.

### Purpose of Statute

2.    Section 1983 creates a form of liability in favor of persons who have been deprived of rights, privileges and immunities secured to them by the United States Constitution and federal statutes. Before section 1983 was enacted in 1871, people so injured were not able to sue state officials or persons acting under color of state law for money damages in federal court. Section 1983 was enacted to give people a federal

remedy enforceable in federal court because it was feared that adequate protection of federal rights might not be available in state courts.

*Authority: Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982); *Imbler v. Pachtman,* 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976); *Mitchum v. Foster,* 407 U.S. 225, 92 S.Ct. 2151, 32 L.Ed.2d 705 (1972); *Monroe v. Pape,* 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961).

## Burden of Proof

3.      I shall shortly instruct you on the elements of plaintiff's section 1983 claim, and on the elements of defendant's affirmative defenses. The plaintiff has the burden of proving each and every element of his section 1983 claim by a preponderance of the evidence.  If you find that any one of the elements of plaintiff's section 1983 claim has not been proven by a preponderance of the evidence, you must return a verdict for the defendant. The defendant has the burden of proving each element of his affirmative defenses.  I shall shortly instruct you on the elements of these defenses.  If you find that any one of the elements of defendant's defenses has not been proven by a preponderance of the evidence, you must disregard the defense.

*Authority: Gomez v. Toledo,* 446 U.S. 635, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980).

## Elements of a Section 1983 Claim

4.      To establish a claim under section 1983, the plaintiff must establish, by a preponderance of the evidence, each of the following three elements:

First, that the conduct complained of was committed by a person acting under color of state law;

Second, that this conduct deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States; and

Third, that the defendant's acts were the proximate cause of the injuries and consequent damages sustained by the plaintiff.

I shall now examine each of the three elements in greater detail.

*Authority:  Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420
(1981).

### First Element-Color of Law

5.      The first element of the plaintiff's claim is that the defendant acted under
color of state law.  The phrase "under color of state law" is a shorthand reference to the
words of section 1983, which includes within its scope action taken under color of any
statute, ordinance, regulation, custom or usage, of any state (or territory or the District
of Columbia).  The term "state" encompasses any political subdivision of a state, such
as a county or city, and also any state agencies or a county or city agency.

Action under color of state law means action that is made possible only because
the actor is clothed with the authority of the state.  Section 1983 forbids action taken
under color of state law where the actor misuses power that he possesses by virtue of
state law.

An actor may misuse power that he possesses by virtue of state law even if his
acts violate state law; what is important is that the defendant was clothed with the
authority of state law, and that the defendant's actions were made possible by virtue of
state law.

*Authority:  Adickes v. S.H. Kress Co.,* 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d
142 (1970); *Monroe v. Pape,* 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); *Screws
v. United States,* 325 U.S. 91, 65 S.Ct. 1031, 89 L.Ed. 1495 (1945); *United States v.
Classic,* 313 U.S. 299, 61 S.Ct. 1031, 85 L.Ed. 1361 (1941); *Hague v. C.I.O.,* 307 U.S.
496, 59 S.Ct. 954, 83 L.Ed. 1423 (1939); *Home Telephone & Telegraph Co. v. City of
Los Angeles,* 227 U.S. 278, 33 S.Ct. 312, 57 L.Ed. 510 (1913); *Ex parte Virginia,* 100
U.S. 339, 25 L.Ed. 676 (1880).

6.      The act of a state official in pursuit of his personal aims that is not
accomplished by virtue of his state authority is not action under color of state law merely
because the individual happens to be a state officer.

*Authority:  Paul v. Davis,* 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976); *Stengel v. Belcher,* 522 F.2d 438 (6th Cir. 1975); *cert. denied,* 429 U.S. 118, 97 S.Ct. 514, 50 L.Ed. 269 (1976).

## Second Element-Deprivation of Right

7.     The second element of the plaintiff's claim is that he was deprived of a federal right by the defendants.  The plaintiff claims that he was deprived of his right to be free from unreasonable seizure in violation of the Fourth Amendment to the United States Constitution.  I will explain the elements of the plaintiff's Fourth Amendment claim later.

*Authority:* Martin A. Schwartz and George C. Pratt, Section 1983 Litigation Jury Instructions, 2002 Supplement, Volume 4, § 3.01.1

## Third Element-Causation

8.  The third element which plaintiffs must prove is that each defendant's acts were a proximate cause of the injuries allegedly sustained by the plaintiffs.  Proximate cause means that there must be a sufficient causal connection between the act or omission of each defendant and any injury or damage allegedly sustained by the plaintiff.  An act or omission is a proximate cause if it was a substantial factor in bringing about or actually causing injury; that is, if the injury or damage was a reasonably foreseeable consequence of each defendant's act or omission, it was proximately caused by such act or omission.  In other words, if a defendant's act or omission had such an effect in producing the injury that reasonable persons would regard it as being a cause of the injury, then the act or omission is a proximate cause.

In order to recover damages for any injury, the plaintiffs must show by a preponderance of the evidence that such injury would not have occurred without the conduct of each of the defendants.  If you find that any defendant has proved, by a preponderance of the evidence, that the plaintiff complains about an injury which would have occurred even in the absence of that defendant's conduct, you must find that the defendant did not proximately cause the plaintiff's injury.

A proximate cause need not always be the nearest cause either in time or in space. In addition, there may be more than one proximate cause of an injury or damage. Many factors or the conduct of two or more people may operate at the same time, either independently or together, to cause an injury.

A defendant is not liable if plaintiff's injury was caused by a new or independent source of an injury, or the plaintiff's own actions, which intervenes or supersedes the defendant's act or omission and the plaintiff's injury and which produces a result which was not reasonably foreseeable by the defendant.

*Authority: Graham v. Western Line Consolidated School District,* 439 U.S. 410, 99 S.Ct. 693, 58 L.Ed.2d 619 (1979); *Mt. Healthy City School District Board of Educ. v. Doyle,* 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977).

**Injury Not Evidence of Intentional Act, Negligence, or Constitutional Violation.**

The plaintiff in this case has claimed that he was injured by the intentional or negligent acts of the defendants and that his constitutional rights were violated. You are advised that the mere fact that a plaintiff may have been injured in the course of his detention is not proof that an intentional or negligent harm, or constitutional violation occurred. You may only impose liability on the defendants if the plaintiff proves an intentional or negligent harm or constitutional violation in accord with the tests and standards as I will explain them to you in the course of these jury instructions.

**Admissibility of Witnesses' Prior Arrests to Show Bias.**

The Court admitted evidence of other contacts between the plaintiff and officers of the Old Saybrook Police Department. Such evidence is received and may be considered only for a limited purpose, to show, to the extent it does tend to show, any bias or prejudice of those witnesses toward the Old Saybrook Police Department.

In short, it is received only insofar as it may tend to reflect on the credibility of the plaintiff's testimony and not for any other purpose. Specifically, it may not be used to show that the plaintiff acted in any particular way on the date of the incident in question. And, further, you should understand that any such evidence is not used to show any

character trait of the plaintiff, or that the plaintiff was or was not guilty in fact of the offense for which he or she was arrested, if he or she was arrested on another occasion.

Again, the purpose of the evidence is limited to your consideration of the question of bias, if any, of the plaintiff against the Old Saybrook Police Department insofar as it tends to show such.

*Authority: Heath v. Cast*, 813 F.2d 254, 259-60 n. 4 (9th Cir. 1987) (approving similar instruction). *Pittsley v. Warish*, 927 F.2d 3 (1st. Cir. 1991). *Eigeman v. City of Great Falls*, 723 F. Supp. 522 (D. Mont. 1989).


## Fourth Amendment Claim-Unreasonable Use of Force

Plaintiff claims that the defendant police officers violated his Fourth Amendment rights by using excessive force after he was lawfully arrested and taken into custody and brought to the Old Saybrook Police Headquarters.  At that time and place, the plaintiff claims that the defendant police officers severely beat him about his head and body causing injuries to his person.  The defendant officers deny that they beat Hogfeldt in any manner or that they used excessive force upon him.

This presents issues of fact for you, the jury, to resolve.  I have prepared for you a series of questions called special interrogatories.  These questions are:

1.      Did the events surrounding the plaintiff's arrest, particularly whether the plaintiff claims that the defendant police officers punched and kicked him, occurred as the plaintiff testified?

2.      Do you find that the plaintiff has proven by a preponderance of the evidence that the defendant police officers used unreasonable force against him in violation of his federal constitutional rights under the Fourth Amendment?

3.      Do you find that the unlawful conduct on the part of the defendant police officers was the proximate cause of injury to the plaintiff?

Each question calls for a yes or no answer. On each question, the plaintiff has the burden of proving by a preponderance of the evidence that the yes answer is correct.  If he fails in that burden as to a question, your will answer the question no.

Let us consider each question in more detail.

Question #1 asks: Did the events surrounding plaintiff's arrest, particularly when the plaintiff claims that the defendant officers punched and kicked him occurred as the plaintiff testified?  You are to answer yes or no.

The plaintiff claims that after Sergeant Hull transported him to the Old Saybrook Police Department, each of the defendants, Sergeant Hull, and Officers DeMarco, Perrotti and Rankin beat Hogfeldt about the head and body causing significant injuries. The plaintiff claims that the defendant officers and each of them pummeled him and pushed him against the cement wall, punched him with lead weighed gloves causing injuries.  The defendant officers deny they punched or otherwise injured the plaintiff. Officers Perrotti, DeMarco and Rankin deny being in a position to even observe these events.  You have heard the testimony of the witnesses and the arguments of counsel as to what actually happened.  It is for you to determine whether the plaintiff has established that all of the defendant officers punched him, and beat him, and you will answer question # 1 accordingly.

If your answer to question # 1 is "no," then you need proceed no further for you will have decided this case in favor of the defendant.  If your answer is "yes," then you must proceed to question # 2 which asks:

2.    Do you find that the plaintiff has proven by a preponderance of the evidence that the defendant used unreasonable force against him in violation of his federal constitutional rights under the Fourth Amendment?  You should answer this question yes or no.

The Fourth Amendment to the United States Constitution states that there shall be no unreasonable seizures. An arrest is a seizure. A police officer may use reasonable force in making an arrest, but the Fourth Amendment prohibits the use of unreasonable force.

Therefore, a person has a constitutional right under the Fourth Amendment to be free of unreasonable force when arrested.

Every person has the right not be subjected to unreasonable or excessive force while being arrested by a law enforcement officer, even though the arrest itself is otherwise in accordance with the law. On the other hand, in making a lawful arrest police officers have the right to use such force as is necessary under the circumstances to effect the arrest, and at the same time to protect themselves or others from physical harm. If you find that the Defendant used force, whether or not the force used in making an arrest was reasonable is an issue to be determined by you, on the basis of that degree of force a reasonable and prudent police officer would have applied in effecting the arrest, under the circumstances in this case.

In a case such as this, where the parties' factual contentions are disputed, you must determine what actually occurred, and how much force was used. The mere fact that the evidence in this case establishes that there was some contact between the plaintiff and the defendant would not be sufficient by itself to demonstrate that the defendant violated the plaintiff's constitutional rights. On the other hand, you may find that, if the defendant punched or struck the plaintiff, the force used was unreasonable and that would render the defendant liable.

If you find that he used force, the question before you is whether the actions of Sergeant Hull on October 21, 1999, were objectively reasonable, meaning what a reasonably prudent police officer would have done under similar conditions in light of the facts and circumstances confronting the officer.

Now the Constitution must not be trivialized. Not every push or shove by a police officer, even if it may later seem unnecessary in the peace and quiet of this courtroom, constitutes unreasonable force. The concept of reasonableness makes allowance for the fact that police officers are often forced to make difficult split-second judgments in circumstances that are sometimes tense, uncertain, dangerous, and rapidly evolving, about the amount of force that is necessary in a particular situation.

In sum, if you find that the plaintiff has established, by a preponderance of the evidence, that the defendant used excessive force when he stopped the plaintiff at the

construction site, the plaintiff is entitled to recover from that defendant for the injuries and damages caused by the excessive force.

However, if you find that the plaintiff has failed to establish, by a preponderance of the evidence that the defendant used unreasonable force at any time, then your verdict will be in favor of the defendant.

If your answer to question # 2 was "no," you will proceed no further. If, however, your answer was "yes," then you will proceed to question # 3, which asks:

3.      Do you find that the unlawful conduct on the part of the defendants was the proximate cause of injury to the plaintiff?  You should answer this question yes or no.

Injury is proximately caused by an act when it appears from the evidence in the case that the conduct with regard to the excessive force played a substantial role in bringing about an injury.

Considering the evidence and these instructions, you should determine whether defendant's excessive force, if proven, proximately caused the plaintiff's injury, and then answer accordingly.

*Authority: Adapted from* Martin A. Schwartz and George C. Pratt, Section 1983 Litigation Jury Instructions, 2004 Supplement, Volume 4, § 7.01.9.

## II.      SECTION 1983 CLAIM AGAINST THE TOWN OF OLD SAYBROOK (if not bifurcated)

### INTRODUCTION

1.      If you have found that any of the individual defendant officers' violated the plaintiff's federally protected rights, then you must also consider the plaintiff's claim against the Town.

Source:  *Schwartz & Pratt, Section 1983 Litigation, Jury Instructions, Volume 4, Section 15.04.1, ¶ 2.*

2.     The fact that an employee or employees of the Town may have deprived the plaintiff of his federally protected rights is not itself a sufficient basis for imposing Section 1983 liability against the Town.

Source:  *Schwartz & Pratt, Section 1983 Litigation, Jury Instructions, Volume 4, Section 15.04.1, ¶ 3.*

3.     This is so because the Town cannot be liable under Section 1983 solely on the basis of an employee's wrongful conduct. *Monell v. New York Dept. of Social Serv.*, 436 U.S. 658, 692 (1978).

Instead, the plaintiff must prove misconduct on behalf of the Town, in other words, that the employee's misconduct was in furtherance of an unlawful policy, ordinance, regulation, or decision officially adopted and ratified by the Town. Id. at 694.

4.     In this case the plaintiff alleges that the policies the Town of Old Saybrook had in place regarding use of force were inadequate.  The plaintiff further claims that even if those policies were adequate, the Town's practice of failing to enforce them constituted a failure to properly supervise, train, hire and retain police officers.

## FAILURE TO ADOPT ADEQUATE POLICIES

1.     When a city adopts a particular course of action it may represent an act of official government "policy." *Amnesty America v. Town of West Hartford*, 361 F.3d 113, 125 (2nd Cir. 2004); citing, *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481 (1986).

2.     Thus, a "policy" may be established by either a policy or decision adopted by the municipality or a single act of a municipality with final policymaking authority. See, *St. Louis v. Prapotnik*, 485 U.S. 112 (1988).

3.     The plaintiff must first prove to you that the Town did not have in place adequate policies, specifically, guidelines or instructions to its officers concerning lawful use of force, in general, and concerning the use and control of police canines.

4.     If the plaintiff has not proven to you a failure by the Town to provide adequate guidelines or instruction concerning lawful use of force, in general, or the use or control of canines, then I instruct you to find in favor of the defendant.

5. If, however, the plaintiff has proven that the Town does not provide adequate guidelines or instructions concerning lawful use of force, the plaintiff must next prove that the claimed omitted guidelines or instructions to its officers was a deliberate and conscious decision by the Town not to adopt the specific policy, that is, proof that the Town of Old Saybrook deliberately omitted the specific guidelines or instructions, and not merely a negligent oversight. *Rhyne v. Henderson County*, 973 F.2d 386, 392 (5th Cir. 1992); citing, *City of Canton*, *Ohio v. Harris*, 489 U.S. 378, 389, 109 S.Ct. 1197, 1205, 103 L.Ed2d 412 (1989); see, also, *City of Oklahoma v. Tuttle*, 471 U.S. 808, 105, S.Ct. 2427, 2436, 85 L.Ed.2d 791 (1985).

6. In your deliberations upon this issue, you may consider whether the absence of the specific guidelines or instructions would have been openly obvious to the Town of Old Saybroook that the likely consequences of not adopting and implementing these policies would likely cause its officers to use unlawful force when making arrests. *City of Canton*, *Ohio v. Harris*, 489 U.S. 378, 390, 109 S.Ct. 1197, 1205, 103 L.Ed2d 412 (1989).

7. Consider for example, a municipality that arms its officers with firearms, knowing to a moral certainty that the armed officers will arrest fleeing felons. The municipality would be deliberately indifferent in failing to adopt a policy to train its officers in the lawful use of deadly force, because the likelihood of unconstitutional consequences of the municipality's omission is obvious. *City of Canton*, *Ohio v. Harris*, 489 U.S. 378, 390, n. 10, 109 S.Ct. 1197, 1205, n. 10, 103 L.Ed2d 412 (1989).

8. If, based on the law I instructed to you, you did find that the plaintiff proved to you by the preponderance of the evidence that the Town of Old Saybrook made a conscious decision not to adopt specific policies, i.e., guidelines or instructions concerning the lawful use of force or use of force, you must next determine whether the plaintiff proved to you that the claimed unlawful use of force by the officers against him was a result of the Town's choice not to adopt such policies. *City of Canton*, *Ohio v. Harris*, 489 U.S. 378, 390, 109 S.Ct. 1197, 1205, n. 10, 103 L.Ed2d 412 (1989); *Amnesty America v. Town of West Hartford*, 361 F.3d 113, 125 (2nd Cir. 2004).

9.      If the plaintiff does not prove his claim upon the law as instructed to you, then you will next consider the plaintiff's claim that, even if the Town did have adequate policies, the Town of Old Saybrook was deliberately indifferent to the rights of citizens or suspects by way of a practice of failing to enforce its policies.

## MUNICIPAL PRACTICE OR CUSTOM – IN GENERAL

1.      A municipal practice or custom has the force of law or "policy" when it has been approved, either expressly or implicitly, by the municipal entity's policymakers, or when the policymakers, after being placed on notice of a practice or custom of unlawful conduct, are deliberately indifferent to it.  Source:  Schwartz & Pratt, Section 1983 Litigation, Jury Instructions, Volume 4, Section 15.04.1, ¶ 6.

2.      Deliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action. *See*, *Board of Commissioners v. Brown*, 520 U.S. 397, 410, 117 S.Ct. 1382 (1997); citing, *City of Canton, Ohio v. Harris*, 489 U.S. 378, 109 S.Ct. 1197, 103 L.Ed2d 412 (1989).

3.      To find a practice or custom of excessive use of force by officers within the Town of Old Saybrook, the plaintiff must prove to you that unlawful use of force of the Town's police officers was so well-settled and widespread within the Town that the Town of Old Saybrook can be said to have either actual or constructive knowledge of it yet did nothing to end the practice.  *Bordanaro v. McLeod*, 871 F.2d 1151, 1156 (1st Cir. 1989); *See*, *St. Louis v. Prapotnik*, 485 U.S. 112, 108 S.Ct. at 925-26 (1988).

4.      The plaintiff must further prove to you a direct casual link between the claimed widespread unlawful use of force within the Town of Old Saybrook and the plaintiff's claim of unlawful use of force. *See*, *City of Canton, Ohio v. Harris*, 489 U.S. 378, 390-91, 109 S.Ct. 1197, 103 L.Ed2d 412 (1989).

## PLAINTIFF'S CLAIM OF A PRACTICE OF FAILING TO ENFORCE POLICIES BY WAY OF A FAILURE TO TRAIN

1.      The plaintiff claims that the Town had a custom or practice of failing to train its officers knowing that its officers would improperly apply its use of force policies

without more training, which was the cause of the individual officers' violation of his constitutional rights.

2.    A municipality is deemed to be deliberately indifferent for a failure to provide proper training if, in light of the duties assigned to the specific officers, the need for more or different training is very obvious and the inadequacy will quite likely lead to the violation of constitutional rights.  *See*, *Amnesty America v. Town of West Hartford*, 361 F.3d 113, 126 (2nd Cir. 2004); citing, *City of Canton, Ohio v. Harris*, 489 U.S. 378, 387-90, 109 S.Ct. 1197, 103 L.Ed2d 412 (1989).

3.    Thus, the plaintiff in the instant case must establish, by a preponderance of the evidence, four elements: (1) one or more of the individual officers violated the plaintiff's federal rights against unlawful use of force; (2) the existence of a pattern or practice by the Town not to adequately train its officers about the proper limits on using force when making arrests; (3) deliberate indifference to or tacit authorization of unlawful use of force by the Town by not providing adequate training of its officers concerning this issue; and (4) that the Town's inadequate training program was the moving force behind the unlawful use of force claimed by the plaintiff in this case. *See*, *City of Canton, Ohio v. Harris*, 489 U.S. 378, 390-91, 109 S.Ct. 1197, 103 L.Ed2d 412 (1989); *Walker v. City of New York*, 974 F.2d 293 (2nd Cir. 1992).

4.    If you find that the plaintiff did not prove one or more of the elements of his claim, then I instruct you to find in favor of the defendant Town of Old Saybrook on the plaintiff's claim of a failure to enforce its policy concerning the training of its officers as to the lawful use of force.

## PLAINTIFF'S CLAIM OF DELIBERATE INDIFFERENCE REGARDING HIRE OR RETENTION

1.    The plaintiff also sets forth a claim against the Town of Old Saybrook claiming that the Town was deliberately indifferent to the rights of citizens by hiring or retaining one or more of the individual officers.

2.    Only where adequate scrutiny of an particular officer's background would lead a reasonable policymaker to conclude that the plainly obvious consequence of the

decision to hire the officer would lead to the deprivation of citizens constitutional rights can the official's failure to adequately scrutinize the officer's background constitute deliberate indifference. *See*, *Board of Commissioners v. Brown*, 520 U.S. 397, 411, 117 S.Ct. 1382 (1997).

3.     With respect to a policymaker's decision to retain an officer, a plaintiff must demonstrate that the decision to retain was a conscious and deliberate choice despite knowing a high probability that the particular officer would in the future violate a citizen's constitutional rights against unlawful use of force.

4.     A finding of liability cannot depend on the mere probability that any officer inadequately hired or retained will inflict any constitutional injury, but must instead depend on a finding that it was plainly obvious that the particular officer in question would inflict the particular injury suffered by the plaintiff. *See*, *Board of Commissioners v. Brown*, 520 U.S. 397, 412, 117 S.Ct. 1382.

5.     Thus, the plaintiff must have proved to you, by the preponderance of the evidence, that the backgrounds of the defendant officers make the use of unlawful force by the officers in the instant case a plainly obvious consequence of the hiring decision or decision to retain the officer. *See*, *Board of Commissioners v. Brown*, 520 U.S. 397, 412, 117 S.Ct. 1382 (1997). The connection between the background of the officers and the specific constitutional violation alleged by the plaintiff in the instant case must be strong. Id.

6.     If you find that the plaintiff has not proven to you that the defendant Town of Old Saybrook was deliberately indifferent to the rights of its citizens by hiring or retaining one of the individual defendant officers, or that such action was the actual cause of his constitutional injury, then you will find in favor of the defendant.

III.    PENDENT STATE LAW CLAIMS

## ASSAULT AND BATTERY - (If not stricken)

The plaintiff also sets forth a state law claim against the defendant officers based on the tort of assault and battery.

The elements of this state law claim of assault and battery generally track the elements of the federal Section 1983 excessive force claim.

A police officer has the right to use as much force in the course of making an arrest, as he reasonably believes necessary in order to make the arrest, protect himself, protect others in the area, and protect persons being arrested.  He can be liable only if the force used was excessive.  See, C.G.S. § 53a-22(b).

The plaintiff claims that the defendant officers, each of them, pushed him against a wall in the Old Saybrook Police Headquarters and pummeled Hogfeldt with lead weighed gloves causing him injuries.  He claims that he was struck about the head and body.  The defendants, Officers DeMarco, Perrotti and Rankin state that they were in no position to witness or participate in such an event and Sergeant Hull was the only individual near to the plaintiff.  Sergeant Hull contends that when Hogfeldt broke away from him he used only so much force as it was necessary to get him under control.

In this assault and battery cause of action, you must determine whether the force used by the defendants was reasonably believed to be necessary.

In making that decision, you must take into consideration all of the circumstances confronting the defendants at the time and place of the incident, including what they saw and what they heard and all the circumstances surrounding the dispute.  The defendants were not required, at their own peril, to measure the precise amount of force necessary.

If you find that the defendants used no more force than they reasonably believed to be necessary, then the defendants committed no assault and battery.

On the other hand, if you find that the plaintiff has established by a preponderance of the evidence that the defendants used more force than they reasonably believed to be necessary then they committed an assault and battery.

Source:  Martin A. Schwartz and George C. Pratt, Section 1983 Litigation Jury Instructions 2002 Supplement, § 12.01.1 Supplemental State Law Claims, p. 12-5.

IV.    **INSTRUCTIONS ON DAMAGES**

## Consider Damages Only if Necessary

If the plaintiff has proven by a preponderance of the credible evidence that defendant is liable on any of the plaintiff's claims, then you must determine the damages to which the plaintiff is entitled.  However, you should not infer that the plaintiff is entitled to recover damages merely because I am instructing you on the elements of damages. It is exclusively your function to decide upon liability, and I am instructing you on damages only so that you will have guidance should you decide that the plaintiff is entitled to recovery.

*Authority:  Eulo v. Deval Aerodynamics, Inc.,* 47 F.R.D. 35 (E.D. Pa. 1969) *modified on other grounds,* 430 F.2d 325 (3d Cir. 1970), *cert. denied,* 401 U.S. 974, 91 S.Ct. 1189, 28 L.Ed.2d 322 (1971); *Krieger v. Bausch,* 377 F.2d 398 (10th Cir. 1967).

## Multiple Claims-Multiple Defendants

21.    I have two more cautionary instructions before I define the types of damages you may award, if you find that the plaintiff has proved liability according to the standards I have enumerated.

First, you should not award compensatory damages more than once for the same injury.  For example, if a plaintiff were to prevail on two claims and establish a one dollar injury, you could not award him one dollar compensatory damages on each claim - he is only entitled to be made whole again, not to recover more than he lost.  Of course, if different injuries are attributed to the separate claims, then you must compensate him fully for all of the injuries.

With respect to punitive damages, you may make separate awards on each of the federal constitutional claims that is established.

Second, you must be careful to impose any damages that you may award on a claim solely upon the defendant or defendants who you find to be liable on that claim. Although there are four (4) defendants in this case, it does not follow that if one is liable, all or any one of the others are liable as well.  Each defendant is entitled to fair, separate and individual consideration of the case without regard to your decision as to

the other defendants.  If you find that only one defendant is responsible for a particular injury, then you must impose damages for that injury only upon that defendant.

Nevertheless, you might find that more than one defendant is liable for a particular injury.  If two or more persons unite in an intentional act that violates another person's right, then all of those persons are jointly liable for the acts of each of them; the law does not require the injured party to establish how much of the injury was done by each particular defendant that you find liable.  Thus, if you find that the defendants who you find to be liable acted jointly, then you may treat them jointly for purposes of ongoing damages.  If you decide that two or more (both) of the defendants are jointly liable on a particular claim, then you may simply determine the overall amount of damages for which they are liable, without breaking that figure down into individual percentages.

## Nominal Damages

22.      If you return a verdict for the plaintiff on a claim, but find that the plaintiff has failed to prove by a preponderance of the evidence that he has suffered any actual damages on that claim, then you must return an award of damages in some nominal amount such as one dollar.  Nominal damages must be awarded when the plaintiff has been deprived of a constitutional right by the defendant, but has suffered no actual damage as a natural consequence of that deprivation.

Authority:  Adapted from 5 Hon. Leonard B. Sand, *et al.*, *Modern Jury Instructions,* Instruction 87-88 (September 1997); *Gibeau v. Nellis,* 18 F.3d 107 (2d Cir 1994).

## Compensatory Damages

23.  The purpose of the law of damages is to award, as far as possible, just and fair compensation for the loss, if any, which resulted from the defendants' violation of the plaintiff's rights.  If you find that the defendant is liable on the claims, as I have explained them, then you must award the plaintiff sufficient damages to compensate him for any injury proximately caused by the defendant's conduct.

These are known as "compensatory damages."  Compensatory damages seek to make the plaintiff whole - that is, to compensate him for the damage that he has suffered.  (If applicable:  Furthermore, compensatory damages are not limited merely to expenses that plaintiff may have borne.  A prevailing plaintiff is entitled to compensatory damages for the physical injury, pain and suffering, mental anguish, shock and discomfort that he has suffered because of a defendant's conduct).

I remind you that you may award compensatory damages only for injuries that a plaintiff proved were proximately caused by a defendant's allegedly wrongful conduct. The damages that you award must be fair and reasonable, neither inadequate nor excessive.  You should not award compensatory damages for speculative injuries, but only for those injuries that a plaintiff has actually suffered or which he is reasonably likely to suffer in the near future.  You may not award compensatory damages against the defendants for conduct you find to have been merely negligent.

In awarding compensatory damages, if you decide to award them, you must be guided by dispassionate common sense.  Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require a plaintiff to prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

In all instances, you are to use sound discretion in fixing an award of damages, drawing reasonable inferences where you deem appropriate from the facts and circumstances in evidence.

*Authority:  Story Parchment Co. v. Paterson Parchment Paper Co.,* 282 U.S. 555, 51 S.Ct. 248,, 75 L.Ed. 544 (1931); *Kinty v. United Mine Workers of America,* 544 F.2d 706 (4th Cir. 1976), cert. denied 429 U.S. 1093 (1977); *Northwestern National Casualty Co. v. McNulty,* 307 F.2d 432 (5th Cir. 1962); *U.C. Castings Co. v. Knight,* 754 F.2d 1363 (7th Cir. 1985); *Luria Brothers & Co., Inc. v. Pielet Brothers Scrap Iron Metal, Inc.,* 600 F.2d 103 (7th Cir. 1979); Connecticut Law of Torts, 3d Ed. § 174; *Markey v. Santangelo,* 195 Conn. 76, 485 A.2d 1305 (1985).

## Mitigation of Damages

24.  In considering damages to award to the plaintiff, you must determine whether the plaintiff could have done something to lessen the harm that he suffered. The burden is on the defendants to prove, by a preponderance of the evidence, that the plaintiff could have lessened the harm that was done to him, and that he failed to do so. If the defendants convince you that the plaintiff could have reduced the harm done to him but failed to do so, the plaintiff are entitled only to damages sufficient to compensate him for the injury that he would have suffered if he had taken appropriate action to reduce the harm done to him.

Authority:  Adapted from 5 Hon. Leonard B. Sand,  *et al., Modern Jury Instructions,* Instructions 87-34 and 87-90 (September 1997).

## Punitive Damages

25.  If you award the plaintiff actual damages, then you may also make them a separate and additional award of exemplary or punitive damages.  You may also make an award of punitive damages even though you find that plaintiff has failed to establish actual damages.  Punitive damages are awarded in the discretion of the jury, to punish a defendant for extreme or outrageous conduct, or to deter or prevent a defendant and others like him from committing such conduct in the future.

You may award the plaintiff punitive damages if you find that the acts or omissions of the defendants were done maliciously or wantonly.  An act or failure to act is maliciously done if it is prompted by ill will or spite towards the injured person.  An act or failure to act is wanton if done in a reckless or callous disregard of, or indifference to, the rights of the injured person.  The plaintiff has the burden of proving, by a preponderance of the evidence, that defendant acted maliciously or wantonly with regard to the plaintiff's rights.

Intent to injure exists when the defendant has a conscious desire to violate federal laws of which he is aware, or when the defendant has a conscious desire to injure plaintiff in a manner he knows to be unlawful.  A conscious desire to perform the physical acts that caused plaintiff's injury, or to fail to undertake certain acts, does not

by itself establish that defendant has a conscious desire to violate rights or injure plaintiff unlawfully.

If you find by a preponderance of the evidence that a defendants acted with malicious intent to violate plaintiff's federal rights or unlawfully injure him or if you find that a defendant acted with a callous or reckless disregard of the plaintiff's rights, then you may award punitive damages. An award of punitive damages, however, is discretionary; that is, if you find that the legal requirements for punitive damages are satisfied, then you may decide to award punitive damages, or you may decide not to award them.

You may not award punitive damages against the defendants for conduct you find to have been merely negligent.

In making this decision, you should consider the underlying purpose of punitive damages. Punitive damages are awarded in the jury's discretion to punish a defendant for outrageous conduct or to deter him and others like him from performing similar conduct in the future. Thus, in deciding whether to award punitive damages, you should consider whether defendant may be adequately punished by an award of actual damages only, or whether the conduct is so extreme and outrageous that actual damages are inadequate to punish the wrongful conduct. You should also consider whether actual damages standing alone are likely to deter or prevent this defendant from again performing any wrongful acts he may have performed, or whether punitive damages are necessary to provide deterrence. Finally, you should consider whether punitive damages are likely to deter or prevent other persons from performing wrongful acts similar to those defendant may have committed.

If you decide to award punitive damages, these same purposes should be considered by you in determining the appropriate sum of money to be awarded as punitive damages. That is, in fixing the sum to be awarded, you should consider the degree to which defendant should be punished for his wrongful conduct, and the degree to which an award of one sum or another will deter a defendant or persons like him from committing wrongful acts in the future.

The extent to which a particular sum of money will adequately punish a defendant, and the extent to which a particular sum will adequately deter or prevent future misconduct, may depend upon the financial resources of the defendant against which damages are awarded. Therefore, if you find that punitive damages should be awarded against the defendant, you may consider the financial resources of the defendant in fixing the amount of such damages.

*Authority:* *Memphis Community School District v. Stachura,* 477 U.S. 299, 106 S.Ct. 2537, 91 L.Ed.2d 249 (1986); *Smith v. Wade,* 461 U.S. 30, 103 S.Ct. 1625, 75 L.Ed.2d 632 (1983); *City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981); *Carlson v. Green,* 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980); *Carey v. Piphus,* 435 U.S. 247, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978); *Vasbinder v. Ambach,* 926 F.2d 1333 (2d Cir. 1991); *Abraham v. Pekarski,* 728 F.2d 167 (3d Cir. 1984); *Longoria v. Wilson,* 730 F.2d 300 (5th Cir. 1984); *Lee v. Southern Homes Sites Corp.,* 429 F.2d 290 (5th Cir. 1970); *Walker v. Norris,* 917 F.2d 1449 (6th Cir. 1990); *Bogan v. Stroud,* 958 F.2d 180 (7th Cir. 1992); *Crawford v. Garnier,* 719 F.2d 1317 (7th Cir. 1983); *Cunningham v. City of Overland,* 804 F.2d 1069 (8th Cir. 1986); *Wade v. Haynes,* 663 F.2d 778 (8th Cir. 1981), *aff'd sub nom., Smith v. Wade,* 461 U.S. 30 (1983); *Kennedy v. Los Angeles Police Department,* 901 F.2d 702 (9th Cir. 1990); *Green v. Johnson,* 977 F.2d 1383 (10th Cir. 1992); *Jolivet v. Deland,* 966 F.2d 573 (10th Cir. 1992); *Glover v. Alabama Dept. of Corrections,* 734 F.2d 691 (11th Cir. 1984); Connecticut Law of Torts, 3d Ed., § 174; *Markey v. Santangelo,* 195 Conn. 76, 485 A.2d 1305 (1985).

## V.    SPECIAL VERDICT WITH INTERROGATORIES

26.    When you retire to the jury room to conduct your deliberations, I will ask you to record your findings on a special verdict form which the clerk will provide for you. The special verdict form contains a number of interrogatories to which you are asked to respond either "YES" or "NO."  You should carefully follow the instructions contained on the special verdict form, and answer only those interrogatories which are necessary in order for you to conclude your deliberations.  On the other hand, you should answer each and every one of the interrogatories on the special verdict form except where the instructions indicate otherwise.  Your response to each interrogatory must be unanimous, and must reflect the conscientious judgment of each juror.

Should you need to reach the damages issue, the special verdict form also contains appropriate spaces in which you are asked to record the amount of damages to be awarded.  As with your answers to each of the questions contained on the form, your award of damages, if any, must be unanimous and must reflect the conscientious judgment of each juror.

Authority:  Adapted from Modern Federal Jury Instructions § 78.01, Instruction No. 78-8 (1993).

## VI.    ADDITIONAL REQUESTS

The parties respectfully request leave to supplement their request for jury instructions after the evidence and prior to the charging conference. This request is made in an abundance of caution and on the theory that the defendants cannot reasonably anticipate how the evidence will be presented and what instructions, in addition to the foregoing and accompanying legal issues, will be necessary to enable the jury to reach their verdict.

THE DEFENDANTS,

OLD SAYBROOK POLICE DEPARTMENT, SERGEANT DONALD HULL, PATROLMAN DAVID PERRROTTI, PATROLMAN CHRIS DEMARCO, PATROLMAN JAY RANKIN and THE TOWN OF OLD SAYBROOK

/s/John J. Radshaw, III_____
Thomas R. Gerarde, ct05640
John J. Radshaw, III, ct19882
HOWD & LUDORF, LLC
65 Wethersfield Avenue
Hartford, CT  06114
(860) 249-1361
(860) 249-7665 (fax)