UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KARL HOGFELDT | : | NO.: 3:01CV1979 (WWE) |
| | : | |
| v. | : | |
| | : | |
| OLD SAYBROOK POLICE DEPARTMENT | : | |
| SERGEANT DONALD HULL; PATROLMAN | : | |
| DAVID PERRROTTI; PATROLMAN CHRIS | : | |
| DEMARCO; PATROLMAN JAY RANKIN; | : | |
| EACH INDIVIDUALLY AND AS POLICE | : | |
| OFFICERS AND MEMBERS OF THE OLD | : | |
| SAYBROOK POLICE DEPARTMENT; AND | : | |
| THE TOWN OF OLD SAYBROOK | : | AUGUST 12, 2005 |

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S SUPPLEMENTAL EXPERT WITNESS DISCLOSURE**

The Defendants in the above-captioned matter hereby submit this Memorandum of Law in Opposition to the Plaintiff's Motion to Strike Defendants' Supplemental Expert Witness Disclosure, dated July 19, 2005, and request that this Court deny Plaintiff's motion because the Defendants' late disclosure, if required, was unavoidable as Plaintiff failed to provide a medical authorization sufficient to obtain the relevant medical records from the experts identified in their supplemental expert disclosure. The records sought became relevant to the instant action when it became apparent, based upon medical records provided to Defendants, that Plaintiff has a historic pattern of chronic alcohol abuse and engaging in physical altercations.  Defendants sought HIPAA compliant medical authorizations from Plaintiff sufficient to obtain the relevant medical records, which Plaintiff failed to provide.  Defendants subsequently obtained the relevant medical records by way of subpoena.  Said medical records are relevant and material to the

instant action, and, as such, testimony from the providers of such treatment related to the medical records is relevant and material. Defendants disclosed the experts as a result of the medical records obtained by way of subpoena.

Furthermore, pursuant to Fed. R. Civ. P. 26, a disclosure of an expert witness must only "be accompanied by a written report prepared and signed by the witness" if said witness "*is retained or specially employed to provide expert testimony in the case* or whose duties as an employee of the party regularly involve giving expert testimony." Fe. R. Civ. P. 26 (emphasis added). Plaintiff's own treating experts were not retained or specially employed to provide expert testimony in this case.

## I.    BACKGROUND

This suit stems from the arrest of the plaintiff, Karl Hogfeldt, on October 22, 1999, for the charge of speeding and driving under the influence of alcohol. The plaintiff alleges that the defendants utilized unnecessary and excessive force following his arrest, causing significant injuries to his person. The plaintiff seeks compensatory and punitive damages.

The Defendant officers deny liability, and assert that all of their actions were reasonable and justified under the circumstances.

**II.    LAW AND ARGUMENT**

    **A.    THE DEFENDANTS ARE NOT REQUIRED TO DISCLOSE AN EXPERT OR PROVIDE A SIGNED REPORT FROM AN EXPERT WITH SAID EXPERT'S DISCLOSURE UNLESS THE EXPERT IS RETAINED OR SPECIALLY EMPLOYED TO PROVIDE EXPERT TESTIMONY.**

Federal Rules of Civil Procedure 26 provides in relevant part:

> **(2) Disclosure of Expert Testimony.**
>
> **(A)** In addition to the disclosures required by paragraph (1), a party shall disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.
>
> **(B)** Except as otherwise stipulated or directed by the court, this disclosure shall, *with respect to a witness who is retained or specially employed to provide expert testimony* in the case or whose duties as an employee of the party regularly involve giving expert testimony, be accompanied by a written report prepared and signed by the witness.

Fed. R. Civ. P. 26 (emphasis added).

"The requirement of a written report in paragraph (2)(B), however, applies only to those experts who are retained or specially employed to provide such testimony in the case or whose duties as an employee of a party regularly involve the giving of such testimony. A treating physician, for example, can be deposed or called to testify at trial without any requirement for a written report." Federal Rules of Civil Procedure Rule 26 (Advisory Comittee Note). "Treating physicians testifying to their personal consultation with a patient are not considered expert witnesses pursuant to Fed.R.Civ.P. 26(b)(4)(C)." *Brundidge v. City of Buffalo*, 79 F.Supp.2d 219, 224 (W.D.N.Y. 1999). Therefore, treating physicians are free to testify to opinions formed in the course of treating parties to a suit, without regard to the disclosure requirements of Rule 26(a)(2), Fed.R.Civ.P. *Zanowic v. Ashcroft,* 2002 WL 373229, *2 (S.D.N.Y.) (S.D.N.Y. 2002).

In this case, Defendants disclosed the Plaintiff's treating physicians in an abundance of caution, as soon as it became apparent that their testimony was relevant

3

and material. Defendants were not *required* to disclose these experts or provide a report from them as they were not specifically retained to provide expert testimony and their testimony is essentially purely factual in nature. Furthermore, Plaintiff could not have suffered prejudice from the late disclosure of his own treating physicians, as Plaintiff is fully aware of the testimony that may be presented by them. Indeed, the Defendants listed both Dr. David John and Dr. Janet Gordon in their Trial Memorandum dated May 17, 2005, without any objection by Plaintiff. As such, the Plaintiff's motion to strike should be denied.

> **B.  EVEN IF DEFENDANTS ARE REQUIRED TO DISCLOSE THESE EXPERTS PURSUANT TO FED. R. CIV. P. 26, THEY HAD SUBSTANTIAL JUSTIFICATION FOR NOT DISCLOSING THEM EARLIER AND THE LATE DISCLOSURE IS HARMLESS.**

> **(c) Failure to Disclose; False or Misleading Disclosure; Refusal to Admit.**
>
> **(1)** A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.

Fed. R. Civ. P. 37.

In this case, even if the Defendants were required to disclose the Plaintiff's own treating experts to him, Defendants had substantial justification for not disclosing the treating physicians earlier. Defendants served interrogatories and production requests upon the Plaintiff requesting him to identify and provide his treating physicians and records for the injuries allegedly sustained as a result of this incident. Plaintiff disclosed this information. Upon reviewing these records, it became apparent, that Plaintiff had a historic pattern of chronic alcohol abuse and engaging in physical altercations.

Defendants then sought HIPAA compliant medical authorizations from Plaintiff sufficient to obtain the relevant historic medical records, which Plaintiff failed to provide. Defendants subsequently obtained the relevant medical records by way of subpoena. Said medical records are relevant and material to the instant action, and, as such, testimony from the providers of such treatment related to the medical records is relevant and material. Defendants then disclosed the experts as a result of the medical records obtained by way of subpoena. As such, Defendants had substantial justification in disclosing these experts at this time in that they were not known sooner because Plaintiff failed to provide the requested medical authorizations. It should also be noted that Plaintiff has already disclosed Dr. David John to Defendants, essentially rendering Plaintiff's motion with respect to his disclosure moot.

Finally, even if Defendants did not have substantial justification in disclosing these experts at this time, the late disclosure is harmless in that the experts disclosed are the Plaintiff's own treating physicians and were disclosed as witnesses in the Trial Memorandum. Indeed, Plaintiff's counsel did not want such information to be received by Defendants because of its possible prejudice to his client's case.

Based on the foregoing, Plaintiff's Motion to Strike Defendants' Supplemental Expert Witness Disclosure should be denied.

DEFENDANTS,
OLD SAYBROOK POLICE DEPARTMENT,
SERGEANT DONALD HULL, PATROLMAN
DAVID PERRROTTI, PATROLMAN CHRIS
DEMARCO, PATROLMAN JAY RANKIN
AND THE TOWN OF OLD SAYBROOK


___/s/ John J. Radshaw, III____
John J. Radshaw, III
ct19882
Howd & Ludorf, LLC
65 Wethersfield Avenue
Hartford, CT  06114
(860) 249-1361
(860) 249-7665 (fax)
E-mail:  jradshaw@hl-law.com

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail to the following counsel of record this 12th day of August, 2005.

Bruce E. Newman, Esquire
Newman, Creed & Associates
99 North Street, Route 6
P.O. Box 575
Bristol, CT 06011

A. Paul Spinella, Esquire
Spinella & Associates
One Lewis Street
Hartford, CT  06103

                                    ___/s/ John J. Radshaw, III____
                                    John J. Radshaw, III