UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

KARL HOGFELDT : NO.: 3:01CV1979(WWE)

v. :

OLD SAYBROOK POLICE DEPARTMENT, :
ET AL : SEPTEMBER 12, 2005

**DEFENDANTS' MOTION FOR ORDER TO DISCLOSE FEDERAL BUREAU OF INVESTIGATION RECORDS**

I. **BACKGROUND**

The essential controversy in this case is whether Karl Hogfeldt was assaulted by Sgt. Hull in an interview room at Old Saybrook Police Headquarters on the evening of October 21, 1999 or in the early morning hours of October 22, 1999.

On October 21, 1999, at approximately 11:00 p.m., Old Saybrook Police Sergeant Donald Hull began his patrol shift in the Town of Old Saybrook. At approximately 12:30 a.m. on October 22, 1999, Sergeant Hull made a stop of a vehicle operated by the plaintiff, Karl Hogfeldt, after witnessing the vehicle's erratic operation and excessive speed. After stopping the vehicle and upon approaching the same, Sergeant Hull noted a strong smell of alcohol emanating from Mr. Hogfeldt's person. Mr. Hogfeldt refused to perform field sobriety tests. Officer Rankin arrived shortly after the stop to back-up Sergeant Hull. Officer Rankin observed Hogfeldt attempting field sobriety tests administered by Sergeant Hull. Sergeant Hull placed Mr. Hogfeldt under arrest for driving under the influence. Mr. Hogfeldt was then brought to the Old Saybrook Police Department.

While at the Old Saybrook Police Department, Mr. Hogfeldt physically resisted and was uncooperative during the search of his person, which prompted Sergeant Hull to grab and hold Mr. Hogfeldt's left arm. Mr. Hogfeldt pulled away from Sergeant Hull and struck his face against the wall of the interview room, which was approximately 18 inches from his left side.

As a result of the incident, the plaintiff has brought the following action against the defendants. The plaintiff's four-count Complaint contains the following federal and state law causes of action. In the first count, the plaintiff has alleged that a violation of his constitutional rights were caused by the implementation of a custom, policy or act of the Town of Old Saybrook by refusing or failing to screen, train, supervise and discipline police officers adequately, or by refusing or failing to prevent assault and batteries from occurring at their police headquarters.

In addition to this claim against the Town of Old Saybrook, the plaintiff alleges, under 42 U.S.C. § 1983, that the individual defendants deprived the plaintiff of the following constitutional rights: (1) Fourth Amendment right to be secure in his person against unreasonable searches and seizures, including freedom from unreasonable physical abuse, coercion and intimidation; (2) Fifth and Fourteenth Amendment due process and equal protection of the law. Lastly, the plaintiff claims that the Town of Old Saybrook is liable to the plaintiff for the individual defendants' alleged civil rights violations, and bases this claim upon the authority of Conn. Gen. Stat. § 7-465. The plaintiff further alleges the following pendent state law causes of action: (1) assault and battery against all named defendants; (2) assault and battery against the Town of Old Saybrook, pursuant to Conn. Gen. Stat. § 7-465.

In the plaintiff's pretrial memorandum, plaintiff disclosed his intent to offer FBI records related to their investigation of plaintiff's allegations that the defendants violated his civil rights and testimony from the investigating FBI Agent. As such, pursuant to Title 5 U.S.C. § 552a(b)(11), the defendants hereby move the court for an order authorizing the disclosure of the following United States Department of Justice Federal Bureau of Investigation ("FBI") records, located in New Haven, Connecticut, related to the above matter and referenced as FBI File No. 282A-NH-40281:

1. Witness Statements (redacted versions attached hereto as **Exhibit A**).

2. Any statements or information conveyed by Karl Hogfeldt including information contained in agent notes.

3. Any correspondence or communication, including information contained or conveyed in agent notes, from Plaintiff's attorneys, A. Paul Spinella and Bruce Newman.

4. Agent interview notes.

5. Documents identifying the name and location of the investigating agents.

II. **LAW AND ARGUMENT.**

    A. **THE COURT MAY ORDER THE DISCLOSURE OF THESE FBI RECORDS BECUASE THEY ARE RELEVANT TO THIS MATTER**

Title 5 U.S.C.A. § 552a states in relevant part: "No agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains, unless disclosure of the record would be . . . pursuant to the order of a court of competent jurisdiction." 5

3

U.S.C.A § 552a.

In *Laxalt v. McClatchy*, 809 F.2d 885, 888 (D.C. Cir. 1987) the court stated, "the plain language of the statute [5 U.S.C. 552a] permits disclosure 'pursuant to the order of a court of competent jurisdiction.'" *Laxalt v. McClatchy*, 809 F.2d 885, 888 (D.C. Cir.1987) (*quoting* 5 U.S.C. § 552a(b)(11) (1982)). "Neither the statute nor anything in its legislative history specifies the standards for issuance of such a court order. We therefore find no basis for inferring that the statute replaces the usual discovery standards of the FRCP-in particular, Rules 26 and 45(b)-with a different and higher standard." *Laxalt v. McClatchy*, 809 F.2d 885, 888 (D.C. Cir. 1987). "We therefore hold that a party can invoke discovery of materials protected by the Privacy Act through the normal discovery process and according to the usual discovery standards, and the test of discoverability is the relevance standard of Rule 26(b)(1) of the FRCP." *Id.* at 889.

Defendants requested a complete copy of the investigation file in the possession of the United States Department of Justice Federal Bureau of Investigation on July 8, 2005, relating to its investigation of Karl Hogfeldt's allegation that the defendants violated his civil rights. The FBI responded by providing redacted versions of two statements in its possession citing Title 5 U.S.C. § 552(a)b as the reason it could not disclose all of the requested information.

One of these statements is believed to be the statement of Doris Valenti, who is now deceased. Stephen White, a witness listed as potentially testifying for the plaintiff, is believed to have made the other statement. These individuals are both believed to have been with Karl Hogfeldt after he was released from police custody. These statements, in part, detail Hogfeldt's activities after he left the police defendants'

4

custody. Furthermore, plaintiff's counsel has expressed his intent to call the investigating FBI agent as a witness in this case. Finally, the investigation conducted by the FBI involved near identical issues and operative facts. As such, the information sought by defendants is relevant to this civil action.

However, in order for the FBI to disclose the information sought, Title 5 U.S.C. § 552a(b)(11) requires a Court order authorizing its disclosure. The FBI has conveyed to defendants that any order to disclose the information sought issued by this Court must specifically state:

> **The Court has considered the provisions of the Privacy Act and its purposes have been considered and the information sought is relevant to this proceeding.**

(See Letter from FBI dated August 2, 2005, attached hereto as **Exhibit B**). As such, defendants move for an order consistent with the above referenced parameters and have attached a proposed order hereto as **Exhibit C**.

WHEREFORE, the defendants pray that their motion granted.

> THE DEFENDANTS,
> OLD SAYBROOK POLICE DEPARTMENT, SERGEANT DONALD HULL, PATROLMAN DAVID PERROTTI, PATROLMAN CHRIS DEMARCO, PATROLMAN JAY RANKIN AND THE TOWN OF OLD SAYBROOK
>
> _____
> Jeffrey E. Potter, ct26356
> HOWD & LUDORF, LLC
> 65 Wethersfield Avenue
> Hartford, CT  06114
> (860) 249-1361
> (860) 249-7665 (fax)

## CERTIFICATION

This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail to the following counsel of record this 12th day of September 2005.

Bruce E. Newman, Esquire
Newman, Creed & Associates
99 North Street, Route 6
P.O. Box 575
Bristol, CT 06011

A. Paul Spinella, Esquire
Spinella & Associates
One Lewis Street
Hartford, CT 06103

David Rhieu
Chief Division Counsel
FBI New Haven
600 State Street
New Haven, CT 06511-6505

Jeffrey E. Potter