**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| KARL HOGFELDT | : | NO.:  3:01CV1979 (WWE) |
| | : | |
| v. | : | |
| | : | |
| OLD SAYBROOK POLICE DEPARTMENT, | : | |
| ET AL | : | SEPTEMBER 13 , 2005 |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANTS' MOTION IN LIMINE RE TESTIMONY OF ATTORNEY PAUL**
**BIALOBRZESKI**

**I.   BACKGROUND.**

The essential controversy in this case is whether Karl Hogfeldt was assaulted by Sgt. Hull in an interview room at Old Saybrook Police Headquarters on the evening of October 21, 1999 or in the early morning hours of October 22, 1999.

On October 21, 1999, at approximately 11:00 p.m., Old Saybrook Police Sergeant Donald Hull began his patrol shift in the Town of Old Saybrook. At approximately 12:30 a.m. on October 22, 1999, Sergeant Hull made a stop of a vehicle operated by the plaintiff, Karl Hogfeldt, after witnessing the vehicle's erratic operation and excessive speed.  After stopping the vehicle and upon approaching the same, Sergeant Hull noted a strong smell of alcohol emanating from Mr. Hogfeldt's person.  Mr. Hogfeldt refused to perform field sobriety tests.  Officer Rankin arrived shortly after the stop to back-up Sergeant Hull. Officer Rankin observed Hogfeldt attempting field sobriety tests administered by Sergeant Hull. Sergeant Hull placed Mr. Hogfeldt under arrest for driving under the influence.  Mr. Hogfeldt was then brought to the Old Saybrook Police Department.

While at the Old Saybrook Police Department, Mr. Hogfeldt physically resisted

and was uncooperative during the search of his person, which prompted Sergeant Hull to grab and hold Mr. Hogfeldt's left arm. Mr. Hogfeldt pulled away from Sergeant Hull and struck his face against the wall of the interview room, which was approximately 18 inches from his left side.

As a result of the incident, the plaintiff has brought the following action against the defendants. The plaintiff's four-count Complaint contains the following federal and state law causes of action. In the first count, the plaintiff has alleged that a violation of his constitutional rights were caused by the implementation of a custom, policy or act of the Town of Old Saybrook by refusing or failing to screen, train, supervise and discipline police officers adequately, or by refusing or failing to prevent assault and batteries from occurring at their police headquarters.

In addition to this claim against the Town of Old Saybrook, the plaintiff alleges, under 42 U.S.C. § 1983, that the individual defendants deprived the plaintiff of the following constitutional rights: (1) Fourth Amendment right to be secure in his person against unreasonable searches and seizures, including freedom from unreasonable physical abuse, coercion and intimidation; (2) Fifth and Fourteenth Amendment due process and equal protection of the law. Lastly, the plaintiff claims that the Town of Old Saybrook is liable to the plaintiff for the individual defendants' alleged civil rights violations, and bases this claim upon the authority of Conn. Gen. Stat. § 7-465. The plaintiff further alleges the following pendent state law causes of action: (1) assault and battery against all named defendants; (2) assault and battery against the Town of Old Saybrook, pursuant to Conn. Gen. Stat. § 7-465.

The defendants expect the plaintiff to offer testimony from Attorney Paul Bialobrzeski. The Defendants move to exclude the testimony of Attorney Bialobrzeski as his testimony is irrelevant and Plaintiff never previously disclosed this witness as possibly testifying at trial before the Plaintiff submitted his trial memorandum. As such, Defendants had no opportunity to depose this witness and are prejudiced as a result.

**II.   LAW AND ARGUMENT.**
    **A.   STANDARD OF REVIEW**

Federal Rules of Civil Procedure 26 states in relevant part,

> **(a) Required Disclosures; Methods to Discover Additional Matter.**
>
> **(1) Initial Disclosures.** Except in categories of proceedings specified in Rule 26(a)(1)(E), or to the extent otherwise stipulated or directed by order, a party must, without awaiting a discovery request, provide to other parties:
>
> **(A)** the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information;
>
> **(B)** a copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment;

Fed. R, of Civ. P. 26.

"Federal Rule of Civil Procedure 37(c)(1) ("Rule 37(c)(1)") provides that [a] party that without substantial justification fails to disclose information required by Rule 26(a) or Rule 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial ... any witness or information not so disclosed. Rule 37(c)(1)'s preclusionary sanction is

3

'automatic' absent a determination of either 'substantial justification' or 'harmlessness."  Design Strategies, Inc. v. Davis, 2005 WL 1026556, *2 (S.D.N.Y.) (S.D.N.Y.,2005) (internal quotation marks and citations omitted) (alteration in original ).

When considering whether to impose Rule 37's exclusion sanction, courts in this Circuit consider (1) the party's explanation for the delay in advancing the new evidence; (2) the importance of the precluded evidence; (3) the prejudice suffered by the opposing party; and (4) the possibility of a continuance.  Point Productions A.G. v. Sony Music Entertainment, Inc., 2004 WL 345551, *9 (S.D.N.Y.) (S.D.N.Y. 2004).

**B.    ATTORNEY BIALOBRZESKI'S TESTIMONY IS IRRELEVANT.**

"All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible."  Fed. R, Evid. 402.  "Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Fed. R. Evid. 401.

Plaintiff in this case entered a plea of no contest to charges of driving while intoxicated.  (See Transcripts of Plaintiff's Plea, attached hereto as **Exhibit A**).  Plaintiff has not alleged a claim for arrest without probable cause in his complaint.  As such, attorney's fees and testimony regarding the underlying criminal charges are irrelevant to any issue in this case, with the exception of the fact that the Plaintiff was intoxicated.  As Plaintiff entered a plea of no contest to the driving while intoxicated charge, Plaintiff should not now be permitted to argue that he wasn't intoxicated.  As such, the testimony

of Attorney Bialobrzeski, Plaintiff's attorney who represented him in the criminal case, is irrelevant.

### C. PLAINTIFF MUST BE PRECLUDED FROM OFFERING TESTIMONY FROM ATTORNEY BIALOBRZESKI BECAUSE HE WAS NEVER PREVIOUSLY DISCLOSED AS A WITNESS IN THIS CASE.

Plaintiff never previously disclosed Attorney Bialobrzeski as a potential witness in the case, despite the requirements of Federal Rules of Civil Procedure 26. As such, Defendants never deposed Attorney Bialobrzeski. Furthermore, Plaintiff had no justification for not disclosing Attorney Bialobrzeski as Plaintiff was fully aware he had potentially relevant information and Defendants sought information in discovery that would have been provided by Attorney Bialobrzeski. Therefore, even if relevant, Plaintiff must be precluded from offering testimony from Attorney Bialobrzeski pursuant to Federal Rules of Civil Procedure Rule 37.

### D. PLAINTIFF NEVER DISCLOSED INVOICES OR BILLS, DESPITE REQUESTS FOR PRODUCTION OF THESE ITEMS.

Defendants sought, by way of production requests dated November 9, 2001, "All invoices generated by any attorney who represented you in any criminal charges filed against you as a result of any of the alleged activities of the defendants" which Plaintiff never produced for Defendants. (See, Defendants Requests for Production at 13, attached hereto as **Exhibit B**.) As such, Defendants could not anticipate that the Plaintiff would attempt to offer testimony from Attorney Bialobrzeski because Defendants failed to even produce these invoices.

5

**III.    CONCLUSION.**

For the reasons stated above, the defendants pray that their motion in limine is granted.

>                    THE DEFENDANTS,
>                    OLD SAYBROOK POLICE
>                    DEPARTMENT, SERGEANT DONALD
>                    HULL, PATROLMAN DAVID
>                    PERROTTI, PATROLMAN CHRIS
>                    DEMARCO, PATROLMAN JAY
>                    RANKIN AND THE TOWN OF OLD
>                    SAYBROOK
>
>
>                    _____/s/ John J. Radshaw, III____
>                    John J. Radshaw, III, ct 19882
>                    HOWD & LUDORF, LLC
>                    65 Wethersfield Avenue
>                    Hartford, CT  06114
>                    (860) 249-1361
>                    (860) 249-7665 (fax)

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail to the following counsel of record this day of 13th September, 2005.

Bruce E. Newman, Esquire
Newman, Creed & Associates
99 North Street, Route 6
P.O. Box 575
Bristol, CT 06011

A. Paul Spinella, Esquire
Spinella & Associates
One Lewis Street
Hartford, CT 06103

                                                                        _____/s/ John J. Radshaw, III_____
                                                                        John J. Radshaw, III