```
NO.  M09M-MV990406893S         :  SUPERIOR COURT

STATE OF CONNECTICUT           :  JUDICIAL DISTRICT OF MIDDLESEX

VS.                            :  AT MIDDLETOWN, CONNECTICUT

KARL R. HOGFELDT               :  MAY 30, 2001
```

B E F O R E:

        HONORABLE CAROL A. WOLVEN,
           PRESIDING JUDGE

A p p e a r a n c e s:

   For the State:
      BARBARA HOFFMAN, ESQ.
      STATE'S ATTORNEY OFFICE
      One Court Street
      Middletown, Connecticut  06457

   For the Defendant:
      PAUL A. BIALOBREZESKI, ESQ.
      50 Bank Street
      Waterbury, Connecticut  06702

                            Kathleen Dion
                            Court Recording Monitor
                            One Court Street
                            Middletown, Connecticut  06457

```
 1        (Prior proceedings were not requested.)
 2             ATTORNEY HOFFMAN:  Karl Hogfeldt.  The matter is
 3   on the pre-trail docket.
 4             ATTORNEY BIALOBRZESKI:  Good morning, Your Honor.
 5   Paul Bialobrzeski for Mr. Hogfeldt who is approaching
 6   the bench.
 7             Your Honor, this case appeared on the trial list.
 8   We would like to proceed with a written plea of nolo
 9   contendere.  To that extent, I would move that the
10   prior pleas and election be withdrawn.
11             THE COURT:  Prior plea and elections are withdrawn.
12             ATTORNEY BIALOBRZESKI:  And that I would be allowed
13   to approach the Clerk.
14             THE COURT:  Yes.
15             ATTORNEY BIALOBRZESKI:  Thank you.  Your Honor, the
16   outline of the plea agreement is upon a finding of
17   guilty would be the DWI.  Six months execution
18   suspended.  Eighteen months probation.  The specific
19   conditions of probation being:  No driving without a
20   valid either work or regular license.  Alcohol treatment
21   testing evaluation per Adult Probation.  One hundred
22   hours of community service and that the fines total
23   $500.00.
24             Probation fee, $200.00 and the regular cost and
25   fees $78.00, but the plea agreement would be that he
26   make an $800.00 charitable contribution within the time
27   limits of the probation, the eighteen months; and then --
```

1    well, open counts nolled upon acceptance of the plea.
2         THE COURT: Is that right?
3         ATTORNEY HOFFMAN: Yes, part of the plea agreement,
4    so …
5         THE COURT: Okay.
6         ATTORNEY HOFFMAN: The State is going to ask that
7    he be put to plea operating under the influence.
8         THE CLERK: Karl Hogfeldt, according to this
9    information you are charged with operating under the
10   influence, Connecticut General Statute 14-227a. To this
11   how do you plea; guilty or not guilty?
12        ATTORNEY BIALOBRZESKI: He's submitted a written
13   form of nolo contendere, Your Honor.
14        THE COURT: Okay. Mr. Hogfeldt, I am going to ask
15   you some questions about your nolo contendere plea. I
16   want to make sure that it is voluntary; do you
17   understand?
18        MR. HOGFELDT: Yup.
19        THE COURT: Have you had enough time to speak to
20   your attorney?
21        MR. HOGFELDT: Yes.
22        THE COURT: And are you satisfied with his advice?
23        MR. HOGFELDT: Yes.
24        THE COURT: Do you understand that by pleading
25   guilty you are giving up certain rights including your
26   right to plea not guilty and your right to a trial?
27        MR. HOGFELDT: Yes.

```
1       THE COURT:  Do you also understand that you are
2  giving up your right to remain silent on the charge;
3  do you understand that?
4       MR. HOGFELDT:  Yes, I understand what you're
5  saying.
6       THE COURT:  You are also giving up your right to
7  confront witnesses or to bring in witnesses during
8  trial; do you understand that?
9       MR. HOGFELDT:  Uh-huh.
10      THE COURT:  Do you understand the charge to which
11 you just plead nolo contendere, driving under the
12 influence?
13      MR. HOGFELDT:  I would like to know if I may --
14      THE COURT:  Driving under the influence is when an
15 individual drives on a public highway or roadway --
16      MR. HOGFELDT:  Right.  I understand that.
17      THE COURT:  -- while under the influence of
18 alcohol or any drug or both or with an elevated blood
19 alcohol level, okay.  Do you understand what the
20 possible penalties could be if you were to go to trial
21 on that charge and be convicted?
22      MR. HOGFELDT:  Yes, I do of course, yes.
23      THE COURT:  Okay.  Counsel, are you satisfied
24 that you client understands about the nature and
25 element of the charge as well as the penalties?
26      ATTORNEY BIALOBRZESKI:  Yes, Your Honor.
27      THE COURT:  Mr. Hogfeldt, are you pleading
```

1  voluntarily?

2  MR. HOGFELDT: Yes, but may I ask a couple of
3  questions or …

4  ATTORNEY B: Would you like to consult with me,
5  Mr. Hogfeldt?

6  THE COURT: Yes, why don't you speak to your
7  attorney if you have questions. How about if I go
8  through this and just canvass you on your plea, and
9  then if you have questions you can ask your attorney,
10 and then he can ask me if appropriate since you are
11 represented by counsel.

12 You are pleading voluntarily and of your own
13 free will; is that right?

14 MR. HOGFELDT: Yes.

15 THE COURT: All right, and you agree by pleading
16 nolo contendere you are not contesting the facts
17 presented by the prosecutor; is that right?

18 MR. HOGFELDT: Correct.

19 THE COURT: And the sentencing agreement that
20 your attorney stated in court, that's the agreement
21 that you understand?

22 MR. HOGFELDT: That is correct.

23 THE COURT: Are you currently on probation or
24 parole?

25 MR. HOGFELDT: No.

26 THE COURT: Do you understand that if you are not
27 a U S citizen, conviction could result in deportation

```
 1       exclusion from admission to the United States or denial
 2       of naturalization?
 3            MR. HOGFELDT:  That was an easy one, yes.
 4            THE COURT:  Do you want to consult with your
 5       attorney before I accept your plea?
 6            MR. HOGFELDT:  Just -- well, I only simply wanted
 7       to ask a question regarding probation, community service,
 8       how is that applicable in my situation?
 9            THE COURT:  Okay.  Let's deal with that after.
10            MR. HOGFELDT:  Oh, okay.
11            THE COURT:  Let me accept your plea and we can --
12       that's kind of a housekeeping thing right now.
13            The Court, Mr. Hogfeldt, finds that your plea is
14       knowingly and intelligently entered with the assistance
15       of competent counsel, with the full understanding of
16       the nature and elements of the charge and its penalties.
17            The Court further finds that there exists a factual
18       basis to support your plea.  Your plea of nolo contendere
19       is accepted and may enter.
20            The Court is going to impose the following sentence:
21       Six months execution suspended.  Eighteen months
22       probation.  During the probation there are certain
23       conditions.  One of the conditions of which is that you
24       must receive whatever alcohol evaluation and treatment
25       the Department of Probation deems necessary.  You may
26       not drive without a valid license.  So, you need to get
27       the license or permit before you are allowed to drive.
```

1    You must do one hundred hours of community service.
2    You can work through the Department of Probation. They
3    can help you out with that. In lieu of the $500.00 fine,
4    you are going to make an $800.00 charitable contribution
5    during the course of the eighteen months.
6         ATTORNEY BIALOBRZESKI: I take it that is in lieu
7    of the probation fee and the costs in addition to the
8    $500.00 fine; right?
9         THE COURT: Okay.
10        ATTORNEY BIALOBRZESKI: And I think Mr. Hogfeldt's
11   question about the community service revolves around --
12   we had a long discussion. Mr. Hogfeldt's fear was he is
13   a highly skilled -- he paints heavy machinery. He was
14   hoping he could use his skills along those lines instead
15   of just picking up papers on the street. I said that's
16   a matter for the Probation Department.
17        THE COURT: It has to be through a non-profit
18   charitable service.
19        ATTORNEY BIALOBRZESKI: Right.
20        THE COURT: So, if you can use your skill through
21   one of those agencies that would be fine, but you need
22   to talk to Probation about that as well.
23        MR. HOGFELDT: Right. Now, while we're before the
24   Court, maybe I am talking out of school. This case
25   cannot be brought to the other case?
26        ATTORNEY BIALOBRZESKI: Yes and no. It's a
27   complicated question. He has other civil litigation

1   regarding other cases. This wraps up this case.
2       THE COURT: Yes. I am just dealing with the
3   criminal part right now.
4       ATTORNEY BIALOBRZEKSI: I think his question is, by
5   entering a plea of nolo contendere, can it be used against
6   him in a civil case and that would be -- that's the
7   purpose of the plea --
8       THE COURT: Right. You plead nolo contendere.
9       MR. HOGFLEDT: Now, I'm just curious. I heard you
10  mention the sum of $500.00 --
11      THE COURT: Okay. The $800.00 contribution will
12  be in lieu of the fine as well as the fees and costs.
13      MR. HOGFELD: Oh, okay. So, $500.00 plus whatever.
14      ATTORNEY BIALOBRZESKI: Two hundred plus seventy-
15  eight.
16      MR. HOGFELD: Okay.
17      THE COURT: There is an $800.00 charitable
18  contribution.
19      ATTORNEY BIALOBRZESKI: Okay. Whether or not it's
20  a contribution, it's still money out there as we all
21  know. Thank you very much.
22      THE COURT: You are very welcome. Good luck to
23  you.
24      MR. HOGFELDT: Thank you.
25  (Subsequent proceedings were not requested for
26  transcription.)
27              * * * **

NO: M09M-MV990406893S

STATE OF CONNECTICUT

VS.

KARL R. HOGFELDT

C E R T I F I C A T I O N

I hereby certify the foregoing pages are a true and correct transcription of the tape recording of the above referenced case, held in Superior Court Judicial District of Middlesex, Middletown, Connecticut, on May 30, 2001 before the Honorable Carol A. Wolven.

Dated this 25th day of april 2003 in Middletown, Connecticut.

_____
Kathleen Dion
Court Recording Monitor