**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| KARL HOGFELDT | : | NO.: 3:01CV1979 (WWE) |
| | : | |
| v. | : | |
| | : | |
| OLD SAYBROOK POLICE DEPARTMENT, | : | |
| ET AL | : | SEPTEMBER 13, 2005 |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANTS' MOTION IN LIMINE RE OTHER ACT EVIDENCE**

I.  **BACKGROUND.**

The essential controversy in this case is whether Karl Hogfeldt was assaulted by Sgt. Hull in an interview room at Old Saybrook Police Headquarters on the evening of October 21, 1999 or in the early morning hours of October 22, 1999.

On October 21, 1999, at approximately 11:00 p.m., Old Saybrook Police Sergeant Donald Hull began his patrol shift in the Town of Old Saybrook. At approximately 12:30 a.m. on October 22, 1999, Sergeant Hull made a stop of a vehicle operated by the plaintiff, Karl Hogfeldt, after witnessing the vehicle's erratic operation and excessive speed.  After stopping the vehicle and upon approaching the same, Sergeant Hull noted a strong smell of alcohol emanating from Mr. Hogfeldt's person. Mr. Hogfeldt refused to perform field sobriety tests.  Officer Rankin arrived shortly after the stop to back-up Sergeant Hull. Officer Rankin observed Hogfeldt attempting field sobriety tests administered by Sergeant Hull. Sergeant Hull placed Mr. Hogfeldt under arrest for driving under the influence.  Mr. Hogfeldt was then brought to the Old Saybrook Police Department.

While at the Old Saybrook Police Department, Mr. Hogfeldt physically resisted

and was uncooperative during the search of his person, which prompted Sergeant Hull to grab and hold Mr. Hogfeldt's left arm. Mr. Hogfeldt pulled away from Sergeant Hull and struck his face against the wall of the interview room, which was approximately 18 inches from his left side.

As a result of the incident, the plaintiff has brought the following action against the defendants. The plaintiff's four-count Complaint contains the following federal and state law causes of action. In the first count, the plaintiff has alleged that a violation of his constitutional rights were caused by the implementation of a custom, policy or act of the Town of Old Saybrook by refusing or failing to screen, train, supervise and discipline police officers adequately, or by refusing or failing to prevent assault and batteries from occurring at their police headquarters.

In addition to this claim against the Town of Old Saybrook, the plaintiff alleges, under 42 U.S.C. § 1983, that the individual defendants deprived the plaintiff of the following constitutional rights: (1) Fourth Amendment right to be secure in his person against unreasonable searches and seizures, including freedom from unreasonable physical abuse, coercion and intimidation; (2) Fifth and Fourteenth Amendment due process and equal protection of the law. Lastly, the plaintiff claims that the Town of Old Saybrook is liable to the plaintiff for the individual defendants' alleged civil rights violations, and bases this claim upon the authority of Conn. Gen. Stat. § 7-465. The plaintiff further alleges the following pendent state law causes of action: (1) assault and battery against all named defendants; (2) assault and battery against the Town of Old Saybrook, pursuant to Conn. Gen. Stat. § 7-465.

The defendants expect the plaintiff to offer evidence or elicit testimony regarding

other incidents including lawsuits, citizen complaints, disciplinary issues and activities of the police union involving the individual officers in which they were accused of using unreasonable force and/or other misconduct.

This evidence consists of the testimony of Mr. Louis Reiter, whom Hogfeldt disclosed as a witness he intends to call during trial. In addition, Hogfeldt disclosed the Defendants' responses to interrogatories and the deposition transcripts of defendants Hull, Perrotti and DeMarco. Finally, defendants anticipate that plaintiff may question defendants about these incidents directly.

II. **LAW AND ARGUMENT.**
   A. **THE PLAINTIFF'S ATTEMPT TO ADMIT EVIDENCE OF ALLEGED PRIOR MISCONDUCT IS AN IMPROPER ATTEMPT TO ADMIT CHARACTER EVIDENCE; THUS, PLAINTIFF IS PROHIBITED FROM OFFERING SUCH EVIDENCE BY THE FEDERAL RULES OF EVIDENCE.**

The plaintiff intends to offer the testimony, interrogatory responses and deposition transcripts previously mentioned, which contain, *inter alia* information regarding previous lawsuits, citizen complaints and union activities involving the defendants. The plaintiff's attempt to offer the referenced evidence is an obvious and egregious attempt to suggest a propensity to use unreasonable force or engage in misconduct. The introduction of such evidence is expressly prohibited by Federal Rules of Evidence 404 (b).

   **1. Relevant law pertaining to FRE 404 (b).**

Federal Rules of Evidence Rule 404 reads, in part, as follows:

(a) **Character Evidence, Generally.** Evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion ….

.

3

(b) **Other Crimes, Wrongs, or Acts.**  Evidence of other crimes, wrongs, or acts is not admissible to prove character of a person in order to show action in conformity therewith.  It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident ….

Pursuant to Rule 404 (b), wrongful acts evidence may not be admitted merely to show the defendant's propensity to commit the act in question.  But such evidence may be admitted for any other relevant purpose under the inclusionary approach. See Berkovich v. Hicks, 922 F.2d 1018, 1022 (2d Cir. 1991); citing, United States v. Brennan, 798 F.2d 581, 589 (2d Cir. 1986).  Federal Rules of Evidence Rule 403, however, limits the potentially broad reach of the inclusionary approach.  "It permits the exclusion of relevant evidence if the probative value of that evidence is 'substantially outweighed' by, among other things, 'the danger of unfair prejudice.'" Id., citing, Fed. R. Evid. 403.

To determine whether the trial court properly admitted other act evidence, the reviewing court will consider whether: "(1) it was offered for a proper purpose; (2) it was relevant to a disputed trial issue; (3) its probative value is substantially outweighed by its possible prejudice; and (4) the trial court administered an appropriate limiting instruction." United States v. Edwards, 342 F.3d 168, 176 (2d Cir. 2003), citing United States v. Pitre, 960 F.2d 1112, 1119 (2d Cir. 1992).

Without the showing of such similarity of prior acts so that they approach near identity with the disputed trial issue, the Second Circuit has consistently precluded the proffer of prior citizen complaints or reports against defendant police officers by way of the balancing requirement of Rule 403. See, Berkovich v. Hicks, 922 F.2d 1018, 1022 (2d Cir. 1991) (affirming district court's decision to exclude seven prior complaints

4

against police officers, alleged to be probative of a pattern of misconduct, because they did not show the kind of *modus operandi* in this case); Ricketts v. City of Hartford, 74 F.3d 1397 (2d Cir. 1996) (following Berkovich, supra, holding that a subsequent citizen complaint against a defendant officer was properly excluded); Hynes v. Coughlin, 79 F.3d 285 (2d Cir. 1996) (affirming district court's decision to exclude prior discipline records to show a pattern of conduct as pattern evidence is principally to show the identity of the perpetrator or the absence of accident or mistake); Rosa v. Town of East Hartford, 2005 WL 752206, *2 (D.Conn.) (D.Conn. 2005) (excluding other act evidence including photographs of prior injuries, citizen complaints and lawsuits involving the same defendant because they are irrelevant because they were not offered for a valid purpose under Rule 404 and the prejudice that would result clearly outweighed any probative value).

The plaintiff should not be allowed to offer evidence of prior citizen complaints, lawsuits and union activities involving the defendants because (1) it is not offered to prove any of the exceptions listed in Federal Rules of Evidence 404(b), (2) there are no similarities between the prior incidents and the one in the instant case in order to make such comparisons reliable and trustworthy, (3) the reliability of such lay comparison is highly suspect, that the officers were not found to have engaged in any wrongdoing in the complaints alleging excessive force, and (4) any probative value clearly outweighed by the dangers of unfair prejudice to the defendants, and (5) the evidence has the natural propensity to mislead the jury and cause jury confusion.

**B.    THE PLAINTIFF MUST BE PRECLUDED FROM OFFERING OTHER ACT EVIDENCE BECAUSE HE OFFERS IT FOR AN IMPERMISSIBLE PURPOSE.**

In this case, the deposition transcripts contain information related to prior citizen

5

complaint and lawsuits filed against the defendants. The plaintiff's clear intent is to offer this evidence to show a propensity on the part of the officers to engage in misconduct. This is an impermissible purpose under Federal Rules of Evidence 404. Even if the allegations of these prior complaints and lawsuits were true, they have no bearing on the present case because the issue in the present case is whether the officers used objectively unreasonable force under the totality of the circumstances of this case. See Rosa v. Town of East Hartford, 2005 WL 752206, *2 (D.Conn.) (D.Conn. 2005).

    **C.    EVEN IF RELEVANT THE PROBATIVE VALUE OF THE PRIOR LAWSUITS AND CITIZEN COMPLAINT IS SUBSTANTIALLY OUTWEIGHED BY THE DANGER OF UNFAIR PREJUDICE.**

The plaintiff has the burden of proving that the officers used unreasonable force against him under the totality of the circumstances. Graham v. Connor, 490 U.S. 386, 397 (1989). If the plaintiff is allowed to offer the other act evidence, the defendants will suffer extreme prejudice in this case in that they are forced to defend not only Hogfeldt's allegations, but allegations arising from previous incidents. This prejudice is unfair because it suggests to the jury to find for the plaintiff because the officers were alleged to have engaged in misconduct previously, despite the evidence specific to this case. Furthermore, in most, if not all of the prior incidents, the officers were exonerated leading to the conclusion that admitting evidence of those prior incidents is even more unfairly prejudicial.

    **D.    MOTION TO BIFURCATE PURSUANT TO RULE 42.**

Defendants have a pending motion to bifurcate pursuant to Federal Rules of Civil Procedure 42. Should the court grant this motion, the admission of other act evidence should clearly be excluded because the other acts are clearly only relevant to the claims against the Town of Old Saybrook.

6

### III.     **CONCLUSION.**

      For the reasons stated above, the defendants pray that their motion in limine is granted.

                                        THE DEFENDANTS,
                                        OLD SAYBROOK POLICE DEPARTMENT, SERGEANT DONALD HULL, PATROLMAN DAVID PERROTTI, PATROLMAN CHRIS DEMARCO, PATROLMAN JAY RANKIN AND THE TOWN OF OLD SAYBROOK

                                        _____/s/ John J. Radshaw, III_____
                                        John J. Radshaw, III, ct 19882
                                        HOWD & LUDORF, LLC
                                        65 Wethersfield Avenue
                                        Hartford, CT  06114
                                        (860) 249-1361
                                        (860) 249-7665 (fax)

## **CERTIFICATION**

      This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail to the following counsel of record this 13th day of September 2005.

Bruce E. Newman, Esquire  
Newman, Creed & Associates  
99 North Street, Route 6  
P.O. Box 575  
Bristol, CT 06011  

A. Paul Spinella, Esquire  
Spinella & Associates  
One Lewis Street  
Hartford, CT  06103  

                                      _____/s/ John J. Radshaw, III_____  
                                      John J. Radshaw, III