**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| KARL HOGFELDT | : | NO.: 3:01CV1979 (WWE) |
| | : | |
| v. | : | |
| | : | |
| OLD SAYBROOK POLICE DEPARTMENT, | : | |
| ET AL | : | SEPTEMBER 13, 2005 |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANTS' MOTION IN LIMINE RE CURRICULUM VITAE AND EXPERT**
**REPORTS**

**I.     BACKGROUND.**

The essential controversy in this case is whether Karl Hogfeldt was assaulted by

Sgt. Hull in an interview room at Old Saybrook Police Headquarters on the evening of

October 21, 1999 or in the early morning hours of October 22, 1999.

On October 21, 1999, at approximately 11:00 p.m., Old Saybrook Police

Sergeant Donald Hull began his patrol shift in the Town of Old Saybrook. At

approximately 12:30 a.m. on October 22, 1999, Sergeant Hull made a stop of a vehicle

operated by the plaintiff, Karl Hogfeldt, after witnessing the vehicle's erratic operation

and excessive speed.  After stopping the vehicle and upon approaching the same,

Sergeant Hull noted a strong smell of alcohol emanating from Mr. Hogfeldt's person.

Mr. Hogfeldt refused to perform field sobriety tests.  Officer Rankin arrived shortly after

the stop to back-up Sergeant Hull. Officer Rankin observed Hogfeldt attempting field

sobriety tests administered by Sergeant Hull. Sergeant Hull placed Mr. Hogfeldt under

arrest for driving under the influence.  Mr. Hogfeldt was then brought to the Old

Saybrook Police Department.

While at the Old Saybrook Police Department, Mr. Hogfeldt physically resisted

and was uncooperative during the search of his person, which prompted Sergeant Hull

to grab and hold Mr. Hogfeldt's left arm. Mr. Hogfeldt pulled away from Sergeant Hull

and struck his face against the wall of the interview room, which was approximately 18

inches from his left side.

As a result of the incident, the plaintiff has brought the following action against

the defendants. The plaintiff's four-count Complaint contains the following federal and

state law causes of action. In the first count, the plaintiff has alleged that a violation of

his constitutional rights were caused by the implementation of a custom, policy or act of

the Town of Old Saybrook by refusing or failing to screen, train, supervise and discipline

police officers adequately, or by refusing or failing to prevent assault and batteries from

occurring at their police headquarters.

In addition to this claim against the Town of Old Saybrook, the plaintiff alleges,

under 42 U.S.C. § 1983, that the individual defendants deprived the plaintiff of the

following constitutional rights: (1) Fourth Amendment right to be secure in his person

against unreasonable searches and seizures, including freedom from unreasonable

physical abuse, coercion and intimidation; (2) Fifth and Fourteenth Amendment due

process and equal protection of the law. Lastly, the plaintiff claims that the Town of Old

Saybrook is liable to the plaintiff for the individual defendants' alleged civil rights

violations, and bases this claim upon the authority of Conn. Gen. Stat. § 7-465. The

plaintiff further alleges the following pendent state law causes of action: (1) assault and

battery against all named defendants; (2) assault and battery against the Town of Old

Saybrook, pursuant to Conn. Gen. Stat. § 7-465.

The defendants expect the plaintiff to offer the curriculum vitae and expert reports of Louis Reiter and Ira Kanfer, referenced as exhibit number 10 in the Plaintiff's Trial Memorandum. The Defendants now move to preclude this evidence because it is inadmissible hearsay and needlessly cumulative of other evidence that will be introduced at trial.

## II.    LAW AND ARGUMENT.

### A.    STANDARD OF REVIEW

"Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."  Fed. R. Evid. 801.  Hearsay is inadmissible except as provided by the Federal Rules of Evidence, rules prescribed by the Supreme Court pursuant to statutory authority or by Act of Congress.  Fed. R. Evid. 802.

### B.    THE CURRICULUM VITAE AND EXPERT REPORTS OF LOUIS REITER AND IRA KANFER ARE INADMISSIBLE HEARSAY AND NEEDLESSLY CUMULATIVE OF OTHER TESTIMONY

Plaintiff seeks to offer into evidence the curriculum vitae and expert reports of Louis Reiter and Ira Kanfer to prove the truth of the matters contained therein, namely that they have the experiences and skills listed and that their expert conclusions are true.  As such, this is clearly hearsay.  Furthermore, no hearsay exception exists for either exhibit.  *See State, Dept. of Health and Welfare, ex rel. Osborn v. Altman*, 122 Idaho 1004, 1008-1009, 842 P.2d 683, 687 (1992) (upholding exclusion of curriculum vitae as hearsay not subject to business records exception); *Sharman v. Skaggs Companies, Inc.*, 124 Ariz. 165, 169, 602 P.2d 833, 837 (Ariz.App.1979) (curriculum vitae is inadmissible hearsay); *Hamilton v. Spraying Systems, Inc.*, 2004 WL 2191330, *16 (N.D.Ill.) (N.D.Ill. 2004) (refusing to consider resume in motion for summary

judgment because it was hearsay); *Taylor v. Pennsylvania Human Relations Com'n*, 681 A.2d 228, 235 (Pa.Cmwlth. 1996) (resumes are hearsay); Ake v. General Motors Corp.  942 F.Supp. 869, 877-78 (W.D.N.Y. 1996) (expert report was inadmissible hearsay without an exception and author could testify at trial as to the opinions expressed therein); *Lexington Ins. Co. v. Rounds*, 349 F.Supp.2d 861, 869 (D.Vt. 2004) (expert report inadmissible hearsay because offered for the truth of the expert conclusions); *Springer v. K-Mart Corp.*, 1998 WL 883318, *5 (E.D.La.) (E.D.La. 1998) (expert report likely inadmissible hearsay and redundant if expert testifies at trial).

In addition, once these experts testify as to their qualifications and opinions, their curriculum vitae and reports will be needlessly cumulative.  Fed. R. Evid. 403.  Based on the foregoing, these exhibits must be excluded from evidence.

### C.    EVEN IF ADMISSIBLE PURSUANT TO SOME EXCEPTION, UNFAIR PREJUDICE THAT WILL RESULT FROM THE CURRICULUM VITAE AND REPORTS OUTWEIGHS ANY PROBATIVE VALUE.

The likelihood or even possibility that the jury will focus more on the expert's qualifications and reports than their testimony dictates that these exhibits should not be offered into evidence.   The Court, not the jury, decides whether a witness is qualified as an expert.

5

### III.  <u>CONCLUSION.</u>

For the reasons stated above, the defendants pray that their motion in limine is granted.

THE DEFENDANTS,
OLD SAYBROOK POLICE
DEPARTMENT, SERGEANT DONALD
HULL, PATROLMAN DAVID
PERROTTI, PATROLMAN CHRIS
DEMARCO, PATROLMAN JAY
RANKIN AND THE TOWN OF OLD
SAYBROOK


_____/s/ John J. Radshaw, III_____
John J. Radshaw, III, ct 19882
HOWD & LUDORF, LLC
65 Wethersfield Avenue
Hartford, CT  06114
(860) 249-1361
(860) 249-7665 (fax)

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail to the following counsel of record this 13th day of September 2005.

Bruce E. Newman, Esquire
Newman, Creed & Associates
99 North Street, Route 6
P.O. Box 575
Bristol, CT 06011

A. Paul Spinella, Esquire
Spinella & Associates
One Lewis Street
Hartford, CT  06103

                              _____/s/ John J. Radshaw, III____
                              John J. Radshaw, III