**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| KARL HOGFELDT | : | NO.: 3:01CV1979 (WWE) |
| | : | |
| v. | : | |
| | : | |
| OLD SAYBROOK POLICE DEPARTMENT, | : | |
| ET AL | : | SEPTEMBER 13, 2005 |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANTS' MOTION IN LIMINE RE DEPOSITION TRANSCRIPTS AND**
**WRITTEN DISCOVERY RESPONSES OF HULL, PERROTTI AND DEMARCO**

**I.   BACKGROUND.**

The essential controversy in this case is whether Karl Hogfeldt was assaulted by Sgt. Hull in an interview room at Old Saybrook Police Headquarters on the evening of October 21, 1999 or in the early morning hours of October 22, 1999.

On October 21, 1999, at approximately 11:00 p.m., Old Saybrook Police Sergeant Donald Hull began his patrol shift in the Town of Old Saybrook. At approximately 12:30 a.m. on October 22, 1999, Sergeant Hull made a stop of a vehicle operated by the plaintiff, Karl Hogfeldt, after witnessing the vehicle's erratic operation and excessive speed.  After stopping the vehicle and upon approaching the same, Sergeant Hull noted a strong smell of alcohol emanating from Mr. Hogfeldt's person. Mr. Hogfeldt refused to perform field sobriety tests.  Officer Rankin arrived shortly after the stop to back-up Sergeant Hull. Officer Rankin observed Hogfeldt attempting field sobriety tests administered by Sergeant Hull. Sergeant Hull placed Mr. Hogfeldt under arrest for driving under the influence.  Mr. Hogfeldt was then brought to the Old Saybrook Police Department.

While at the Old Saybrook Police Department, Mr. Hogfeldt physically resisted

and was uncooperative during the search of his person, which prompted Sergeant Hull to grab and hold Mr. Hogfeldt's left arm. Mr. Hogfeldt pulled away from Sergeant Hull and struck his face against the wall of the interview room, which was approximately 18 inches from his left side.

As a result of the incident, the plaintiff has brought the following action against the defendants. The plaintiff's four-count Complaint contains the following federal and state law causes of action. In the first count, the plaintiff has alleged that a violation of his constitutional rights were caused by the implementation of a custom, policy or act of the Town of Old Saybrook by refusing or failing to screen, train, supervise and discipline police officers adequately, or by refusing or failing to prevent assault and batteries from occurring at their police headquarters.

In addition to this claim against the Town of Old Saybrook, the plaintiff alleges, under 42 U.S.C. § 1983, that the individual defendants deprived the plaintiff of the following constitutional rights: (1) Fourth Amendment right to be secure in his person against unreasonable searches and seizures, including freedom from unreasonable physical abuse, coercion and intimidation; (2) Fifth and Fourteenth Amendment due process and equal protection of the law. Lastly, the plaintiff claims that the Town of Old Saybrook is liable to the plaintiff for the individual defendants' alleged civil rights violations, and bases this claim upon the authority of Conn. Gen. Stat. § 7-465. The plaintiff further alleges the following pendent state law causes of action: (1) assault and battery against all named defendants; (2) assault and battery against the Town of Old Saybrook, pursuant to Conn. Gen. Stat. § 7-465.

The defendants expect the plaintiff to offer the deposition transcripts and written

discovery responses of the defendants as exhibits. In his trial memorandum, the plaintiff disclosed his intent to offer the deposition transcripts and the written discovery responses of Hull, Perrotti and DeMarco as exhibits. The Plaintiff is precluded from doing so for the following reasons.

II.     **LAW AND ARGUMENT.**

The Federal Rules of Civil Procedure provide, "[i]n every trial, the testimony of witnesses shall be taken in open court, unless a federal law, these rules, the Federal Rules of Evidence, or other rules adopted by the Supreme Court provide otherwise." Fed. R. Civ. P. 43.  Federal Rules of Evidence 403 and 404 provide for the exclusion of irrelevant evidence and relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

>   A.    **THE PLAINTIFF IS PRECLUDED FROM INTRODUCING THE DEPOSITION TRANSCRIPTS OF THE DEFENDANTS, HULL, DEMARCO AND PERROTTI, AS AN EXHIBIT BECAUSE THE PLAINTIFF'S PROPOSED USE VIOLATES FEDERAL RULES OF CIVIL PROCEDURE 43**

There is no doubt that a deposition is testimony. See Fed. R. Civ. P. 30 ([a] party may take the *testimony* of any person, including a party, by *deposition* upon oral examination (emphasis added)).  "A deposition is a record of testimony taken outside of the courtroom that has been certified in conformity with the Federal Rules of Civil Procedure so that a jury can regard it as equivalent to testimony delivered inside the courtroom under oath." Windsor Shirt Co. v. New Jersey Nat. Bank, 793 F.Supp. 589, 606 (E.D. Pa. 1992).

While Federal Rules of Civil Procedure 32 allows the use of party depositions for impeachment and other purposes, the Plaintiff may not submit the deposition transcript

as an exhibit because testimony must be presented in open court. Fed. R. Civ. P. 43. The transcript, the paper or document itself has no meaning independent of the testimony contained therein. Rule 43 **requires** testimony be given in open court. "The emphasis on testimony in open court was incorporated into the rule [Rule 43] to combat the early practice in equity of providing juries with edited depositions witnesses' testimony." Moore's Federal Practice § 43.02[2] 3rd. Ed. Prohibiting parties from merely submitting deposition transcripts as exhibits is consistent with the original purpose of Rule 43 because it prevents the members of the jury from self-editing such testimony by reading only the portions they want to read.

The Court of Appeals for the Fifth Circuit stated the following of a district court's decision to submit deposition testimony to a jury to read rather than presenting it in open court:

> We view with considerably greater concern, however, the district court's practice in this case of requiring the parties to provide excerpts of depositions to the jury, rather than allowing this testimony to be read in open court. Such a practice requires the jury to spend time outside the courtroom, over and above a full day in the courtroom. The jury's reading of the deposition excerpts was thus totally outside the supervision of the trial judge. Indeed, the procedure followed incurs a real risk that the jurors merely took the excerpts home and brought them back the next day unread and, thus, reached a verdict without having considered all the evidence.

Stine v. Marathon Oil Co., 976 F.2d 254, 267 (5th Cir. 1992).

While the Plaintiff is not proposing the jury take the transcripts home, the same concerns of the Fifth Circuit Court of Appeals cited above apply. While the jury does not have the ability to evaluate the demeanor of the witness when testimony is given by deposition in open court, at minimum, requiring the Plaintiff to select and read specific portions of the deposition transcripts in open court will at least require the jury to hear the testimony in its entirety.

4

    **B.**    **THE DEPOSITION TRANSCRIPTS AND WRITTEN DISCOVERY RESPONSES OF THE DEFENDANTS, HULL, DEMARCO AND PERROTTI ARE INADMISSIBLE PURSUANT TO THE RULES OF EVIDENCE BECAUSE THEY CONTAIN IRRELEVANT INFORMATION, INADMISSIBLE INFORMATION, AND THEIR SUBMISSION WILL RESULT IN UNDUE DELAY, WASTE OF TIME, AND NEEDLESS PRESENTATION OF CUMULATIVE EVIDENCE**

    The deposition transcripts of both Defendants are riddled with irrelevant information that is inadmissible. <u>See</u> Defendants' Motion in Limine re Other Act Evidence. The depositions are filled with inadmissible testimony regarding prior incidents of use of force, citizen complaints and prior lawsuits. For example, pages 4-10 of Sgt. Hull's deposition are laced with questions concerning prior uses of force, citizen complaints and lawsuits. Presenting such testimony is nothing more than an attempt to get other allegations of misconduct in front of the jury in an attempt to show the character of the witness, which is impermissible pursuant to Federal Rules of Evidence 404 (b)

    Furthermore, the transcripts and written discovery responses should not be presented as exhibits because this unfairly prejudices the Defendants by placing emphasis on their deposition testimony, with little or no probative value because the Defendants will already be testifying at the trial and subject to cross-examination and impeachment. The submission of the deposition transcripts will result in a waste of time and needless presentation of cumulative evidence because, as stated before, the Defendants will already be testifying at trial and subject to cross-examination and impeachment. As such, in order to properly consider all the evidence, the jury will be forced to read the entire transcripts of testimony that they will already have heard. If the jury properly fulfills its duty to consider all the evidence, it would have to read the transcripts; this will result in massive duplication and waste of time because the jury would have to sit and read the transcripts from witnesses that will already be testifying.

Submission of the transcripts and written discovery responses to the jury as exhibits will result in a needless presentation of cumulative evidence because the Defendant's are already testifying at trial. "[W]e believe as a general rule the better practice is for the court in the first instance to require counsel to specify the particular portions [of a depostion] that are deemed relevant and to limit the offer accordingly." Pursche v. Atlas Scraper & Engineering Co., 300 F.2d 467, 488 (C.A.Cal. 1961). District Courts, "notwithstanding Fed.R.Civ.P. 32(a)(2), may reject repetitious testimony." Gauthier v. Crosby Marine Service, Inc., 752 F.2d 1085, 1089 (5th Cir.1985). Therefore, the Court may exclude submission of the deposition transcripts and interrogatory responses because it would result in needless presentation of cumulative evidence, while still allowing their fair use for cross-examination and impeachment purposes. Plaintiff's counsel may simply ask the questions contained in the depositions and interrogatories.

In addition, the depositions transcripts and written discovery responses are riddled with inadmissible hearsay, questions lacking foundation, inadmissible testimony, particularly testimony regarding prior incidents, prior acts, unrelated citizen complaints, and numerous questions submitted in objectionable form. (See, Motion in Limine re Other Act Evidence). As such, Counsel and the Court would be forced to hold a trial within a trial to make rulings on all such objectionable and impermissible material and redact the transcripts and written discovery responses accordingly before submitting them to the jury. This is not a proper use of the Court's time when the witnesses will already be testifying.

## III. **CONCLUSION.**

For the reasons stated above, the Defendants pray that their motion in limine is granted.

        THE DEFENDANTS,
OLD SAYBROOK POLICE DEPARTMENT, SERGEANT DONALD HULL, PATROLMAN DAVID PERROTTI, PATROLMAN CHRIS DEMARCO, PATROLMAN JAY RANKIN AND THE TOWN OF OLD SAYBROOK

      /s/ John J. Radshaw, III
John J. Radshaw, III, ct 19882
HOWD & LUDORF, LLC
65 Wethersfield Avenue
Hartford, CT  06114
(860) 249-1361
(860) 249-7665 (fax)

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail to the following counsel of record this 13th day of 2005.

Bruce E. Newman, Esquire
Newman, Creed & Associates
99 North Street, Route 6
P.O. Box 575
Bristol, CT 06011

A. Paul Spinella, Esquire
Spinella & Associates
One Lewis Street
Hartford, CT  06103

                                                   _____/s/ John J. Radshaw, III____
                                                   John J. Radshaw, III