UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KARL HOGFELDT | : | NO.: 3:01CV1979 (WWE) |
| | : | |
| v. | : | |
| | : | |
| OLD SAYBROOK POLICE DEPARTMENT, | : | |
| ET AL | : | SEPTEMBER 13 , 2005 |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION IN LIMINE RE HEARSAY STATEMENTS FROM TAMMI
SEAMONS**

**I.   BACKGROUND.**

The essential controversy in this case is whether Karl Hogfeldt was assaulted by Sgt. Hull in an interview room at Old Saybrook Police Headquarters on the evening of October 21, 1999 or in the early morning hours of October 22, 1999.

On October 21, 1999, at approximately 11:00 p.m., Old Saybrook Police Sergeant Donald Hull began his patrol shift in the Town of Old Saybrook. At approximately 12:30 a.m. on October 22, 1999, Sergeant Hull made a stop of a vehicle operated by the plaintiff, Karl Hogfeldt, after witnessing the vehicle's erratic operation and excessive speed.  After stopping the vehicle and upon approaching the same, Sergeant Hull noted a strong smell of alcohol emanating from Mr. Hogfeldt's person. Mr. Hogfeldt refused to perform field sobriety tests.  Officer Rankin arrived shortly after

the stop to back-up Sergeant Hull. Officer Rankin observed Hogfeldt attempting field sobriety tests administered by Sergeant Hull. Sergeant Hull placed Mr. Hogfeldt under arrest for driving under the influence.  Mr. Hogfeldt was then brought to the Old Saybrook Police Department.

While at the Old Saybrook Police Department, Mr. Hogfeldt physically resisted and was uncooperative during the search of his person, which prompted Sergeant Hull to grab and hold Mr. Hogfeldt's left arm.  Mr. Hogfeldt pulled away from Sergeant Hull and struck his face against the wall of the interview room, which was approximately 18 inches from his left side.

As a result of the incident, the plaintiff has brought the following action against the defendants.  The plaintiff's four-count Complaint contains the following federal and state law causes of action. In the first count, the plaintiff has alleged that a violation of his constitutional rights were caused by the implementation of a custom, policy or act of the Town of Old Saybrook by refusing or failing to screen, train, supervise and discipline police officers adequately, or by refusing or failing to prevent assault and batteries from occurring at their police headquarters.

In addition to this claim against the Town of Old Saybrook, the plaintiff alleges, under 42 U.S.C. § 1983, that the individual defendants deprived the plaintiff of the

following constitutional rights: (1) Fourth Amendment right to be secure in his person against unreasonable searches and seizures, including freedom from unreasonable physical abuse, coercion and intimidation; (2) Fifth and Fourteenth Amendment due process and equal protection of the law.  Lastly, the plaintiff claims that the Town of Old Saybrook is liable to the plaintiff for the individual defendants' alleged civil rights violations, and bases this claim upon the authority of Conn. Gen. Stat. § 7-465.  The plaintiff further alleges the following pendent state law causes of action: (1) assault and battery against all named defendants; (2) assault and battery against the Town of Old Saybrook, pursuant to Conn. Gen. Stat. § 7-465.

    The Defendants expect the plaintiff to offer statements from Tammi Seamons that Plaintiff alleges are admissible pursuant to a hearsay exception.  Defendants must point out that it appears that Plaintiff incorrectly named Tammi Seamons as Plaintiff's girlfriend.  Upon information and belief, Tammi Seamons is not deceased.  Defendants believe that Plaintiff intended to name hearsay statements from Doris Valenti.  Either way, Defendants move to exclude the referenced statements, as they are hearsay not subject to any applicable exception.

## II. LAW AND ARGUMENT.
### A. STANDARD OF REVIEW.

"Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801. Hearsay is inadmissible except as provided by the Federal Rules of Evidence, rules prescribed by the Supreme Court pursuant to statutory authority or by Act of Congress. Fed. R. Evid. 802.

"Hearsay included within hearsay is not excluded under the hearsay rule if each part of the combined statements conforms with an exception to the hearsay rule provided in these rules." Fed. R. Evid. 805.

In this case, the Plaintiff seeks to introduce the written statements of non-party witnesses to prove the truth of the matters contained therein. As such, the written statements are inadmissible hearsay.

### A. THE PLAINTIFF IS PRECLUDED FROM INTRODUCING THE STATEMENTS OF TAMMI SEAMONS BECAUSE THEY ARE INADMISSIBLE HEARSAY NOT SUBJECT TO A HEARSAY EXCEPTION

The Plaintiff impermissibly seeks to offer statements from Tammi Seamons alleging they are subject to some hearsay exception. Defendants are not certain of what statements Plaintiff intends to offer because Plaintiff has not yet produced these statements for Defendants. However, neither Doris Valenti nor Tammi Seamons were

ever deposed in this case. Defendants object to any statement by either of these parties as they never had the opportunity to cross-examine them regarding these statements. Furthermore, no apparent exception to the hearsay rule exists that would allow these statements to be admitted. In addition, these statements are likely to contain multiple levels of hearsay to which no exception applies. As such, these statements must be excluded.

**B.   THERE IS NO HEARSAY EXCEPTION APPLICABLE TO ANY STATEMENTS OF DORIS VALENTI, ALTHOUGH SHE IS DECEASED**

Unlike in Connecticut state court, the Federal Courts have no "Dead Man" statute. The only Federal Rules hearsay exception that specifically applies to a statement because a person is deceased is Fed. R. Evid. 804(b)(2). And, this exception is only applicable to statements made under belief of impending death and concerning the cause or circumstances of death. That is not the factual situation in this case. As such, there is no applicable hearsay exception.

### III. **CONCLUSION**

Based on the foregoing, the Defendants respectfully request that this Court grant the Defendants' Motion in Limine and preclude the Plaintiff from introducing the statements of these non-party witnesses.

                                           THE DEFENDANTS,
                                           OLD SAYBROOK POLICE DEPARTMENT, SERGEANT DONALD HULL, PATROLMAN DAVID PERROTTI, PATROLMAN CHRIS DEMARCO, PATROLMAN JAY RANKIN AND THE TOWN OF OLD SAYBROOK

                                           _____/s/ John J. Radshaw, III_____
                                           John J. Radshaw, III, ct 19882
                                           HOWD & LUDORF, LLC
                                           65 Wethersfield Avenue
                                           Hartford, CT  06114
                                           (860) 249-1361
                                           (860) 249-7665 (fax)

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail to the following counsel of record this 13th day of September 2005.

Bruce E. Newman, Esquire
Newman, Creed & Associates
99 North Street, Route 6
P.O. Box 575
Bristol, CT 06011

A. Paul Spinella, Esquire
Spinella & Associates
One Lewis Street
Hartford, CT 06103

                                                      /s/ John J. Radshaw, III
                                                      John J. Radshaw, III