**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

KARL HOGFELDT               :      NO.:  3:01CV1979 (WWE)
                              :
v.                           :
                              :
OLD SAYBROOK POLICE DEPARTMENT,  :
ET AL                   :      SEPTEMBER 13, 2005

<u>**MEMORANDUM OF LAW IN SUPPORT OF**</u>
<u>**DEFENDANTS' MOTION IN LIMINE RE  DECISION OF DMV HEARING OFFICER**</u>

**I.**    <u>**BACKGROUND.**</u>

The essential controversy in this case is whether Karl Hogfeldt was assaulted by

Sgt. Hull in an interview room at Old Saybrook Police Headquarters on the evening of

October 21, 1999 or in the early morning hours of October 22, 1999.

On October 21, 1999, at approximately 11:00 p.m., Old Saybrook Police

Sergeant Donald Hull began his patrol shift in the Town of Old Saybrook. At

approximately 12:30 a.m. on October 22, 1999, Sergeant Hull made a stop of a vehicle

operated by the plaintiff, Karl Hogfeldt, after witnessing the vehicle's erratic operation

and excessive speed.  After stopping the vehicle and upon approaching the same,

Sergeant Hull noted a strong smell of alcohol emanating from Mr. Hogfeldt's person.

Mr. Hogfeldt refused to perform field sobriety tests.  Officer Rankin arrived shortly after

the stop to back-up Sergeant Hull. Officer Rankin observed Hogfeldt attempting field

sobriety tests administered by Sergeant Hull. Sergeant Hull placed Mr. Hogfeldt under

arrest for driving under the influence.  Mr. Hogfeldt was then brought to the Old

Saybrook Police Department.

While at the Old Saybrook Police Department, Mr. Hogfeldt physically resisted

and was uncooperative during the search of his person, which prompted Sergeant Hull to grab and hold Mr. Hogfeldt's left arm.  Mr. Hogfeldt pulled away from Sergeant Hull and struck his face against the wall of the interview room, which was approximately 18 inches from his left side.

As a result of the incident, the plaintiff has brought the following action against the defendants.  The plaintiff's four-count Complaint contains the following federal and state law causes of action. In the first count, the plaintiff has alleged that a violation of his constitutional rights were caused by the implementation of a custom, policy or act of the Town of Old Saybrook by refusing or failing to screen, train, supervise and discipline police officers adequately, or by refusing or failing to prevent assault and batteries from occurring at their police headquarters.

In addition to this claim against the Town of Old Saybrook, the plaintiff alleges, under 42 U.S.C. § 1983, that the individual defendants deprived the plaintiff of the following constitutional rights: (1) Fourth Amendment right to be secure in his person against unreasonable searches and seizures, including freedom from unreasonable physical abuse, coercion and intimidation; (2) Fifth and Fourteenth Amendment due process and equal protection of the law.  Lastly, the plaintiff claims that the Town of Old Saybrook is liable to the plaintiff for the individual defendants' alleged civil rights violations, and bases this claim upon the authority of Conn. Gen. Stat. § 7-465.  The plaintiff further alleges the following pendent state law causes of action: (1) assault and battery against all named defendants; (2) assault and battery against the Town of Old Saybrook, pursuant to Conn. Gen. Stat. § 7-465.

The Defendants expect the Plaintiff to offer the decision of the Department of Motor Vehicles ("DMV") Hearing Officer as an exhibit in this case. The Defendants move to exclude this exhibit as it is irrelevant, hearsay and was never previously disclosed before the Plaintiff submitted his trial memorandum.

## II.  LAW AND ARGUMENT.

### A. THE PLAINTIFF IS PRECLUDED FROM OFFERING THE DECISION OF THE DEPARTMENT OF MOTOR VEHICLES HEARING OFFICER IN THIS CASE BECAUSE IT IS INADMISSIBLE HEARSAY.

"Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Federal Rules of Evidence Rule 801. "Hearsay is not admissible except as provided by these rules or by other rules prescribed by the Supreme Court pursuant to statutory authority or by Act of Congress." Federal Rules of Evidence Rule 802. "Hearsay included within hearsay is not excluded under the hearsay rule if each part of the combined statements conforms with an exception to the hearsay rule provided in these rules." Federal Rules of Evidence Rule 805.

In this case, Plaintiff intends to offer the decision of the Department of Motor Vehicles hearing officer as an exhibit. This decision is clearly hearsay. Furthermore, although it is unclear exactly what information the statement contains, the decision is likely to contain multiple levels of hearsay within it including the statements of the witnesses at the hearing. A hearsay exception must exist for all levels of hearsay in order for the hearsay to be admissible. Fed. R. Evid. 805. There is no hearsay exception that applies to the decision of the hearing officer. Furthermore, no hearsay

exception would apply to the hearsay contained within the decision that would make it admissible. As such, the decision must be excluded.

**B.    EVEN IF A HEARSAY EXCEPTION APPLIES, THE DECISION OF THE DMV HEARING OFFICER IS IRRELEVANT TO THE ISSUES IN THIS CASE.**

The decision of the DMV hearing officer is irrelevant to any issue in this case. The issues are whether the Defendants used or prevented the use of unreasonable force and whether the Defendants assaulted and battered the Plaintiff. While the Plaintiff consistently appears to be attempting to offer evidence in this case that he was falsely arrested for driving while intoxicated, the Plaintiff does not have a false arrest claim in this case. As such, this information is irrelevant and inadmissible.

**C.    PLAINTIFF MUST BE PRECLUDED FROM OFFERING THE DECISION OF THE HEARING OFFICER IN THIS CASE BECAUSE PLAINTIFF NEVER PREVIOUSLY DISCLOSED THIS AS AN EXHIBIT.**

Federal Rules of Civil Procedure 26 states in relevant part,

> **(a) Required Disclosures; Methods to Discover Additional Matter.**
>
> **(1) Initial Disclosures.** Except in categories of proceedings specified in Rule 26(a)(1)(E), or to the extent otherwise stipulated or directed by order, a party must, without awaiting a discovery request, provide to other parties:
>
> **(A)** the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information;
>
> **(B)** a copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment.

Fed. R. of Civ. P. 26.

"Federal Rule of Civil Procedure 37(c)(1) ("Rule 37(c)(1)") provides that [a] party that without substantial justification fails to disclose information required by Rule 26(a) or Rule 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial ... any witness or information not so disclosed. Rule 37(c)(1)'s preclusionary sanction is 'automatic' absent a determination of either 'substantial justification' or 'harmlessness.'" Design Strategies, Inc. v. Davis, 2005 WL 1026556, *2 (S.D.N.Y.) (S.D.N.Y.,2005) (internal quotation marks and citations omitted) (alteration in original ).

When considering whether to impose Rule 37's exclusion sanction, courts in this Circuit consider (1) the party's explanation for the delay in advancing the new evidence; (2) the importance of the precluded evidence; (3) the prejudice suffered by the opposing party; and (4) the possibility of a continuance.  Point Productions A.G. v. Sony Music Entertainment, Inc., 2004 WL 345551, *9 (S.D.N.Y.) (S.D.N.Y. 2004).

Plaintiff was clearly required, pursuant to Federal Rules of Civil Procedure 26, to disclose the decision of the hearing officer in this case as a document, data compilation, and tangible thing in his possession, custody, or control that may use to support claims or defenses.  If the decision is relevant, it should have been previously disclosed and there is no substantial justification for not previously disclosing it.  And, if it is irrelevant, it is inadmissible.   As such, the decision must be excluded.

III.     **CONCLUSION.**

 For the reasons stated above, the defendants pray that their motion in limine is

granted.

        THE DEFENDANTS,
        OLD SAYBROOK POLICE
        DEPARTMENT, SERGEANT DONALD
        HULL, PATROLMAN DAVID
        PERROTTI, PATROLMAN CHRIS
        DEMARCO, PATROLMAN JAY
        RANKIN AND THE TOWN OF OLD
        SAYBROOK


        _____/s/ John J. Radshaw, III_____
        John J. Radshaw, III, ct 19882
        HOWD & LUDORF, LLC
        65 Wethersfield Avenue
        Hartford, CT  06114
        (860) 249-1361
        (860) 249-7665 (fax)

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail to the following counsel of record this day 13th of September 2005.

Bruce E. Newman, Esquire
Newman, Creed & Associates
99 North Street, Route 6
P.O. Box 575
Bristol, CT 06011

A. Paul Spinella, Esquire
Spinella & Associates
One Lewis Street
Hartford, CT  06103

_____/s/ John J. Radshaw, III____
John J. Radshaw, III