**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| KARL HOGFELDT | : | NO.: 3:01CV1979 (WWE) |
| | : | |
| v. | : | |
| | : | |
| OLD SAYBROOK POLICE DEPARTMENT, | : | |
| ET AL | : | SEPTEMBER 13, 2005 |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANTS' MOTION IN LIMINE RE MEDICAL RECORDS OF DR. GOETCHEUS**

**I.     BACKGROUND.**

The essential controversy in this case is whether Karl Hogfeldt was assaulted by Sgt. Hull in an interview room at Old Saybrook Police Headquarters on the evening of October 21, 1999 or in the early morning hours of October 22, 1999.

On October 21, 1999, at approximately 11:00 p.m., Old Saybrook Police Sergeant Donald Hull began his patrol shift in the Town of Old Saybrook. At approximately 12:30 a.m. on October 22, 1999, Sergeant Hull made a stop of a vehicle operated by the plaintiff, Karl Hogfeldt, after witnessing the vehicle's erratic operation and excessive speed.  After stopping the vehicle and upon approaching the same, Sergeant Hull noted a strong smell of alcohol emanating from Mr. Hogfeldt's person. Mr. Hogfeldt refused to perform field sobriety tests.  Officer Rankin arrived shortly after the stop to back-up Sergeant Hull. Officer Rankin observed Hogfeldt attempting field sobriety tests administered by Sergeant Hull. Sergeant Hull placed Mr. Hogfeldt under arrest for driving under the influence.  Mr. Hogfeldt was then brought to the Old Saybrook Police Department.

While at the Old Saybrook Police Department, Mr. Hogfeldt physically resisted

and was uncooperative during the search of his person, which prompted Sergeant Hull to grab and hold Mr. Hogfeldt's left arm.  Mr. Hogfeldt pulled away from Sergeant Hull and struck his face against the wall of the interview room, which was approximately 18 inches from his left side.

As a result of the incident, the plaintiff has brought the following action against the defendants.  The plaintiff's four-count Complaint contains the following federal and state law causes of action. In the first count, the plaintiff has alleged that a violation of his constitutional rights were caused by the implementation of a custom, policy or act of the Town of Old Saybrook by refusing or failing to screen, train, supervise and discipline police officers adequately, or by refusing or failing to prevent assault and batteries from occurring at their police headquarters.

In addition to this claim against the Town of Old Saybrook, the plaintiff alleges, under 42 U.S.C. § 1983, that the individual defendants deprived the plaintiff of the following constitutional rights: (1) Fourth Amendment right to be secure in his person against unreasonable searches and seizures, including freedom from unreasonable physical abuse, coercion and intimidation; (2) Fifth and Fourteenth Amendment due process and equal protection of the law.  Lastly, the plaintiff claims that the Town of Old Saybrook is liable to the plaintiff for the individual defendants' alleged civil rights violations, and bases this claim upon the authority of Conn. Gen. Stat. § 7-465.  The plaintiff further alleges the following pendent state law causes of action: (1) assault and battery against all named defendants; (2) assault and battery against the Town of Old Saybrook, pursuant to Conn. Gen. Stat. § 7-465.

The Defendants expect the plaintiff to offer medical records from Dr. John Goetcheus as an exhibit. The Defendants move to exclude these records because they were never previously disclosed. As such, Defendants had no opportunity to depose this witness or examine these records and are prejudiced as a result.

II. <u>**LAW AND ARGUMENT.**</u>

    A. **PLAINTIFF MUST BE PRECLUDED FROM OFFERING THE RECORDS OF DR. GOETCHEUS AS AN EXHIBIT BECUASE HE FAILED TO DISLCOSE THEM PRIOR TO THE TRIAL MEMORANDUM.**

Federal Rules of Civil Procedure 26 provides in relevant part:

> **(e) Supplementation of Disclosures and Responses.** A party who has made a disclosure under subdivision (a) or responded to a request for discovery with a disclosure or response is under a duty to supplement or correct the disclosure or response to include information thereafter acquired if ordered by the court or in the following circumstances:
>
> **(1)** A party is under a duty to supplement at appropriate intervals its disclosures under subdivision (a) if the party learns that in some material respect the information disclosed is incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing. With respect to testimony of an expert from whom a report is required under subdivision (a)(2)(B) the duty extends both to information contained in the report and to information provided through a deposition of the expert, and any additions or other changes to this information shall be disclosed by the time the party's disclosures under Rule 26(a)(3) are due.
>
> **(2)** A party is under a duty seasonably to amend a prior response to an interrogatory, request for production, or request for admission if the party learns that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

"A party may not free itself of the burden to fully comply with the rules of discovery by attempting to place a heretofore unrecognized duty of repeated requests for information on its adversary. . . . Rather, the federal discovery rules place a duty on a party to turn over not only proper materials of which he is aware, but also those of

3

which he reasonably *ought* to have been aware." Arthur v. Atkinson Freight Lines Corp. 164 F.R.D. 19, *20 (S.D.N.Y. 1995). "The duty [to supplement discovery responses] will normally be enforced, in those limited instances where it is imposed, through sanctions imposed by the trial court, including exclusion of evidence, continuance, or other action, as the court may deem appropriate." Federal Rules of Civil Procedure Rule 26 Advisory committee note)

"Federal Rule of Civil Procedure 37(c)(1) ("Rule 37(c)(1)") provides that [a] party that without substantial justification fails to disclose information required by Rule 26(a) or Rule 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial ... any witness or information not so disclosed. Rule 37(c)(1)'s preclusionary sanction is 'automatic' absent a determination of either 'substantial justification' or 'harmlessness." Design Strategies, Inc. v. Davis, 2005 WL 1026556, *2 (S.D.N.Y.) (S.D.N.Y.,2005) (internal quotation marks and citations omitted) (alteration in original ).

When considering whether to impose Rule 37's exclusion sanction, courts in this Circuit consider (1) the party's explanation for the delay in advancing the new evidence; (2) the importance of the precluded evidence; (3) the prejudice suffered by the opposing party; and (4) the possibility of a continuance.  Point Productions A.G. v. Sony Music Entertainment, Inc., 2004 WL 345551, *9 (S.D.N.Y.) (S.D.N.Y. 2004).

By way of dated November 9, 2001, the Defendants served written interrogatories and requests for production (plaintiff's Response attached hereto as **Exhibit A**) on the Plaintiff requesting that the plaintiff:

4

**State the names and addresses of each physician, therapist, psychologist, psychiatrist, or other source of treatment for the conditions or injuries you sustained as a result of the incident alleged in your Complaint.**

And that the Plaintiff produce:

**All reports of all doctors and all other care providers relating to treatment allegedly received by the plaintiff as a result of the alleged incident, and to the injuries, diseases or defects to which reference is made in the answers to the preceding interrogatories exclusive of any records prepared or maintained by a licensed psychiatrist or psychologist) and written authorization to inspect and make copies of said reports.**

      The Plaintiff failed to name Dr. Grotcheus as a medical provider and has failed to produce any medical records from Dr. Grotcheus.  Plaintiff first disclosed Dr. Grotcheus as a witness he intends to call at trial in his trial memorandum dated May 18, 2005.  To date, Plaintiff has not produced medical records from Dr. Grotcheus for examination by the Defendants.  Defendant's have been prejudiced as a result because they have been deprived of the opportunity to depose Dr. Goetcheus and Karl Hogfeldt regarding Hogfeldt's treatment with Dr. Goetcheus and of the opportunity to retain an expert to address the doctor's treatment of the plaintiff and any opinions he may hold regarding the Plaintiff's injuries.  This is a clearly an example of impermissible trial by ambush.  As such, testimony and records from this physician should not be admitted into evidence.

### III. **CONCLUSION.**

For the reasons stated above, the defendants pray that their motion in limine is granted.

        THE DEFENDANTS,
OLD SAYBROOK POLICE DEPARTMENT, SERGEANT DONALD HULL, PATROLMAN DAVID PERROTTI, PATROLMAN CHRIS DEMARCO, PATROLMAN JAY RANKIN AND THE TOWN OF OLD SAYBROOK


\_\_\_\_/s/ John J. Radshaw, III\_\_\_\_
John J. Radshaw, III, ct 19882
HOWD & LUDORF, LLC
65 Wethersfield Avenue
Hartford, CT  06114
(860) 249-1361
(860) 249-7665 (fax)

## **CERTIFICATION**

  This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail to the following counsel of record this 13th day of September 2005.

Bruce E. Newman, Esquire
Newman, Creed & Associates
99 North Street, Route 6
P.O. Box 575
Bristol, CT 06011

A. Paul Spinella, Esquire
Spinella & Associates
One Lewis Street
Hartford, CT  06103

              _____/s/ John J. Radshaw, III____
              John J. Radshaw, III