UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KARL HOGFELDT | : | NO.: 3:01CV1979 (WWE) |
| | : | |
| v. | : | |
| | : | |
| OLD SAYBROOK POLICE DEPARTMENT; | : | |
| ET AL | : | SEPTEMBER 16, 2005 |

### DEFENDANTS' MOTION TO BIFURCATE
### INDIVIDUAL AND MUNICIPAL LIABILITY CLAIMS

Pursuant to Fed.R.Civ.P. 42(b) and D.Conn.L.R. 7 and 42, the defendants, OLD SAYBROOK POLICE DEPARTMENT, SERGEANT DONALD HULL, PATROLMAN DAVID PERROTTI, PATROLMAN CHRIS DEMARCO, PATROLMAN JAY RANKIN and THE TOWN OF OLD SAYBROOK, hereby move the Court for an order bifurcating the trials of these matters, separating the individual and municipal liability claims and only reaching a trial of the municipal liability claims if and only if the jury finds liability on the part of the individual defendants.

In support of this motion, the defendants submit that the interests of justice, avoidance of prejudice and concerns of efficiency require bifurcation of the evidence against the defendant officers from any trial of the Town of Old Saybrook. Therefore, the defendants submit that their Motion for Bifurcation should be granted and the court should proceed first with plaintiff's claims against the individual defendants. If the individual defendant officers are found to have violated the constitutional rights of the plaintiff, the Court should proceed then with the Monell claims against the Town. See

Amato v. City of Saratoga Springs, 972 F. Supp. 120, 124 (N.D.N.Y. 1997); *accord*, Amato v. City of Saratoga Springs N.Y., 170 F.3d 311, 316 (CA2 1999).

Otherwise and in the absence of a constitutional violation, this ends the inquiry. *See* City of Los Angeles v. Heller, 475 U.S. 796, 799, 106 S.Ct. 1571, 1573, 89 L.Ed.2d 806 (1986); Pitchell v. Callan, 13 F.3d 545, 549 (2d Cir. 1994). Thus, a no-cause verdict against the individual defendant would obviate the necessity of a trial on plaintiff's Monell claim. Amato v. City of Saratoga Springs, 972 F. Supp. 120, 124 (N.D.N.Y. 1997).

If this motion is granted, the defendants further request the court to amend the pre-trial order to address these issues to ensure a clear presentation of the separate issues as to each trial.

WHEREFORE, the defendants pray their Motion to Bifurcate is granted.

>THE DEFENDANTS,
>OLD SAYBROOK POLICE DEPARTMENT, SERGEANT DONALD HULL, PATROLMAN DAVID PERROTTI, PATROLMAN CHRIS DEMARCO, PATROLMAN JAY RANKIN and THE TOWN OF OLD SAYBROOK
>
>/s/John J. Radshaw, III
>Thomas R. Gerarde, ct05640
>John J. Radshaw, III, ct19882
>HOWD & LUDORF
>65 Wethersfield Avenue
>Hartford, CT  06114
>(860) 249-1361
>(860) 249-7665 (fax)

- 3 -

## **C E R T I F I C A T I O N**

       This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail to the following counsel of record this 16th day of September 2005.

Bruce E. Newman, Esquire
Newman, Creed & Associates
99 North Street, Route 6
P.O. Box 575
Bristol, CT 06011

A. Paul Spinella, Esquire
Spinella & Associates
One Lewis Street
Hartford, CT  06103

                                        /s/John J. Radshaw,III
                                        Thomas R. Gerarde
                                        John J. Radshaw, III