**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| KARL HOGFELDT | : NO.: 3:01CV1979 (WWE) |
| | : |
| v. | : |
| | : |
| OLD SAYBROOK POLICE DEPARTMENT; | : |
| ET AL | : SEPTEMBER 16, 2005 |

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO BIFURCATE INDIVIDUAL AND MUNICIPAL LIABILITY CLAIMS

**I.   BACKGROUND.**

The present case is set for jury selection and trial commencing on October 24, 2005. In advance of trial, the defendants have submitted various motions in limine to narrow and focus the issues for trial. In an effort to further streamline the presentation, enhance efficiency and avoid prejudice, the defendants have filed a motion to bifurcate the municipal liability claims from those claims asserted against the individual defendants. In order to address that motion, some factual background is appropriate to place the defendants' arguments in context.

The essential controversy in this case is whether Karl Hogfeldt was assaulted by Sgt. Hull in an interview room at Old Saybrook Police Headquarters on the evening of October 21, 1999 or in the early morning hours of October 22, 1999.

On October 21, 1999, at approximately 11:00 p.m., Old Saybrook Police Sergeant Donald Hull began his patrol shift in the Town of Old Saybrook. At approximately 12:30 a.m. on October 22, 1999, Sergeant Hull made a stop of a vehicle operated by the plaintiff, Karl Hogfeldt, after witnessing the vehicle's erratic operation and excessive speed. After stopping the vehicle and upon approaching the same,

Sergeant Hull noted a strong smell of alcohol emanating from Mr. Hogfeldt's person. Mr. Hogfeldt refused to perform field sobriety tests. Officer Rankin arrived shortly after the stop to back-up Sergeant Hull. Officer Rankin observed Hogfeldt attempting field sobriety tests administered by Sergeant Hull. Sergeant Hull placed Mr. Hogfeldt under arrest for driving under the influence. Mr. Hogfeldt was then brought to the Old Saybrook Police Department. The evidence will show that Officer Rankin did not return to OSPD HQ until long after Hogfeldt was released from custody.

While at the Old Saybrook Police Department, Mr. Hogfeldt physically resisted and was uncooperative during the search of his person, which prompted Sergeant Hull to grab and hold Mr. Hogfeldt's left arm. Mr. Hogfeldt pulled away from Sergeant Hull and struck his face against the wall of the interview room, which was approximately 18 inches from his left side.

As a result of the incident, the plaintiff has brought the following action against the defendants. The plaintiff's four-count Complaint contains the following federal and state law causes of action. In the first count, the plaintiff has alleged that a violation of his constitutional rights were caused by the implementation of a custom, policy or act of the Town of Old Saybrook by refusing or failing to screen, train, supervise and discipline police officers adequately, or by refusing or failing to prevent assault and batteries from occurring at their police headquarters.

In addition to this claim against the Town of Old Saybrook, the plaintiff alleges, under 42 U.S.C. § 1983, that the individual defendants deprived the plaintiff of the following constitutional rights: (1) Fourth Amendment right to be secure in his person against unreasonable searches and seizures, including freedom from unreasonable

2

physical abuse, coercion and intimidation; (2) Fifth and Fourteenth Amendment due process and equal protection of the law.  Lastly, the plaintiff claims that the Town of Old Saybrook is liable to the plaintiff for the individual defendants' alleged civil rights violations, and bases this claim upon the authority of Conn. Gen. Stat. § 7-465.  The plaintiff further alleges the following pendent state law causes of action: (1) assault and battery against all named defendants; (2) assault and battery against the Town of Old Saybrook, pursuant to Conn. Gen. Stat. § 7-465.

Focusing on the claims based on Monell v. Dept. of Soc. Servs., 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), the plaintiff no evidence on this issue. Indeed, his own expert has no opinion on this subject.  *See* Deposition of Mr. Lou Reiter, pp. 49:11-18, 50:23-5, 51:1-8 (**Exhibit A**). On this basis, judgment should enter in favor of the municipal defendants as matter of law. Otherwise, the court risks jury confusion. This lawsuit is a question of what happened in the interview room between Sgt. Hull and Hogfeldt. The evidence will show Officer Rankin was not present at OSPD HQ at the time of the alleged incident. The evidence will show Officers Demarco and Perrotti had no involvement.

Accordingly, the defendants move the court to bifurcate the municipal liability claims from those against the individual defendants.

## II.     LAW AND ARGUMENT.

### A.     STANDARD OF REVIEW.

Fed.R.Civ.P. 42(b) affords a trial court the discretion to order separate trials where such an order will further convenience, avoid prejudice, or promote efficiency.

3

*See* Fed.R.Civ.P. 42(b). The District Court has broad discretion to order bifurcation to promote convenience, avoid prejudice to defendants, or to promote efficiency. Ricciuti v. New York City Transit Auth., 796 F. Supp. 84, 86 (S.D.N.Y. 1992); Amato v. City of Saratoga Springs, 170 F.3d 311, 316, 320-1 (CA2 1999). However, "[t]hese factors do not represent a rigid test for determining whether separate trials are necessary; to the contrary, the court could order bifurcation upon a showing of merely one of these factors." Carson v. City of Syracuse, 1993 WL 260676 at *2 (N.D.N Y 1993) (*McCurn, J.*), *citing* Ricciuti v. New York City Transit Auth., 796 F. Supp. 84, 86 (S.D.N.Y. 1992)

The very nature of claims based on Monell v. Dept. of Soc. Servs., 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) and brought through 42 U.S.C. §1983 lend themselves to bifurcation as in order to trigger Monell liability, plaintiffs must show that their injuries rise to the level of a "constitutional tort." Id. at 691, 98 S.Ct. at 2036. If there is no constitutional violation in the first instance, there cannot be liability on the part of the municipality. *See* City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986). Monell, therefore creates an order of proof that favors bifurcation. Amato v. City of Saratoga Springs, 170 F.3d 311, 316, 320-1 (CA2 1999).

> **B.   THE DISTRICT COURT SHOULD ORDER THE TRIALS OF THE INDIVIDUAL DEFENDANTS BIFURCATED FROM THE TRIAL AGAINST THE TOWN OF OLD SAYBROOK SO THAT THE TRIAL OF THE PLAINTIFF'S CLAIMS AGAINST THE TOWN ARE REACHED IF AND ONLY IF A CONSTITUTIONAL VIOLATION IS FOUND ON THE PART OF THE DEFENDANT OFFICERS.**

Fed.R.Civ.P. 42(b) grants the District Court broad discretion to order bifurcation to promote convenience, avoid prejudice to defendants, or to promote efficiency. Ricciuti v. New York City Transit Auth., 796 F. Supp. 84, 86 (S.D.N.Y. 1992). While

4

"[t]hese factors do not represent a rigid test for determining whether separate trials are necessary; to the contrary, the court could order bifurcation upon a showing of merely one of these factors." Carson v. City of Syracuse, 1993 WL 260676 at *2 (N.D.N Y 1993) (*McCurn, J.*), citing Ricciuti v. New York City Transit Auth., 796 F. Supp. 84, 86 (S.D.N.Y. 1992).  Nevertheless, the defendants submit that reasons exist in the present case to order bifurcation under all three elements identified in Fed.R.Civ.P. 42(b).

In Amato v. City of Saratoga Springs N.Y., 170 F.3d 311 (CA2 1999), the Court of Appeals for the Second Circuit affirmed the district court's decision to bifurcate the trial so that evidence on the issue of police officers accused of excessive force would be tried first and if the jury found liability on the part of either officers trial against the municipality would immediately commence with the same jury. Id. at 316.  The Court of Appeals concluded that the use of Rule 42(b) of the Federal Rules of Civil Procedure to order separate trials where such an order will further convenience, avoid prejudice, or promote efficiency was appropriate, especially where the litigation of the first issue might eliminate the need to litigate the second issue, or where one party will be prejudiced by evidence presented against another party. Id.

The Court of Appeals agreed both elements were present in Amato.  The Court of Appeals affirmed the district court's decision that a trial against the municipal defendants would prove unnecessary if the jury found no liability against Amato defendants. Amato, 170 F.3d at 316.  In that manner, the Court of Appeals held bifurcation would further the goal of efficiency. Id.  Additionally, the Court of Appeals agreed that the plaintiff intention to introduce evidence in support of his claim against the municipality that would likely be either inadmissible as against individual Amato

5

defendants, or prejudicial to those individual defendants would be another basis for bifurcation. Id.

The Court of Appeals also stated the holding Amato was:

> informed by the fact that the frequent bifurcation of proceedings where a plaintiff has initiated a §1983 action against individual officials and municipal entities. Section 1983 actions are particularly well suited for bifurcation because the evidence needed to show a "policy and custom" on behalf of the municipal entity is often unnecessary in the suit against the individual official. Furthermore, if a plaintiff fails to show that a constitutional violation occurred in the suit against the individual official, the corresponding cause of action against the municipality will be mooted since a claim of negligent training is only actionable where some constitutional violation actually occurred. *See* City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986). For these reasons, trial courts will, with some frequency, exercise their discretion pursuant to Rule 42(b) of the Federal Rules of Civil Procedure and sever the proceedings.

Amato v. City of Saratoga Springs N.Y., 170 F.3d 311, 320 (CA2 1999).

The same issues are presented in this civil action.

### 1.  *The Trial Should Be Bifurcated For The Convenience Of The Litigants, Counsel, The Jury And The Court.*

Separation of the two claims would eliminate witnesses and limit the areas for testimony. The separation of the trials would eliminate the need to call the Chief of Police and training officers. Bifurcation would be also convenient for the litigants, counsel, the jury and the Court. As to the litigants, this presentation of evidence would separate the issues in a more digestible form for presentation by counsel and consideration by the jury. Elimination of witnesses would lessen the burden on both the jury and the Court. Moreover, it is more convenient for the litigants and the court not to have to hear evidence on this claim when plaintiff's expert on police practices admits have no opinion on the subject. *See* **Exhibit A.**

### 2.   *The Trial Should Be Bifurcated To Avoid Prejudice To Sgt. Hull and Officers Perrotti, DeMarco and Rankin.*

The plaintiff's lawsuit makes serious allegations that Sgt. Hull intentionally beat Hogfeldt out of malice. This is a serious allegation against a public official, a law enforcement officer. In addition to concerns of convenience, the trials should be bifurcated to avoid prejudice to Sgt. Hull. With the Town as a co-defendant, Sgt. Hull would be prejudiced if evidence about the night in question and the plaintiff's claims as to the policies of the Town were mixed. The confluence of such evidence could cloud jury's judgment between defendants. Berkovich v. Hicks, 922 F.2d 1018, 1022 (2d Cir. 1991) (bifurcation favored as evidence against one defendants could not be admitted without compromising rights of co-defendants); Ismail v. Cohen, 706 F.Supp. 243 (S.D.N.Y. 1989) (bifurcating Monell claim where evidence admissible on issue of one defendant's liability may prejudice other defendant); Aetna Life and Casualty Co., 60 F.R.D. 101 (N.D. Ill. 1973) (prejudice may occur when evidence is admissible only on a certain issue). The jury may be tempted to hold the Town's failure to adopt an appropriate policy against Sgt. Hull and the other officers. In Ismail v. Cohen, for example, the court found that:

> There is a danger that evidence admissible on the issues relating to the conduct by the City or [the officer] will "contaminate" the mind of the finder of fact in its consideration of the liability of the other defendants. . . . if the jury determines that [one defendant] is culpable this might unfairly influence it determination whether the City had a *de facto* policy leading to discriminatory treatment.

706 F.Supp at 251

If there is no constitutional violation in the first instance, there cannot be liability on the part of the municipality. *See* City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986). Monell, therefore creates an order of proof that favors bifurcation. Amato v. City of Saratoga Springs, 170 F.3d 311, 316, 320-1 (CA2 1999).

Additionally, bifurcation would reduce the likelihood that plaintiff's expert, after being deposed in advance of trial and having no opinions on municipal liability, suddenly development previously unarticulated and undisclosed opinions on that subject. *See* **Exhibit A**. Such new opinions would work to prejudice the defendants. Accordingly, bifurcation is proper in this instance.

### 3. *Bifurcation Of The Trial Will Result In Greater Judicial Efficiency.*

Undoubtedly, the interests of justice favor a shorter trial. Given the separate evidence about official policies and procedures, pervasive practices that have the effect of policy and the training provided to Old Saybrook police officers, concerns of efficiency additionally militate in favor of bifurcation. It is well-settled that a Monell claim lies against a municipality only where there is a finding of a constitutional violation by one of its officers. *See* City of Los Angeles v. Heller, 475 U.S. 796, 799, 106 S.Ct. 1571, 1573, 89 L.Ed.2d 806 (1986); Pitchell v. Callan, 13 F.3d 545, 549 (CA2 1994). Thus, a no-cause verdict against the individual defendants would obviate the necessity of a trial on plaintiff's Monell claim. Amato v. City of Saratoga Springs, 972 F. Supp. 120, 124 (N.D.N.Y. 1997).

Practically speaking, there is a strong likelihood that a second trial on Monell issues will never be necessary. If there is no constitutional violation by Sgt. Hull or the other officers, there can be no Monell liability as a matter of law. City of Los Angeles v. Heller, 475 U.S. 796, 799, 106 S.Ct. 1571, 1573, 89 L.Ed.2d 806 (1986); Pitchell v. Callan, 13 F.3d 545, 549 (2d Cir. 1994). If Sgt. Hull is found to have violated Hogfeldt's constitutional rights and the he is not entitled to qualified immunity, Hogfeldt will

8

received full damages, making a second trial superfluous.[1] The defendants submit that their Motion for Bifurcation should be granted and that trial will proceed first with plaintiff's claims against the individual officers. If liability is found against any of the individual officers, the Court will proceed with the <u>Monell</u> claims against the Town. In the interests of economy and efficiency, it is appropriate that the trials should proceed "back-to-back" with the same jury. <u>Amato v. City of Saratoga Springs</u>, 972 F. Supp. 120, 124 (N.D.N.Y. 1997); *accord*, <u>Amato v. City of Saratoga Springs N.Y.</u>, 170 F.3d 311, 316 (CA2 1999).

If this motion is granted, the defendants also submit that the court should require that the parties to submit a joint trial memorandum for each trial or to enter orders as to the preparation of a single joint trial memorandum that adequately and clearly separates the issues as to each trial.

### III.    CONCLUSION.

WHEREFORE, the defendants pray their Motion to Bifurcate is granted.

---

[1] It is undisputed that the plaintiff would never have the opportunity for punitive or exemplary damages against a municipality. Thus, the plaintiff's full recovery against the defendant police officers would represent a comprehensive measure of damages. The only scenario necessitating a second trial is if a constitutional violation is found but if the defendant offers are given qualified immunity.

RESPECTFULLY SUBMITTED,

THE DEFENDANTS,
OLD SAYBROOK POLICE DEPARTMENT, SERGEANT DONALD HULL, PATROLMAN DAVID PERROTTI, PATROLMAN CHRIS DEMARCO, PATROLMAN JAY RANKIN and THE TOWN OF OLD SAYBROOK

<u>/s/John J. Radshaw, III</u>
Thomas R. Gerarde, ct05640
John J. Radshaw, III, ct19882
HOWD & LUDORF
65 Wethersfield Avenue
Hartford, CT  06114
(860) 249-1361
(860) 249-7665 (fax)

10

## **C E R T I F I C A T I O N**

    This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail to the following counsel of record this 16th day of September 2005.

Bruce E. Newman, Esquire  
Newman, Creed & Associates  
99 North Street, Route 6  
P.O. Box 575  
Bristol, CT 06011

A. Paul Spinella, Esquire  
Spinella & Associates  
One Lewis Street  
Hartford, CT  06103

                                                                /s/John J. Radshaw, III  
                                                                Thomas R. Gerarde  
                                                                John J. Radshaw, III