```
                                                         1

 1              UNITED STATES DISTRICT COURT

 2                 DISTRICT OF CONNECTICUT

 3   KARL HOGFELDT              NO.: 3:01CV1979(WWE)

 4   VS

 5   OLD SAYBROOK POLICE

 6   DEPARTMENT, ET AL          February 23, 2005

 7

 8              DEPOSITION OF LOU REITER

 9

10   APPEARANCES:

11          SPINELLA & ASSOCIATES
                Attorneys for the Plaintiff
12              One Lewis Street
                Hartford, Connecticut 06103
13        BY:   A. PAUL SPINELLA, ESQ.

14          HOWD & LUDORF
                Attorneys for the Defendants
15              65 Wethersfield Avenue
                Hartford, Connecticut 06114
16        BY:   JOHN J. RADSHAW, III, ESQ.

17

18

19

20

21

22              DONALD E. HUBBARD, LSR #00007
                REGISTERED PROFESSIONAL REPORTER
23

24

25

     NIZIANKIEWICZ & MILLER REPORTING SERVICES (860)291-9191
```

EXHIBIT A

49

1    A    I think that's the totality of it, and the
2 failure to do those things that were reasonable to
3 protect the officers and the city could be also
4 interpreted as a form of a coverup not to create
5 documentation that would support whether Sergeant Hull
6 used unreasonable force.
7    Q    But the ultimate question is whether or not
8 the force was reasonable; is that right?
9    A    Sure. I think that's the basic threshold.
10    Q    And while these items may be probative of
11 what went on -- withdraw that. Do you believe that the
12 plaintiff has alleged a Complaint, or excuse me, alleged
13 a claim based on Monell versus Department of Social
14 Services in his Complaint?
15    A    I think the original Complaint laid out those
16 issues. I really didn't form any opinion on those
17 issues and I think they were training, supervision,
18 hiring and selection and custom and practice.
19             MR. RADSHAW: Would you mark this as
20 the next exhibit.
21             (A recess was taken from 2:48 to 2:58
22 p.m.)
23             (Defendants' Exhibit 8 marked for
24 identification and described in the index.)
25 BY MR. RADSHAW:

50

1  Q  Mr. Reiter, I showed you a document marked as
2  Defendants' Exhibit 8. Have you seen that document
3  before?
4  A  Yes.
5  Q  And you reviewed that document in the context
6  of forming your opinions in this case; is that right?
7  A  I did.
8  Q  Okay. And can you show me in that Complaint
9  where it alleges that the Town of Old Saybrook failed to
10 train or supervise the defendant officers?
11 A  In the Complaint where it says that?
12 Q  Right.
13 A  This is -- okay. I have to look back. I
14 don't think this is the Complaint I have (indicating).
15 Q  Okay.
16 A  But this one, the only area you would look
17 toward is Count 1, paragraph 10, which talks about a
18 violation of civil rights which were caused by the
19 implementation of a custom and policy or act of the Town
20 of Old Saybrook by:  A, screening, training,
21 supervision, discipline; and, B, failure to prevent
22 assault and batteries.
23 Q  But you can't point to a specific policy
24 because you haven't formed any opinions on that?
25 A  Correct. And I haven't seen their policies.

1   I have no opinions.
2   Q   And you can't point to any custom that has
3   risen to the force of a policy, can you?
4   A   I have no opinions on that.
5   Q   Okay.  And you have no opinions on the
6   training of Officers DeMarco, Rankin and Perrotti and
7   Sergeant Hull, do you?
8   A   That's correct, I don't.
9   Q   And you have no opinion as to the propriety
10  of their supervision, do you?
11  A   Other than what we've talked about, no.
12  Q   Okay.  Now, do you have any opinions as to
13  whether any other constitutional right of Mr. Hogfeldt's
14  was violated by any of the individual defendants, other
15  than the Fourth Amendment in the context of the alleged
16  use of unreasonable force?
17          MR. SPINELLA:  I have an objection to
18  that, but you can answer.  It is really calling for
19  speculation.  He's not a lawyer here.
20  A   Not as I sit here today.  I mean, some,
21  possibly in the 14th Amendment equal protection and due
22  process, but I don't have any opinions on that.
23  BY MR. RADSHAW:
24  Q   But you're not claiming that the officers
25  denied Hogfeldt his -- denied Hogfeldt medical care

62

STATE OF CONNECTICUT    :    ss.
COUNTY OF HARTFORD      :

I, Donald E. Hubbard, a Notary Public for the State of Connecticut, do hereby certify that the deposition of LOU REITER, a witness, was taken before me pursuant to the Federal Rules of Civil Procedure, at the Law Offices of Howd & Ludorf, 65 Wethersfield Avenue, Hartford, Connecticut, commencing at 1:24 p.m., on February 23, 2005.

I further certify that the witness was first sworn by me to tell the truth, the whole truth, and nothing but the truth, and was examined by counsel, and his testimony stenographically recorded by me and subsequently transcribed as here before appears.

I further certify that I am not related to the parties hereto or their counsel, and that I am not in any way interested in the event of said cause.

Dated at Farmington, Connecticut, this 4th day of March, 2005.

*[signature]*
Notary Public

My commission expires June 30, 2009.